**IN THE UNITED STATES DISTRUCT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| Chief Petty Officer JOHN FISCHER and | * |
| ASHLEY FISCHER | * |
| | * |
| Chief Warrant Officer JORGE ROMAN | * |
| and RAVEN ROMAN | * |
| | * |
| JOHN LANE and CASSANDRA LANE | * |
| | * |
| Plaintiffs | * |
| | * |
| v. | *    Case No. 1:22-cv-00286 |
| | * |
| BELVOIR LAND, LLC, et al. | * |
| | * |
| Defendants | * |

**DEFENDANTS, MICHAELS MANAGEMENT SERVICES, LLC AND FORT BELVOIR
RESIDENTIAL COMMUNITIES LLC'S, ANSWER TO CLASS ACTION COMPLAINT**

Defendants, Michaels Management Services, LLC (MMS) and Fort Belvoir Residential

Communities L.L.C. (FBRC) (hereinafter, collectively, the "Defendants"), by and through their

attorneys, hereby file this Answer to the Complaint, and state as follows:

1.    Paragraph 1 is a subjective recitation of what Plaintiffs contend their case is about.

To the extent Paragraph 1 includes factual allegations against MMS and FBRC, Defendants deny

Paragraph 1.

2.    Paragraph 2 is a subjective recitation of Plaintiffs' claims. To the extent Paragraph

2 includes factual allegations against MMS and FBRC, Defendants deny Paragraph 2.

3.    Defendants admit the allegations in Paragraph 3.

4.    Defendants admit that Paragraph 4 quotes accurately from a Department of Defense

website.

5.    Defendants deny the allegations in Paragraph 5.

6.     Paragraph 6 does not concern Defendants; therefore, it does not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 6.

7.     Defendants deny the allegations in Paragraph 7.

8.     Defendants deny the allegations in Paragraph 8 and that Plaintiffs are entitled to the relief requested.

9.     Defendants deny the allegations in Paragraph 9.

10.     Defendants deny the allegations in Paragraph 10.

11.     Defendants deny the allegations in Paragraph 11.

12.     Defendants deny the allegations in Paragraph 12.

13.     Defendants admit Paragraph 13 with respect to the military housing the Fischers resided in at Fort Belvoir. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 13, the legal effect of which is to deny them and demand strict proof thereof.

14.     Defendants admit Paragraph 14.

15.     Upon information and belief, Defendants admit Paragraph 15.

16.     Defendants admit Paragraph 16 with respect to the military housing the Romans resided in at Fort Belvoir. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 16, the legal effect of which is to deny them and demand strict proof thereof.

17.     Defendants admit Paragraph 17.

18.     Upon information and belief, Defendants admit Paragraph 18.

19.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 19, the legal effect of which is to deny the allegations and demand strict proof thereof.

20.     Defendants admit Paragraph 20.

21.     Upon information and belief, Defendants admit Paragraph 21.

22.     Defendants deny that FBRC's address is the one stated in Paragraph 22. Defendants admit the remaining allegations in Paragraph 22.

23.     Defendants deny the allegations in Paragraph 23.

24.     Upon information and belief, Defendants admit the allegations in Paragraph 24.

25.     Defendants deny the allegations in Paragraph 25.

26.     Defendants admit the allegations in Paragraph 26.

27.     Defendants deny the allegations in Paragraph 27.

28.     Paragraph 28 seeks to characterize the Villages at Belvoir website, which speaks for itself and therefore, Paragraph 28 does not require a response.

29.     Defendants admit the allegations in Paragraph 29.

30.     Defendants deny that Ron Hansen is the president of TMO or MMS. Defendants admit the remaining allegations in Paragraph 30.

31.     Defendants deny the allegations in Paragraph 31.

32.     Paragraph 32 states a legal conclusion, and therefore does not require a response. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 32 and demand strict proof thereof.

## JURISDICTION AND VENUE

33.     Paragraph 33 is a statement of jurisdiction and does not require a response.

34.     Paragraph 34 is a statement of jurisdiction and does not require a response.

35.     Paragraph 35 is a statement of venue and does not require a response.

## FACTS COMMON TO ALL COUNTS

### Plaintiffs John and Ashley Fischer

36.     Defendants admit Paragraph 36 with respect to the military housing the Fischers resided in at Fort Belvoir. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 36, the legal effect of which is to deny them and demand strict proof thereof.

37.     Defendants admit the allegations in Paragraph 37.

38.     Defendants admit that Ashley Fischer is Officer Fischer's wife. The Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 38, the legal effect of which is to deny them and demand strict proof thereof.

39.     Defendants lack sufficient information to admit or deny Paragraph 39, the legal effect of which is to deny the allegations and demand strict proof thereof.

40.     Defendants admit the allegations in Paragraph 40.

41.     Defendants lack sufficient information to admit or deny Paragraph 41, the legal effect of which is to deny the allegations and demand strict proof thereof.

42.     Defendants lack sufficient information to admit or deny Paragraph 42, the legal effect of which is to deny the allegations and demand strict proof thereof.

43.     Regarding Paragraph 43, Defendants admit the Fischers reported a complaint regarding their linoleum and that it was fixed. Defendants lack sufficient information to admit or deny the allegation regarding a rock on the floor, the legal effect of which is to deny that allegation and demand strict proof thereof.

