IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Chief Petty Officer JOHN FISCHER and ASHLEY FISCHER, et al., | * * * |
| Plaintiffs, | * * |
| v. | * Case No. 1:22-cv-00286 |
| FORT BELVOIR RESIDENTIAL COMMUNITIES LLC, et al., | * * * * |
| Defendants. | * |

**PROPOSED RULE 26(f) JOINT DISCOVERY PLAN**

The parties, by and through their respective undersigned counsel, pursuant to Fed. R. Civ. P. 26(f), and this Court's August 31, 2022 Order (ECF No. 20), and September 7, 2022 Order (ECF No. 24), as well as in advance of the Rule 16 conference set for **Wednesday, October 19, 2022**, respectfully submit the following Rule 26(f) Joint Discovery Plan. This is filed by the deadline of October 12, 2022 set by the September 7, 2022 Order. The parties state that they believe this joint discovery plan can be adopted as-is and pursuant to the Court's directive in the September 7, 2022 Order, state that they do not wish to appear at the pretrial conference unless the Court finds that it would assist the Court, in which case they are at the Court's disposal.

This is a putative class action lawsuit and Plaintiffs intend to pursue class certification at the appropriate time. At this time, Plaintiffs' counsel represents the three named Plaintiff and ten additional families. The parties anticipate that written and oral discovery will take an extensive amount of time, with thousands of documents being produced, the potential for approximately 50 depositions (fact and expert), dispositive motions practice, and *Daubert* motions as well as the

class certification motion. As a result, counsel for the parties conferred about the deadlines and come up with the following proposed discovery plan, subject to the Court's approval.

1. **Pre-Discovery Disclosures**. The parties will exchange by November 18, 2022 the information required by Rule 26(a)(1).

2. **Discovery Plan**. The parties jointly propose to the Court the following discovery plan:

   a. Key Deadlines:
   - Plaintiffs' Deadline for Filing Leave to Amend – November 16, 2022
   - Plaintiffs' Rule 26(a)(2) Disclosures – April 19, 2023
   - Defendants' Rule 26(a)(2) Disclosures – June 2, 2023
   - Plaintiffs' Rebuttal Rule 26(a)(2) Disclosures – July 3, 2023
   - Close of Discovery Related to Motion for Class Certification – August 19, 2023
   - Plaintiffs' Motion for Class Certification – September 18, 2023
   - Defendants' Opposition to Motion for Class Certification – October 18, 2023
   - Plaintiffs' Reply to Opposition to Motion for Class Certification – November 8, 2023
   - Plaintiffs' Supplemental Rule 26(a)(2) Disclosures – 28 days after the Court's decision of the Motion for Class Certification
   - Defendants' Supplemental Rule 26(a)(2) Disclosures – 42 days after the Court's decision of the Motion for Class Certification

- Plaintiffs' Supplemental Rebuttal Rule 26(a)(2) Disclosures – 49 days after the Court's decision of the Motion for Class Certification

- Close of Remaining Discovery - 90 days after the Court's decision of the Motion for Class Certification if the Motion is denied; 150 days if the Motion is granted

- Dispositive Motions – 120 days after the Court's decision of the Motion for Class Certification if the motion is denied; 180 days if the Motion is granted

- Final Pretrial Conference – to be scheduled following the Court's rulings on dispositive motions

b. Discovery will be needed on the following subjects:

(1) Plaintiffs' allegations regarding all of their claims as set forth in the Second Amended Complaint (ECF No. 14);

(2) Issues relevant to Rule 23 including numerosity, adequacy, commonality, typicality, predominance and as otherwise required pursuant to Rule 23 and Fourth Circuit law regarding class certification;

(3) The alleged damages sought by Plaintiffs and any efforts to mitigate those damages;

(4) Defendants' affirmative defenses as set forth in their Answer (ECF No. 15) and any other defenses that may become applicable during discovery;

(5) All other issues raised by the pleadings;

(6) Any expert disclosures; and

(7) All other matters that will reasonably lead to the discovery of admissible evidence.

    c.   Discovery for class issues and non-class issues shall run concurrently.

    d.   The parties do not wish to limit or expand written discovery beyond the limits imposed pursuant to the Federal Rules of Civil Procedure, the Court's Local Rules, and the Scheduling Order.

    e.   Supplementation of reports or information shall be made by all parties reasonably as they become aware that information previously disclosed is incomplete or incorrect, and in any event, not later than the end of the discovery period and thirty (30) days before the beginning of the session of Court at which the case is set for trial, in conjunction with other disclosures required by Rule 26(a)(3).

    f.   Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties' agreement regarding same shall be memorialized in a forthcoming Confidentiality Agreement and Stipulated Protective Order. The parties further agree to prepare and produce a privilege log that complies with Rule 26(b)(5)(A), on or before the respective discovery response deadline, or within ten (10) days of the discovery of the privileged document and/or information, whichever occurs later.