44.     Defendants deny the allegations in Paragraph 44.

45.    Defendants object to Paragraph 45 to the extent it requires expert analysis and opinion. To the extent further response is deemed necessary, Defendants deny the allegations in Paragraph 45.

46.    Upon information and belief, Defendants admit that work orders were placed on the dates identified in Paragraph 46.

47.    Defendants deny the allegations in Paragraph 47.

48.    Defendants deny the allegations in Paragraph 48.

49.    Defendants lack sufficient information to admit or deny Paragraph 49, the legal effect of which is to deny the allegations and demand strict proof thereof.

50.    Defendants deny the allegations in Paragraph 50.

51.    Defendants lack sufficient information to admit or deny Paragraph 51, the legal effect of which is to deny the allegations and demand strict proof thereof.

52.    Defendants lack sufficient information to admit or deny Paragraph 52, the legal effect of which is to deny the allegations and demand strict proof thereof.

53.    Defendants lack sufficient information to admit or deny Paragraph 53, the legal effect of which is to deny the allegations and demand strict proof thereof.

54.    Defendants lack sufficient information to admit or deny Paragraph 54, the legal effect of which is to deny the allegations and demand strict proof thereof.

55.    Defendants lack sufficient information to admit or deny Paragraph 55, the legal effect of which is to deny the allegations and demand strict proof thereof.

56.    Defendants lack sufficient information to admit or deny Paragraph 56, the legal effect of which is to deny the allegations and demand strict proof thereof.

57.     Defendants lack sufficient information to admit or deny Paragraph 57, the legal effect of which is to deny the allegations and demand strict proof thereof.

58.     Defendants deny the allegations in Paragraph 58.

59.     Defendants admit that the Fischers moved to 9225 Soldier Road in August 2019 and deny the remainder of Paragraph 59.

60.     The Defendants lack sufficient information to admit or deny the allegations in Paragraph 60 but deny any inference or allegation that the Fischer's son developed a brain tumor as a result of living at Fort Belvoir and/or that the tumor became malignant because of living at Fort Belvoir, and demand strict proof thereof.

61.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 61 but deny any inference or allegation that Ashley Fischer had migraines as a result of living at Fort Belvoir, and demand strict proof thereof.

**Stimson Road Home Shown to Fischers**

62.     Defendants deny the allegations in Paragraph 62.

63.     Defendants admit the allegations in Paragraph 63.

64.     Defendants admit the allegations in Paragraph 64.

65.     Defendants lack sufficient information to admit or deny Paragraph 65, the legal effect of which is to deny the allegations and demand strict proof thereof.

66.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 66, the legal effect of which is to deny the allegations and demand strict proof thereof.

67.     Defendants admit the allegations in Paragraph 67.

**9225 Soldier Road Home**

68.     Defendants admit the allegations in Paragraph 68.

69.     Defendants lack sufficient information to admit or deny Paragraph 69, the legal effect of which is to deny the allegations and demand strict proof thereof.

70.     Defendants deny the allegations in Paragraph 70.

71.     Defendants admit the allegations in Paragraph 71.

72.     Defendants deny the allegations in Paragraph 72.

73.     Defendants lack sufficient information to admit or deny Paragraph 73, the legal effect of which is to deny the allegations and demand strict proof thereof.

74.     Defendants admit the HVAC unit was replaced and deny the remaining allegations in Paragraph 74.

75.     Defendants lack sufficient information to admit or deny Paragraph 75, the legal effect of which is to deny the allegations and demand strict proof thereof.

76.     Defendants lack sufficient information to admit or deny Paragraph 76, the legal effect of which is to deny the allegations and demand strict proof thereof.

**Plaintiffs Jorge and Raven Roman**

77.     Defendants admit Paragraph 77 with respect to the military housing the Romans resided in at Fort Belvoir. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 77, the legal effect of which is to deny them and demand strict proof thereof.

78.     Defendants admit the allegations in Paragraph 78.

79.     Upon information and belief, Defendants admit Paragraph 79.

80.     Defendants lack sufficient information to admit or deny Paragraph 80, the legal effect of which is to deny the allegations and demand strict proof thereof.

81.     Defendants lack sufficient information to admit or deny Paragraph 81, the legal effect of which is to deny the allegations and demand strict proof thereof.

82.     Defendants lack sufficient information to admit or deny Paragraph 82, the legal effect of which is to deny the allegations and demand strict proof thereof.

83.     Defendants lack sufficient information to admit or deny Paragraph 83, the legal effect of which is to deny the allegations and demand strict proof thereof.

**5200 Stable Court**

84.     Defendants admit the allegations in Paragraph 84.

85.     Defendants deny the allegations in Paragraph 85.

86.     Defendants deny the allegations in Paragraph 86.

87.     Defendants deny the allegations in Paragraph 87.

88.     Defendants admit that the Romans reported an insect issue on May 18, 2018 and it was addressed fully. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 88, the legal effect of which is to deny them and demand strict proof thereof.

89.     Defendants deny the allegations in Paragraph 89.

90.     Defendants lack sufficient information to admit or deny Paragraph 90, the legal effect of which is to deny the allegations and demand strict proof thereof.