    3.   **<u>Depositions</u>**. The parties are permitted to take no more than twenty (20) non-expert, non-party depositions per side, absent leave of court or agreement of counsel. Depositions shall not exceed eight (8) hours as calculated by the court reporter, absent agreement of counsel or Court Order.

4. **Electronically Stored Information**. The parties have discussed certain anticipated issues relating to the disclosure or discovery of electronically stored information and report to the Court the following:

   a. Form of production/preservation: Electronically-stored information, including but not limited to electronic mail ("e-mail") and word processing files, may be disclosed in its native format to the extent technically feasible or in any other format agreed upon at the time of production. Production of such information shall otherwise be in accordance with Rule 34(b). The media to be used in the production of electronically stored information can be produced via a cloud-based platform or by CD-ROM/DVD-ROM. If any responsive electronically-stored information is not reasonably accessible, i.e., is only accessible by incurring undue burdens or costs, the parties will meet and confer before bringing any such issue to the Court's attention.

   b. The parties agree that the requesting party will provide a list of proposed key word searches when requesting the production of ESI, including any electronic communications. The parties further agree that the failure to provide a list of proposed search terms contemporaneously with the issuance of discovery requests operates as a waiver of any argument based on the scope of the requested ESI.

5. **Service and Filing**. Service and filing of pleadings in this case shall adhere to the United States District Court for the Eastern District of Virginia Electronic Case Filing policies and procedures. The parties agree that service of notices of depositions, discovery requests, and other papers not filed with the Clerk of Court will be accepted by electronic mail and that service is complete upon and on the day of transmission, up through and including 11:59 p.m.

6. **Mediation**. The parties agree that mediation may enhance settlement negotiations. Upon agreement, the parties may apply to the Court for a Settlement Conference.

7. **Other Items**.

a. The parties do not consent to the jurisdiction of a United States Magistrate Judge.

b. This case does not need early judicial intervention due to its complexity or other factors.

Respectfully submitted,

/s/ *Kathryn E. Bonorchis*
Kathryn E. Bonorchis #80007
Joseph Doukmetzian, 91685
Lewis, Brisbois, Bisgaard & Smith, LLP
100 Light Street, Suite 1300
Baltimore, Maryland, 21202
Telephone: 410-525-6409
Fax: 410-779-3910
Kathryn.Bonorchis@lewisbrisbois.com
Joseph.Doukmetzian@lewisbrisbois.com
*Attorneys for Defendants*

Richard G, Morgan, Admitted *Pro Hac Vice*
Tina Syring, Admitted *Pro Hac Vice*
Carli Pearson, Admitted *Pro Hac Vice*
Emily Suhr, Admitted *Pro Hac Vice*
Lewis, Brisbois, Bisgaard & Smith, LLP
Wells Fargo Center
90 South 7th Street, Suite 2800
Minneapolis, Minnesota 55402
Phone: 612.428.5000
Fax: 612.428.5001
Richard.Morgan@lewisbrisbois.com
Tina.Syring@lewisbrisbois.com
Carli.Pearson@lewisbrisbois.com
Emily.Suhr@lewisbrisbois.com
*Attorneys for Defendants*

/s/ David Hilton Wise
David Hilton Wise, VA Bar No. 30828
Joseph M. Langone, VA Bar No. 43543
WISE LAW FIRM PLC
10640 Page Avenue, Suite 320
Fairfax, Virginia 22030
Phone: 703-934-6377
dwise@wiselaw.pro
jlangone@wiselaw.pro
*Counsel for Plaintiffs*

Joel R. Rhine, NC State Bar No. 16028
Martin A. Ramey, NC State Bar No. 33617
Ruth A. Sheehan, NC State Bar No. 48069
RHINE LAW FIRM, P.C.
1612 Military Cutoff Rd., Suite 300
Wilmington, NC 28403
Phone: 910-772-9960
jrr@rhinelawfirm.com
mjr@rhinelawfirm.com
RAS@rhinelawfirm.com
*Counsel for Plaintiffs*

Mona Lisa Wallace, NC Bar No. 009201
John Hughes, NC State Bar No. 22126
WALLACE AND GRAHAM, PA.
525 N. Main Street
Salisbury, NC 28144
Phone: 704-633-5244
mwallace@wallacegraham.com
jhughes@wallacegraham.com
*Counsel for Plaintiffs*

John A. Yanchunis, FL Bar No. 324681
Kenya Reddy, FL Bar No. 459933
MORGAN & MORGAN LAW FIRM
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Phone: 813-223-5505
JYanchunis@ForThePeople.com
KReddy@ForThePeople.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 11th day of October, 2022, a copy of the foregoing *Rule 26(f) Joint Discovery Plan* was served electronically through CM/ECF on all counsel of record.

                                          */s/ Kathryn E. Bonorchis*
                                          Kathryn E. Bonorchis