91.     Defendants lack sufficient information to admit or deny Paragraph 91, the legal effect of which is to deny the allegations and demand strict proof thereof.

92.     Defendants deny the allegations in Paragraph 92.

93.     Defendants lack sufficient information to admit or deny Paragraph 93, the legal effect of which is to deny the allegations and demand strict proof thereof.

94.     Defendants lack sufficient information to admit or deny Paragraph 94, the legal effect of which is to deny the allegations and demand strict proof thereof.

95.     Defendants lack sufficient information to admit or deny Paragraph 95, the legal effect of which is to deny the allegations and demand strict proof thereof.

96.     Defendants lack sufficient information to admit or deny Paragraph 96, the legal effect of which is to deny the allegations and demand strict proof thereof.

97.     Defendants lack sufficient information to admit or deny Paragraph 97, the legal effect of which is to deny the allegations and demand strict proof thereof.

98.     Defendants deny the allegations in Paragraph 98.

99.     Defendants lack sufficient information to admit or deny Paragraph 99, the legal effect of which is to deny the allegations and demand strict proof thereof.

100.     Defendants lack sufficient information to admit or deny Paragraph 100, the legal effect of which is to deny the allegations and demand strict proof thereof.

101.     Defendants lack sufficient information to admit or deny Paragraph 101, the legal effect of which is to deny the allegations and demand strict proof thereof.

102.     Defendants admit a work order was created on June 14, 2018, as alleged in Paragraph 102.

103.     Defendants deny the allegations in Paragraph 103.

104.     Defendants deny the allegations in Paragraph 104.

105.     Defendants lack sufficient information to admit or deny Paragraph 105, the legal effect of which is to deny the allegations and demand strict proof thereof.

106.     Defendants lack sufficient information deny Paragraph 106, the legal effect of which is to deny the allegations and demand strict proof thereof.

107.    Defendants object to Paragraph 107 to the extent it requires expert analysis and opinion. To the extent that further response is deemed necessary, Defendants deny the allegations in Paragraph 107.

108.    Defendants admit that the Romans made many requests regarding issues, as alleged in Paragraph 108.

109.    Defendants lack sufficient information to admit or deny Paragraph 109, the legal effect of which is to deny the allegations and demand strict proof thereof.

110.    Defendants lack sufficient information to admit or deny Paragraph 110, the legal effect of which is to deny the allegations and demand strict proof thereof.

111.    Defendants deny the allegations in Paragraph 111 with the exception of the fact that children lived in the home, which is admitted.

112.    Defendants admit the allegations in Paragraph 112.

113.    Defendants lack sufficient information to admit or deny Paragraph 113, the legal effect of which is to deny the allegations and demand strict proof thereof.

114.    Defendants lack sufficient information to admit or deny Paragraph 114, the legal effect of which is to deny the allegations and demand strict proof thereof.

115.    Defendants admit the allegations in Paragraph 115.

116.    Defendants object to Paragraph 116 to the extent it requires expert analysis and opinion. To the extent that further response is deemed necessary, Defendants deny the allegations in Paragraph 116.

117.    Defendants lack sufficient information to admit or deny Paragraph 117, the legal effect of which is to deny the allegations and demand strict proof thereof.

118.    Defendants admit the allegations in Paragraph 118.

119.    Regarding Paragraph 119, Defendants admit that the Romans' home was treated for pest control complaints.

120.    Defendants deny the allegations in Paragraph 120.

121.    Defendants deny the allegations in Paragraph 121.

122.    Defendants admit the allegations in Paragraph 122.

123.    Defendants deny the allegations in Paragraph 123.

124.    Defendants object to Paragraph 124 to the extent it requires expert analysis and opinion. To the extent that further response is deemed necessary, Defendants deny the allegations in Paragraph 124.

125.    Defendants admit the allegations in Paragraph 125.

126.    Defendants admit the allegations in Paragraph 126.

127.    Defendants object to Paragraph 127 to the extent it requires expert analysis and opinion. To the extent that further response is deemed necessary, Defendants deny the allegations in Paragraph 127.

128.    Regarding Paragraph 128, Defendants admit the Romans reported water entering the side wall on July 30, 2018. Defendants lack sufficient information to admit or deny whether that was the fourth report, the legal effect of which is to deny that allegation and demand strict proof thereof.

129.    Defendants lack sufficient information to admit or deny Paragraph 129 at this time, the legal effect of which is to deny the allegations and demand strict proof thereof.

130.    Defendants deny the allegations in Paragraph 130.

131.    Defendants object to Paragraph 131 to the extent it requires expert analysis and opinion. To the extent that further response is deemed necessary, Defendants deny the allegations in Paragraph 131.

132.    Defendants admit the allegations in Paragraph 132.

133.    Defendants deny the allegations in Paragraph 133.

134.    Defendants lack sufficient information to admit or deny Paragraph 134, the legal effect of which is to deny the allegations and demand strict proof thereof.

135.    Defendants object to Paragraph 135 to the extent it requires expert analysis and opinion. To the extent that further response is deemed necessary, Defendants deny the allegations in Paragraph 135.

136.    Defendants admit the allegations in Paragraph 136.

137.    Defendants deny the allegations in Paragraph 137.

138.    Defendants admit the allegations in Paragraph 138.

139.    Defendants lack sufficient information to admit or deny Paragraph 139, the legal effect of which is to deny the allegations and demand strict proof thereof.

140.    Defendants deny the allegations in Paragraph 140 to the extent it implies that is all Eagle Pest did at the residence.

141.    Defendants lack sufficient information to admit or deny Paragraph 141, the legal effect of which is to deny the allegations and demand strict proof thereof.

142.    Defendants deny the allegations in Paragraph 142.

143.    Defendants admit the allegations in Paragraph 143.

144.    Defendants admit the allegations in Paragraph 144.

145.    Defendants deny the allegations in Paragraph 145.

146.    Defendants deny the allegations in Paragraph 146.

147.    Defendants admit the allegations in Paragraph 147.

148.    Defendants deny the allegations in Paragraph 148.

149.    Defendants deny the allegations in Paragraph 149.

150.    Defendants lack sufficient information to admit or deny Paragraph 150, the legal effect of which is to deny the allegations and demand strict proof thereof.

151.    Defendants lack sufficient information to admit or deny the allegations in Paragraph 151 but deny any suggestion that the children developed health issues as a result of living at Fort Belvoir, and demand strict proof thereof.

152.    Defendants lack sufficient information to admit or deny the allegations in Paragraph 152 but deny any suggestion that Mrs. Roman developed health issues as a result of living at Fort Belvoir, and demand strict proof thereof.

153.    Defendants lack sufficient information to admit or deny Paragraph 153, the legal effect of which is to deny the allegations and demand strict proof thereof.

154.    Defendants lack sufficient information to admit or deny Paragraph 154, the legal effect of which is to deny the allegations and demand strict proof thereof.

155.    Defendants deny the allegations in Paragraph 155.

156.    Defendants lack sufficient information to admit or deny Paragraph 156, the legal effect of which is to deny the allegations and demand strict proof thereof.

157.    Defendants deny the allegations in Paragraph 157.

158.    Defendants lack sufficient information to admit or deny Paragraph 158, the legal effect of which is to deny the allegations and demand strict proof thereof.

159. Paragraph 159 seeks a legal conclusion, and does not require a response. To the extent further response is deemed necessary, Defendants deny the allegations in Paragraph 159.

160. Upon information and belief, Paragraph 160 is admitted.

161. Defendants lack sufficient information to admit or deny Paragraph 161, the legal effect of which is to deny the allegations and demand strict proof thereof.

162. Defendants lack sufficient information to admit or deny Paragraph 162, the legal effect of which is to deny the allegations and demand strict proof thereof.

163. Defendants lack sufficient information to admit or deny the allegations in Paragraph 163 regarding what Mrs. Roman or others witnessed. Defendants object to Paragraph 163 to the extent it requires expert analysis and opinion. To the extent that further response is deemed necessary, Defendants deny the allegations in Paragraph 163.

164. Defendants lack sufficient information to admit or deny Paragraph 164, the legal effect of which is to deny the allegations and demand strict proof thereof.

165. Defendants lack sufficient information to admit or deny Paragraph 165, the legal effect of which is to deny the allegations and demand strict proof thereof.

166. Defendants admit the allegations in Paragraph 166.

167. Defendants lack sufficient information to admit or deny Paragraph 167, the legal effect of which is to deny the allegations and demand strict proof thereof.

168. Defendants admit the allegations in Paragraph 168.

169. Defendants admit the allegations in Paragraph 169.

170. Defendants lack sufficient information to admit or deny Paragraph 170, the legal effect of which is to deny the allegations and demand strict proof thereof.

171.    Defendants lack sufficient information to admit or deny Paragraph 171, the legal effect of which is to deny the allegations and demand strict proof thereof.

172.    Defendants lack sufficient information to admit or deny Paragraph 172, the legal effect of which is to deny the allegations and demand strict proof thereof.

173.    Defendants lack sufficient information to admit or deny Paragraph 173, the legal effect of which is to deny the allegations and demand strict proof thereof.

174.    Defendants deny the allegations in Paragraph 174.

175.    Defendants lack sufficient information to admit or deny Paragraph 175, the legal effect of which is to deny the allegations and demand strict proof thereof.

**5493 Jadwin Loop**

176.    Defendants admit the allegations in Paragraph 176.

177.    Defendants admit the allegations in Paragraph 177.

178.    Defendants deny the allegations in Paragraph 178 as it lacks context.

179.    Defendants lack sufficient information to admit or deny the allegations in Paragraph 179 but deny any suggestion that the children developed health issues as a result of living at Fort Belvoir.

180.    Defendants admit the allegations in Paragraph 180.

181.    Upon information and belief, Paragraph 181 is admitted.

182.    Defendants admit the allegations in Paragraph 182.

183.    Defendants object to Paragraph 183 to the extent it requires expert analysis and opinion. To the extent that further response is deemed necessary, Defendants deny the allegations in Paragraph 183.

184.    Defendants admit the allegations in Paragraph 184.

185.    Defendants deny the allegations in Paragraph 185.

186.    Defendants admit the allegations in Paragraph 186.

187.    Defendants admit the allegations in Paragraph 187.

188.    Defendants admit the allegations in Paragraph 188 insofar as work done in the home but deny that remaining requests were not completed.

189.    Defendants object to Paragraph 189 to the extent it requires expert analysis and opinion. To the extent that further response is deemed necessary, Defendants deny the allegations in Paragraph 189.

190.    Defendants admit the allegations in Paragraph 190.

191.    Defendants deny the allegations in Paragraph 191.

192.    Defendants object to Paragraph 192 to the extent it requires expert analysis and opinion. To the extent that further response is deemed necessary, Defendants deny the allegations in Paragraph 192.

193.    Defendants admit the allegations in Paragraph 193.

194.    Defendants admit the allegations in Paragraph 194.

195.    Defendants admit the allegations in Paragraph 195.

196.    Defendants admit the Romans requested to have their ducts cleaned, so they were. Defendants deny the remaining allegations in Paragraph 196.

197.    Defendants admit the allegations in Paragraph 197.

198.    Defendants admit the Romans reported a rotten windowsill and deny the remaining allegations in Paragraph 198.

199.    Upon information and belief, Paragraph 199 is admitted as to the substance, but Defendants cannot at this time admit or deny the accuracy of the date alleged in Paragraph 199.

200.    Defendants deny the allegations in Paragraph 200.

201.    Defendants object to Paragraph 201 to the extent it requires expert analysis and opinion. To the extent that further response is deemed necessary, Defendants deny the allegations in Paragraph 201.

202.    Defendants object to Paragraph 202 to the extent it requires expert analysis and opinion. To the extent that further response is deemed necessary, Defendants deny the allegations in Paragraph 202.

203.    Defendants admit the allegations in Paragraph 203.

204.    Defendants deny the allegations in Paragraph 204.

205.    Defendants lack sufficient information to admit or deny Paragraph 205, the legal effect of which is to deny the allegations and demand strict proof thereof.

206.    Defendants object to Paragraph 206 to the extent it requires expert analysis and opinion. To the extent that further response is deemed necessary, Defendants deny the allegations in Paragraph 206.

207.    Defendants object to Paragraph 207 to the extent it requires expert analysis and opinion. To the extent that further response is deemed necessary, Defendants deny the allegations in Paragraph 207.

208.    Defendants object to Paragraph 208 to the extent it requires expert analysis and opinion. To the extent that further response is deemed necessary, Defendants deny the allegations in Paragraph 208.

209.    Defendants object to Paragraph 209 to the extent it requires expert analysis and opinion. To the extent that further response is deemed necessary, Defendants deny the allegations in Paragraph 209.

210.    Defendants object to Paragraph 210 to the extent it requires expert analysis and opinion. To the extent that further response is deemed necessary, Defendants deny the allegations in Paragraph 210.

211.    Defendants deny the allegations in Paragraph 211.

212.    Defendants deny the allegations in Paragraph 212.

213.    Regarding Paragraph 213, Defendants admit that the Romans reported a range hood leak on July 19, 2019. Defendants deny the remaining allegations in Paragraph 213.

214.    Defendants deny the allegations in Paragraph 214.

215.    Regarding Paragraph 215, Defendants admit that the Romans reported range hood issues on July 25, 2019. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 215, the legal effect of which is to deny them and demand strict proof thereof.

216.    Defendants lack sufficient information to admit or deny Paragraph 216, the legal effect of which is to deny the allegations and demand strict proof thereof.

217.    Defendants admit the allegations in Paragraph 217.

218.    Defendants object to Paragraph 218 to the extent it requires expert analysis and opinion. To the extent that further response is deemed necessary, Defendants deny the allegations in Paragraph 218.

219.    Defendants lack sufficient information to admit or deny Paragraph 219, the legal effect of which is to deny the allegations and demand strict proof thereof.

220.    Defendants lack sufficient information to admit or deny Paragraph 220, the legal effect of which is to deny the allegations and demand strict proof thereof.

221.    Defendants deny the allegations in Paragraph 221.

222.    Defendants deny the allegations in Paragraph 222.

223.    Defendants lack sufficient information to admit or deny the allegations in Paragraph 223 but deny that living at Fort Belvoir caused the youngest daughter to develop asthma, and demand strict proof thereof.

224.    Defendants lack sufficient information to admit or deny Paragraph 224, the legal effect of which is to deny the allegations and demand strict proof thereof.

**Plaintiffs John and Cassie Lane**

225.    Defendants lack sufficient information to admit or deny Paragraph 225, the legal effect of which is to deny the allegations and demand strict proof thereof.

226.    Defendants admit the allegations in Paragraph 226.

227.    Defendants deny the allegations in Paragraph 227.

228.    Upon information and belief, Defendants admit the allegations in Paragraph 228.

229.    Defendants lack sufficient information to admit or deny Paragraph 229, the legal effect of which is to deny the allegations and demand strict proof thereof.

230.    Defendants lack sufficient information to admit or deny Paragraph 230, the legal effect of which is to deny the allegations and demand strict proof thereof.

231.    Defendants lack sufficient information to admit or deny Paragraph 231, the legal effect of which is to deny the allegations and demand strict proof thereof.

232.    Defendants lack sufficient information to admit or deny Paragraph 232, the legal effect of which is to deny the allegations and demand strict proof thereof.

233.    Defendants lack sufficient information to admit or deny Paragraph 233, the legal effect of which is to deny the allegations and demand strict proof thereof.

234.     Defendants lack sufficient information to admit or deny Paragraph 234, the legal effect of which is to deny the allegations and demand strict proof thereof.

235.     Defendants lack sufficient information to admit or deny Paragraph 235, the legal effect of which is to deny the allegations and demand strict proof thereof.

236.     Defendants lack sufficient information to admit or deny Paragraph 236.

237.     Defendants lack sufficient information to admit or deny Paragraph 237, the legal effect of which is to deny the allegations and demand strict proof thereof.

238.     Defendants lack sufficient information to admit or deny Paragraph 238, the legal effect of which is to deny the allegations and demand strict proof thereof.

239.     Defendants lack sufficient information to admit or deny Paragraph 239, the legal effect of which is to deny the allegations and demand strict proof thereof.

240.     Defendants lack sufficient information to admit or deny Paragraph 240, the legal effect of which is to deny the allegations and demand strict proof thereof.

241.     Defendants admit or deny the allegations in Paragraph 241.

242.     Defendants lack sufficient information to admit or deny Paragraph 242, the legal effect of which is to deny the allegations and demand strict proof thereof.

243.     Defendants lack sufficient information to admit or deny Paragraph 243, the legal effect of which is to deny the allegations and demand strict proof thereof.

244.     Defendants admit the allegations in Paragraph 244.

245.     Defendants lack sufficient information to admit or deny Paragraph 245, the legal effect of which is to deny the allegations and demand strict proof thereof.

246.     Defendants deny the allegations in Paragraph 246.

247.    Defendants lack sufficient information to admit or deny Paragraph 247, the legal effect of which is to deny the allegations and demand strict proof thereof.

248.    Defendants lack sufficient information to admit or deny Paragraph 248, the legal effect of which is to deny the allegations and demand strict proof thereof.

**Additional facts regarding general background and the MHPI**.

249.    To the extent that Paragraph 249 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

250.    Paragraph 250 does not concern Defendants; therefore, it does not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 250.

251.    Paragraph 251 does not concern Defendants; therefore, it does not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 251.

252.    Defendants admit the allegations in Paragraph 252.

253.    Defendants deny the allegations in Paragraph 253.

254.    To the extent that Paragraph 254 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

255.    Defendants deny the allegations in Paragraph 255.

256.    Defendants deny the allegations in Paragraph 256.

257.    Defendants deny the allegations in Paragraph 257.

258.    To the extent that Paragraph 258 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

259.    Regarding Paragraph 259, Defendants admit it is the landlord of military housing at Fort Belvoir.

260.    To the extent that Paragraph 260 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

**The Fort Belvoir Ground Lease**.

261.    Defendants admit the allegations in Paragraph 261.

262.    Paragraph 262 quotes a document that speaks for itself; thus, Paragraph 262 does not require a response.

263.    To the extent that Paragraph 263 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

264.    Defendants deny the allegations in Paragraph 264.

**Lease Agreements with Servicemembers**.

265.    Defendants deny the allegations in Paragraph 265.

266.    Defendants admit the allegations in Paragraph 266.

267.    Paragraph 267 quotes a document that speaks for itself; thus, Paragraph 267 does not require a response.

268.    Defendants admit the allegations in Paragraph 268.

269.    Defendants admit the allegations in Paragraph 269.

270.    Paragraph 270 quotes a law that speaks for itself; thus, Paragraph 270 does not require a response.

271.    Paragraph 271 quotes a document that speaks for itself; thus, Paragraph 271 does not require a response.

272.    Paragraph 272 quotes sources that speak for themselves; thus, Paragraph 272 does not require a response as to the cited materials. Defendants deny the remaining allegations in Paragraph 272.

273.    Paragraph 273 quotes a document that speaks for itself; thus, Paragraph 273 does not require a response.

274.    Paragraph 274 quotes a document that speaks for itself; thus, Paragraph 274 does not require a response.

275.    Paragraph 275 quotes a document that speaks for itself; thus, Paragraph 275 does not require a response.

276.    Paragraph 276 quotes a document that speaks for itself; thus, Paragraph 276 does not require a response.

277.    Defendants deny the allegations in Paragraph 277.

278.    Defendants admit the allegations in Paragraph 278.

279.    Defendants deny the allegations in Paragraph 279.

280.    Defendants deny the allegations in Paragraph 280.

281.    Defendants deny the allegations in Paragraph 281.

282.    Defendants deny the allegations in Paragraph 282.

283.    Defendants deny the allegations in Paragraph 283.

284.    Defendants deny the allegations in Paragraph 284.

285.    Defendants admit the allegations in Paragraph 285 and deny any allegation or suggestion that Fort Belvoir lacks safe, habitable and properly maintained homes.

286.    Defendants admit the allegations in Paragraph 286 and deny any allegation or suggestion that Fort Belvoir lacks safe and healthy homes.

287.    Defendants admit the allegations in Paragraph 287.

288.    Defendants lack sufficient information to admit or deny Paragraph 288, the legal effect of which is to deny the allegations and demand strict proof thereof.

289.    Defendants deny the allegations in Paragraph 289.

290.    Defendants deny the allegations in Paragraph 290.

**Congressional and Other Investigations.**

291.    Paragraph 291 does not concern these Defendants and does not require a response. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 291 and demand strict proof thereof.

292.    Paragraph 292 does not concern these Defendants and does not require a response. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 292 and demand strict proof thereof.

293.    Paragraph 293 does not concern these Defendants and does not require a response. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 293 and demand strict proof thereof.

294.    Paragraph 294 does not concern these Defendants and does not require a response. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 294 and demand strict proof thereof.

295.    Defendants lack sufficient information to admit or deny Paragraph 295, the legal effect of which is to deny the allegations and demand strict proof thereof.

## CONDITIONS PRECEDENT

296.    To the extent that Paragraph 296 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

## NO GOVERNMENTAL IMMUNITY

297.    To the extent that Paragraph 297 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

298.    To the extent that Paragraph 298 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

299.    To the extent that Paragraph 299 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

300.    To the extent that Paragraph 300 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

301.    To the extent that Paragraph 301 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants lack sufficient information to admit or deny Paragraph 301, the legal effect of which is to deny the allegations and demand strict proof thereof.

302.    To the extent that Paragraph 302 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

303.    Upon information and belief, the Defendants admit Paragraph 303.

304.    To the extent that Paragraph 304 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

305.    To the extent that Paragraph 305 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

306.    Defendants deny the allegations in Paragraph 306.

## CLASS ALLEGATIONS

307.    Defendants deny the allegations in Paragraph 307 and deny specifically Plaintiffs' request to certify a class.

308.    Defendants admit the allegations in Paragraph 308 and assert further that this case does not meet the requirements for class certification.

309.    Defendants deny the allegations in Paragraph 309.

310.    Defendants deny the allegations in Paragraph 310.

311.    Defendants deny the allegations in Paragraph 311.

312.    Defendants deny the allegations in Paragraph 312.

313.    Defendants deny the allegations in Paragraph 313.

314.    Defendants deny the allegations in Paragraph 314.

315.    Defendants deny the allegations in Paragraph 315.

316.    Defendants deny the allegations in Paragraph 316.

317.    Defendants deny the allegations in Paragraph 317.

318.    Defendants deny the allegations in Paragraph 318.

319.    Defendants deny the allegations in Paragraph 319.

320.    Defendants deny the allegations in Paragraph 320.

321.    Defendants deny the allegations in Paragraph 321.

322.    Defendants deny the allegations in Paragraph 322.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE VIRGINIA RESIDENTIAL LANDLORD/TENANT ACT
## CHAPTER 12 § 59.1-1200 THROUGH § 59.1-1262

323.    Regarding Paragraph 323, Defendants repeat, reallege, and incorporate by reference each of their responses to the preceding Paragraphs as though fully set forth herein.

324.    Paragraph 324 is a summary of Plaintiffs' claim and does not require a response. To the extent further response is required, Defendants deny Plaintiffs are entitled to class certification.

325.    To the extent Paragraph 325 contains statements and conclusions of law, a response is not required. To the extent a further response is required, the Defendants admit they had a duty and deny any suggestion they violated that duty.

326.    Paragraph 326 quotes a statute that speaks for itself; thus, a response is not required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 326 and demand strict proof thereof.

327.    Paragraph 327 quotes a statute that speaks for itself; thus, a response is not required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 327 and demand strict proof thereof.

328.    To the extent that Paragraph 328 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

329.    To the extent that Paragraph 329 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

330.    To the extent that Paragraph 330 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

331.    To the extent that Paragraph 331 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

332.    To the extent that Paragraph 332 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

333.    Defendants deny the allegations in Paragraph 333.

334.    To the extent that Paragraph 334 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

335.    To the extent that Paragraph 335 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

336.    To the extent that Paragraph 336 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

337.    Paragraph 337 quotes a statute that speaks for itself; thus, a response is not required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 337 and demand strict proof thereof.

338.    To the extent that Paragraph 338 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

339.    To the extent that Paragraph 339 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

## SECOND CLAIM FOR RELIEF
### BREACH OF CONTRACT

340.    Regarding Paragraph 340, Defendants repeat, reallege, and incorporate by reference each of their responses to the preceding Paragraphs as though fully set forth herein.

341.    Paragraph 341 is a summary of Plaintiffs' claim and does not require a response. To the extent further response is required, Defendants deny Plaintiffs are entitled to class certification.

342.    To the extent that Paragraph 342 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

343.    To the extent that Paragraph 343 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

344.    To the extent that Paragraph 344 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

345.    To the extent that Paragraph 345 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

346.    To the extent that Paragraph 346 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

347.    To the extent that Paragraph 347 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

348.    To the extent that Paragraph 348 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

**THIRD CLAIM FOR RELIEF**
**TEMPORARY RECURRENT PRIVATE NUISANCE**

349.    Regarding Paragraph 349, Defendants repeat, reallege, and incorporate by reference each of their responses to the preceding Paragraphs as though fully set forth herein.

350.    Paragraph 350 is a summary of Plaintiffs' claim and does not require a response. To the extent further response is required, Defendants deny Plaintiffs are entitled to class certification.

351.    To the extent that Paragraph 351 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

352.    o the extent that Paragraph 352 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

353.    To the extent that Paragraph 353 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

354.    To the extent that Paragraph 354 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

355.    To the extent that Paragraph 355 contains statements and conclusions of law, a response is not required. To the extent a response is required, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense – Lack of Causation*

The alleged negligence or other wrongful acts or omissions of Defendants, if any, were passive and not active, and/or were otherwise not the proximate cause of Plaintiffs' alleged injuries and/or damages.

### *Second Affirmative Defenses - Failure to Mitigate Alleged Hazards*

Plaintiffs' claims are barred because Plaintiffs failed to mitigate and/or attempt to mitigate the alleged hazardous condition at issue, and, if any damages have been and/or will be sustained, and any recovery by Plaintiffs must be diminished or barred by reason thereof.

### *Third Affirmative Defense - Lack of Duty and/or Breach*

Defendants owed no duty to Plaintiffs, and/or Defendants did not breach any duties owed to Plaintiffs including without limitation any contract and/or agreement with Plaintiffs.

### *Fourth Affirmative Defense - Impossibility of Performance*

Defendant FBRC could not have performed according to the provisions of the contract/lease agreement because of unforeseen acts of nature.

### *Fifth Affirmative Defense - General Notice Requirement*

Defendants did not have actual or constructive notice or knowledge of the matters alleged to be responsible for the injuries and/or damages allegedly suffered by Plaintiffs.

### *Sixth Affirmative Defense - Speculative Damages*

Plaintiffs cannot recover some or all of the damages sought by Defendants because any such damages and/or injuries, if any, are too speculative to be recoverable at law.

### *Seventh Affirmative Defense - Contributory Negligence*

Plaintiffs' requested relief may be barred by their contributory negligence.

### *Eighth Affirmative Defense - Assumption of Risk*

Plaintiffs knew of the existence of the danger complained of in the Second Amended Complaint, realized and appreciated the possibility of injury as a result of the danger and, having a reasonable opportunity to avoid it, voluntarily exposed him/herself to the danger.

### *Ninth Affirmative Defense - Superseding/Intervening Causes*

Plaintiffs' damages, if any, were the result of a superseding or intervening event that was unrelated to any alleged act or omission of Defendants.

### *Tenth Affirmative Defense - Third Party Acts*

Plaintiffs' damages, if any, are the result of unforeseen acts or omissions of third persons over whom Defendants exercised no dominion or control.

### *Eleventh Affirmative Defense - Failure to Mitigate Damages*

Plaintiffs' requested relief may be barred by their failure to mitigate their alleged damages.

### *Twelfth Affirmative Defense – Acts of God*

Plaintiffs' claims may be barred because their damages were caused by Acts of God.

### *Thirteenth Affirmative Defense – Statute of Limitations*

Plaintiffs' claims may be barred by the applicable statute of limitations.

### **RESERVATION OF RIGHTS TO AMEND AFFIRMATIVE DEFENSES**

Defendants reserve the right to supplement these Affirmative Defenses as discovery and equity permit.

### **DEMAND FOR JURY TRIAL**

Defendants request a trial by jury on all issues so triable.

Respectfully submitted,

   */s/ Kathryn E. Bonorchis*
Kathryn E. Bonorchis #80007
Joseph Doukmetzian, #91685
Lewis, Brisbois, Bisgaard & Smith, LLP
100 Light Street, Suite 1300
Baltimore, Maryland, 21202
Telephone: 410-525-6409
Fax: 410-779-3910
Kathryn.Bonorchis@lewisbrisbois.com
Joseph.Doukmetzian@lewisbrisbois.com
*Attorneys for Defendants*

Richard G, Morgan, *Pro Hac* Forthcoming
Tina Syring, *Pro Hac* Forthcoming
LEWIS BRISBOIS BISGAARD & SMITH LLP
Wells Fargo Center
90 South 7th Street, Suite 2800
Minneapolis, Minnesota 55402
Phone: 612.428.5000
Fax: 612.428.5001
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of August, 2022, a copy of the foregoing Answer to Plaintiffs' Second Amended Complaint, was served electronically through CM/ECF to counsel for Plaintiffs:

David Hilton Wise, VA Bar No. 30828
Joseph M. Langone, VA Bar No. 43543
WISE LAW FIRM PLC
10640 Page Avenue, Suite 320
Fairfax, Virginia 22030
Phone: 703-934-6377
dwise@wiselaw.pro
jlangone@wiselaw.pro

Joel R. Rhine, NC State Bar No. 16028
Martin A. Ramey, NC State Bar No. 33617
Ruth A. Sheehan, NC State Bar No. 48069
RHINE LAW FIRM, P.C.
1612 Military Cutoff Rd., Suite 300
Wilmington, NC 28403
Phone: 910-772-9960
jrr@rhinelawfirm.com
mjr@rhinelawfirm.com
RAS@rhinelawfirm.com

Mona Lisa Wallace, NC Bar No. 009201
John Hughes, NC State Bar No. 22126
WALLACE AND GRAHAM, PA.
525 N. Main Street
Salisbury, NC 28144
Phone: 704-633-5244
mwallace@wallacegraham.com
jhughes@wallacegraham.com

John A. Yanchunis, FL Bar No. 324681
Kenya Reddy, FL Bar No. 459933
MORGAN & MORGAN LAW FIRM
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Phone: 813-223-5505
JYanchunis@ForThePeople.com
KReddy@ForThePeople.com

/s/ Kathryn E. Bonorchis
Kathryn E. Bonorchis