IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Chief Petty Officer JOHN FISCHER and ASHLEY FISCHER, et al. | * * * |
| Plaintiffs | * * |
| v. | * Case No. 1:22-cv-00286 * |
| FORT BELVOIR RESIDENTIAL COMMUNITIES LLC, et al. | * * * |
| Defendants | * |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' VCPA CLAIM OR, IN THE ALTERNATIVE, MOTION TO STRIKE PORTIONS OF PLAINTIFFS' THIRD AMENDED COMPLAINT**

Defendants, Fort Belvoir Residential Communities LLC, Michaels Management Services, Inc., and MMS Army, LLC, by and through their attorneys, and pursuant to Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 12(f) and LCvR 7, submit the following Memorandum in Support of their Motion to Dismiss Plaintiffs' First Cause of Action for Violation of the Virginia Consumer Protection Act (VCPA) asserted in their Third Amended Complaint (TAC) or, in the Alternative, Motion to Strike Portions of Plaintiffs' First Amended Complaint.

**INTRODUCTION**

This case involves a landlord-tenant dispute concerning allegations by Plaintiffs regarding their current and/or former military family housing located at the U.S. Army Garrison Fort Belvoir in Fairfax County, Virginia.

Defendants move to dismiss Plaintiffs' First Cause of Action for Violation of the VCPA on the basis that (1) Plaintiffs are unable to plead facts sufficient to meet the exception to the general rule that landlord-tenant disputes are not subject to the VCPA and (2) at least 15 of the Plaintiffs are time-barred by the statute of limitations. Additionally, Defendants move to strike ¶

696 from the Third Amended Complaint.

In order to state a claim under the VCPA, Plaintiffs must plead with particularity facts demonstrating a misrepresentation of material fact, reliance on the misrepresentation, and damages caused by the misrepresentation. Here, Plaintiffs make only vague and conclusory allegations of misrepresentations (many of which do not relate to a material fact) that lack the requisite circumstantial details and identification of the speaker. Moreover, the alleged misrepresentations are nothing more than opinions or statements made without knowledge of their alleged falsity, which are insufficient to state a claim under the VCPA. Even if Plaintiffs are able to overcome this, which they cannot, the TAC is lacking in any allegations of reliance and damages.

Finally, the VCPA has a two year statute of limitations. Fifteen Plaintiffs allege the discovery of mold and alleged wrongdoing by Defendants that occurred more than two years before they filed their original Complaint. Based on the allegations, any purported misrepresentation or fraud by Defendants was or should have been discovered prior to the statutory period. As such, this claim is time-barred to 15 of the Plaintiffs, which prohibits them from acting as class representatives and violates the requirements of typicality and commonalty necessary for all class members.

## PROCEDURAL HISTORY

Plaintiffs' initial Complaint (ECF 1) contained 78 pages and 258 numbered paragraphs and named 11 different Defendants, most of which played no role whatsoever with Plaintiffs' former housing. After several discussions among Plaintiffs' and Defendants' counsel, Plaintiffs' counsel agreed to dismiss all of the originally named Defendants except two – Fort Belvoir Residential Communities LLC (FBRC) and Michaels Management Services, Inc. (MMS). Plaintiffs' notice of voluntary dismissal for nine Defendants was filed on June 7, 2022 (ECF 7). The Court issued an

Order granting the dismissal on June 9, 2022 (ECF 9).

Plaintiffs then filed a First Amended Complaint (FAC) (EFC 10), naming FBRC and MMS plus a new Defendant – MMS Army, LLC (MMS Army). The FAC asserted the same six claims for relief raised in the initial Complaint:

1. First Claim for Relief – Violation of the Consumer Protection Act
2. Second Claim for Relief – Violation of the Virginia Residential Landlord/Tenant Act
3. Third Claim for Relief – Breach of Contract
4. Fourth Claim for Relief – Negligence and Negligent Repair
5. Fifth Claim for Relief – Temporary Recurrent Private Nuisance
6. Sixth Claim for Relief – Declaratory and Injunctive Relief.

The FAC was more than 100 pages and 448 numbered paragraphs.

Defendants' filed a timely Motion to Dismiss and/or Strike the FAC (EFC 10). In response, Plaintiffs agreed to dismiss their First Claim for Relief – Violation of the Virginia Consumer Protection Act (VCPA), Fourth Claim for Relief – Negligence and Negligent Repair, and Sixth Claim for Relief – Declaratory and Injunctive Relief. They also agreed to drop the allegations in the FAC that Defendants had argued should be stricken. In exchange for dismissing those claims, Defendants consented to withdrawing their Motion to Dismiss and Plaintiffs filing a Second Amended Complaint, which added the Lane family as Plaintiffs (EFC 14).

On November 16, 2022, Plaintiffs filed a Motion for Leave to File Amended Complaint (EFC 45). The 815-paragraph Third Amended Complaint (TAC) adds the VCPA count back into the case, MMS Army LLC back into the case as a Defendant, and adds 14 families as named Plaintiffs. Defendants opposed the Motion for Leave to Amend as to the VCPA claim. On

December 9, 2022, Judge Anderson granted Plaintiffs' Motion for Leave to Amend, and set the deadline for Defendants' responsive pleading on December 23, 2022 (ECF 53). On December 9, 2022, Plaintiffs filed their TAC (ECF 56). Defendants move for a second time to dismiss the VCPA claim, as set forth herein. Defendants also move to strike Paragraph 696, as Plaintiffs previously agreed to dismiss that allegation but added it back into the case through the TAC.[1]

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) gives the Court the authority to dismiss a complaint that fails to state a claim upon which relief may be granted. In ruling on a motion to dismiss, the Court accepts as true the facts alleged in the complaint, but not the legal conclusions. *See Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must offer more than "labels and conclusions", and a "'formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Alternatively, Federal Rule of Civil Procedure 12(f) gives the Court the authority to strike portions of a complaint that are "redundant, immaterial, impertinent, or scandalous matter." The moving party must demonstrate that "it is clear that the material in question can have no possible bearing upon the subject matter of the litigation and the material may prejudice the other party." *Simaan, Inc. v. BP Prods. N. Am., Inc.*, 395 F. Supp. 2d 271, 278 (M.D.N.C. 2005) (citation

---

[1] Plaintiffs did not seek leave to amend to add this allegation back into the Complaint.

omitted). "In granting a Rule 12(f) motion to strike, the court must determine that 'the challenged allegations are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.'" *Info. Planning & Mgmt. Serv. v. Dollar Gen. Corp.*, No. 2:15cv206, 2016 U.S. Dist. LEXIS 883, *4-5 (E.D. Va. Jan. 5, 2016) (citing *Grant v. Bank of Am., N.A.* No. 2:13cv342, 2014 U.S. Dist. LEXIS 24645, *2 (E.D. Va. Feb. 25, 2014)).

As set forth below, Defendants move to strike ¶ 696 from the TAC. Plaintiffs previously agreed to and did remove that paragraph (previously ¶ 340) in between their First and Second Amended Complaints in response to Defendants' previously filed Motion to Strike. Defendants did not consent to Plaintiffs adding that paragraph to the TAC. Paragraph 696 is an immaterial, impertinent, and scandalous allegation regarding non-parties and unrelated matters in an apparent effort by Plaintiffs to confuse the facts and besmirch the reputations of the actual Defendants in this matter. Accordingly, it should be stricken.

## ARGUMENT

### A. The First Claim for Relief Must Be Dismissed Because Plaintiffs Are Unable To Plead An Exception To The General Rule That Landlord-Tenant Transactions Are Not Subject to the Virginia Consumer Protection Act

In the First Claim for Relief, Plaintiffs assert claims against all Defendants pursuant to the Virginia Consumer Protection Act, Va. Code Ann. §§ 59.1-196–207 (VCPA). However, the VCPA generally excludes landlord-tenant disputes except under specific exceptions. *See id.* at § 59.1-199(E). As the TAC fails to plead facts that would meet an exception, it fails to state a claim for relief under the VCPA.

Plaintiffs rely on an exception within the VCPA that allows a claim subject to the Virginia Residential Landlord and Tenant Act to proceed where "the act or practice of a landlord constitutes

a misrepresentation or fraudulent act or practice under § 59.1-200." *Id.*; *see also Miller v. Charles E. Smith Mgmt., Inc.* 1999 U.S. App. LEXIS 1013, at *8–9 (4th Cir. Jan. 26, 1999) ("[A] claim otherwise governed by the Virginia Residential Landlord and Tenant Act may proceed under the [VCPA] where fraud exists."). Va. Code Ann. § 59.1-200, in turn, "sets out those fraudulent acts or practices committed by a supplier of goods or services that are actionable under Code § 59.1-204." *Interbuild, Inc. v. Sayres*, 94 Va. Cir. 261, 265 (2016).

While Plaintiffs generically allege Defendants made misrepresentations and/or acted fraudulently (*see*, TAC, ¶¶ 738-770), such allegations are insufficient to state a claim under the VCPA. As discussed below, the VCPA requires particularity and allegations of actual misrepresentations of material facts, reliance, and damages, all of which is absent here.

To state a cause of action under the VCPA, a "plaintiff must allege facts with requisite specificity, including identification of the agents, officers and employees of the entities who are alleged to have perpetrated the fraud and the details of time and place of the fraudulent acts." *Johnston v. Stephan*, 97 Va. Cir. 115, 122 (Cir. Ct. 2017) (quoting *Weiss v. CassidyDev. Corp.*, 63 Va. Cir. 76, 78 (2003)); *see also Wynn's Extended Care, Inc. v. Bradley*, 619 F. App'x 216, 220 (4th Cir. 2015) (quoting *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015), *cert. denied*) (a VCPA claim under § 59.1-200 is subject to Rule 9(b), under which a plaintiff is "required to 'state with particularity the circumstances constituting fraud or mistake,' including the 'time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'"); *Student A v. Liberty Univ., Inc.*, 2022 U.S. Dist. LEXIS 82448, at *33 (W.D. Va. May 5, 2022) (same).

Further, when alleging misrepresentation by nondisclosure, plaintiffs must provide "evidence of a knowing and a deliberate decision not to disclose a material fact." *Aboushaban v.*

*Am. Signature, Inc.*, Civil Action No. 1:20-cv-00018, 2021 U.S. Dist. LEXIS 42807, at *9 (E.D. Va. Feb. 1, 2021) (quoting *Lambert v. Downtown Garage, Inc*., 262 Va. 707, 714, 553 S.E.2d 714 (2001)).

Here, Plaintiffs fail to allege any fraud or misrepresentation with the particularity required by Rule 9(b) and related case law and they fail to plead any facts demonstrating any Defendant made a knowing and deliberate omission of material fact. Nowhere in their numerous allegations do they identify any agents, officers, or employees who allegedly made misrepresentations nor do they provide sufficient details and circumstances to meet the heightened pleading standard. Rather, the entirety of the First Claim for Relief contains only general allegations against the Defendants as a group and contains no assertions of any specific individual factual instance. *See* TAC ¶¶ 728-777.

In their Reply in support of their Motion for Leave to Amend their Complaint (ECF. 51, p. 4), Plaintiffs misinterpreted case law to argue they do not need to plead fraud or misrepresentation with particularity. For instance, Plaintiffs cited to *Nigh v. Koons Buick Pontiac GMC, Inc*., 143 F. Supp. 2d 535, 553 (E.D. Va. 2001) for this proposition, but the *Nigh* court held, "[t]he misrepresentations providing the basis of a VCPA claim need not be pled with the same kind of particularity as common law fraud claims [citation]. **However, [a plaintiff] must still prove a false representation**." (emphasis added). In dismissing the bulk of the plaintiff's VCPA claims, the *Nigh* court went on to hold that opinions do not constitute misrepresentations, nor do representations where the speaker is unaware the representation is false or promises as to a future event. *Id*. at 554. *See also Yuzefovsky v. SJW, Ltd. Pshp*., 49 Va. Cir. 183, 185 (Cir. Ct. 1999) (dismissing VCPA claim by tenant because landlord's representation that area was safe from crime (despite prior crime reports in area) "is opinion, not fact, and not actionable."); *Harrell v. Deluca*,

Civil Action No. 1:20-cv-87, 2022 U.S. Dist. LEXIS 203135, at *12 (E.D. Va. Nov. 7, 2022) ("for a misrepresentation to be actionable under the VCPA, that allegation 'must be of existing fact, not merely an opinion or an unfulfilled promise or statement to future events.'") (quoting Va. Code § 59.1-200(A)).

Likewise, in *Devine v. Pulte Home Corp.*, No. 1:15cv1361(JCC/JFA), 2015 U.S. Dist. LEXIS 163197, at *16-17 (E.D. Va. Dec. 4, 2015), the court held that the holding in *Owens v. DRS Automotive Fantomworks, Inc.*, 288 Va. 489, 764 S.E.2d 256, 260 (2014) that "'[t]he VCPA clearly does not require the consumer to prove in every case that misrepresentations were made knowingly or with the intent to deceive'…does nothing to alter the VCPA's requirement that a plaintiff must 'allege a fraudulent misrepresentation of fact.'… As it would considerably expand the scope of liability if puffery and opinions were considered actionable misrepresentations under the VCPA, this Court will not read that intent into the Supreme Court of Virginia's opinion in *Owens*." (internal citations omitted).

Here, Plaintiffs only offer conclusory allegations about alleged fraud that amount to no more than opinions and puffery.

For instance, in their Reply brief (EFC 51, p. 7-8), Plaintiffs point to the Fischers' allegations in paragraphs 101-105 and 113 of the TAC in an effort to demonstrate they have met the pleading requirements. These paragraphs allege that between October 2018 and January 2019, the Fischers submitted three work orders related to their HVAC. TAC, ¶ 101. Each time, an unidentified FBRC representative advised that the HVAC was normal and there was no need for concern, which Plaintiffs allege was "false and fraudulent." *Id*., ¶ 102. However, Plaintiffs fail to present any facts that would support this conclusory allegation. They also fail to show the statements were anything more than opinions or made with the knowledge that such

representations were false.

Similarly, Plaintiffs allege that in June 2019, an unidentified representative responded to a work order, conducted an inspection, cosmetically repaired a hole, and advised the Fischers that there was no water damage. *Id*., ¶ 105. At another point, they allege unidentified representatives conducted work in the Fischer home and advised the home was safe, despite not investigating the root cause of the alleged problem. *Id*., ¶ 113. Absent a showing that these representations were anything more than professional opinions based on the knowledge they had at the time, such allegations are insufficient to form a VCPA claim for fraud.[2]

Allegations regarding the Roman family also do not rise to the level of a misrepresentation or fraud (EFC 51, p. 8). The Romans allege they reported moisture under their sink and an unidentified maintenance worker tested and sprayed the area with a antimicrobial spray. TAC ¶¶ 198-200. The maintenance worker represented that everything was fine, which Plaintiffs dispute but provide no facts demonstrating the situation was not resolved or that maintenance worker knew at the time that "everything was not fine." *Id*., at ¶¶ 200-201.

Regarding the Adams family, Plaintiffs argue that ¶356 satisfies the pleading requirements for a VCPA claim based on misrepresentation (ECF 51, p. 8), but it similarly lacks any specifics or allegations of misrepresentation. This paragraph alleges walls were opened in their home without their prior knowledge or consent, but such conduct is not a knowingly false statement (or a statement at all) and is devoid of any "knowing and… deliberate decision not to disclose a material fact." *Aboushaban*, 2021 U.S. Dist. LEXIS 42807, at *9.

Finally, Plaintiffs point to several paragraphs related to the Bragg family (TAC, ¶¶ 459,

---

[2] Plaintiffs also point to ¶ 103, which alleges that average military families may not know the military housing is operated by a private company. Considering the Fischers were aware of this fact prior to entering the lease (*see* ¶ 95), its inclusion here is unclear.

461, 467-485, 500-502) (ECF 51 p. 8-9), which allege nothing more than puffery and opinions. For instance, they allege generally that Defendants should have known their specific home had alleged defects because other homes at Fort Belvoir had issues and were not provided documents at the time of move-in that they have not shown they were entitled to. TAC, ¶¶ 459, 461. They also allege in a conclusory manner that "TMO[3] misrepresented that the house was habitable throughout September and October of 2022." But none of these allegations includes specific statements made by any employee at a specific time that could amount to a misrepresentation or fraud.

The only actual statement the Braggs point to is one allegedly made by Jennifer Watkins (TAC, ¶ 461) regarding the removal of dead animals and several made by Jennifer Lynch (TAC, ¶¶ 501-502). As for Ms. Watkins, there are no allegations she knew the animals had not been removed or that the statement was in any way false. Regarding Ms. Lynch, her alleged statements are opinions regarding the work of Defendants - not misrepresentations by any Defendants.

The aforementioned examples are merely a sample of the hundreds of allegations in Plaintiffs' lengthy Third Amended Complaint. Yet it is telling that they were unable, in their Reply brief, to point to any allegation that properly pleads a claim for misrepresentation.

Moreover, even if Plaintiffs could overcome their lack of requisite particularity and evidence of misrepresentation, a claim under the VCPA also requires "the elements of reliance and damages" and that the landlord had knowledge of the alleged defect at the time of the lease's execution. *Owens*, 288 Va. At 498; *Guy v. Tidewater Inv. Props.*, 41 Va. Cir. 218, 230-31 (1996). None are present here.

In their Reply brief, Plaintiffs again pointed to generic and conclusory allegations in ¶¶766,

---

[3] TMO is not a Defendant.

771, and 778 of the TAC (ECF 51, p. 6), which fail to satisfy even the most lenient pleading requirements. For example, as a group, Plaintiffs allege that had they known in advance "of the actual nature of the Defendants' leasing and property management practices and the actual condition of the units, they would not have entered into the leases on the terms proposed by defendants." TAC, ¶ 766. But this omits any alleged facts about the terms proposed by Defendants or the basis for Plaintiffs' alleged reliance. Likewise, their claim of damages is merely a general statement about out-of-pocket costs and overpayment of their BAH without any supporting facts. TAC, ¶¶ 771, 778. *Childers v. Woodlawn Funeral & Crematory*, 99 Va. Cir. 388, 397 (Cir. Ct. 2018) ("Damages that are contingent, speculative, and uncertain are not recoverable because they cannot be established with reasonable certainty.") (quoting *Sunrise Continuing Care, LLC v. Wright*, 277 Va. 148, 154, 671 S.E.2d 132, 135 (2009)).

As demonstrated by the forgoing, Plaintiffs have failed to state a cause of action under the VCPA because the TAC lacks particularity or allegations constituting misrepresentation, reliance, and damages.

### B. *Plaintiffs' Claims Under the Virginia Consumer Protection Act Are Time Barred*

Section 59.1-204.1 of the VCPA requires that any action be brought within two years after the initial accrual. In an action for a violation of the VCPA based on misrepresentation, deception, or fraud, accrual begins at time of discovery or "by the exercise of due diligence reasonably should have been discovered." Va. Code Ann. § 8.01-249(1).

The TAC at ¶ 741 alleges that Defendants engaged in prohibited practices under § 59.1-200 by (a) offering, marketing, and leasing housing to Plaintiffs that had defects in excess of what was acceptable or reasonable; (b) offering, marketing, and leasing housing to Plaintiffs that had water intrusion and mold contamination in excess of what was acceptable or reasonable; (c) marketing lease offerings as having excellent customer service, repair and maintenance; (d)

receiving BAH payments based on assumptions that payments were for reasonable and safe housing; (e) conducting, sponsoring, or participating in resident satisfaction surveys and using survey results to avoid oversight; (f) maintaining inaccurate, incomplete, and unreliable customer service repair and maintenance records; and (g) breaching the implied warranty of habitability. Because the initial Complaint in this matter was filed on March 16, 2022, any right of action for a claim under the VCPA must have accrued **on or after March 16, 2020**.

In their Reply brief in support of their Motion for Leave to Amend their Complaint (EFC 51, p. 11), Plaintiffs agreed that their claims must have accrued on or after March 16, 2020. They failed, however, to demonstrate that by the exercise of due diligence, Plaintiffs John and Ashley Fischer, Jorge and Raven Roman, John and Cassandra Lane, Jennifer Cocco, James and Abnie Hunt, Andrew Armstrong and Leslie Gonzalez, Tabitha and Raymond Warden, and James and Christine Wayenberg reasonably did not discover any alleged fraud, misrepresentation, or deception until after such date. As the TAC makes clear, the accrual of claims for these 15 Plaintiffs was prior to March 16, 2020.

Because the below Plaintiffs are time-barred from bringing a VCPA claim, they are neither class members nor capable of being class representatives as to this claim. *Great Rivers Coop. v. Farmland Indus.*, 120 F.3d 893, 899 (8th Cir. 1997) (upholding dismissal of a claim because the plaintiff "is not and cannot be a class member because his claim is time barred; consequently, he cannot represent the class."); *Kelley v. Galveston Autoplex*, 196 F.R.D. 471, 477 n.3 (S.D. Tex. 2000) (holding that when a plaintiff's claim is time-barred, he cannot represent a class because he is not a member of the class he seeks to represent); *Wetzel v. Liberty Mut. Ins. Co.*, 508 F.2d 239, 246 (3d Cir. 1975) (holding potential class members who do not meet the statute of limitations are barred from joining the class).

Moreover, because 15 Plaintiffs are barred or partially barred from bringing a claim under the VCPA, such claim lacks the requisite common question of law and claims and defenses typical to the class. Fed. R. Civ P. 23(a)(2)-(3). *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 80 (2d Cir. 2015) (A class's common contention "must be of such a nature that it is capable of classwide resolution"). Rather, as demonstrated below, this claim would require the court to examine questions of fact and law solely related to individual members that predominate over issues common to all class members, which is not permitted in a class action suit. Fed. R. Civ P. 23(b)(3). "If, to make a prima facie showing on a given question, the members of a proposed class will need to present evidence that varies from member to member, then it is an individual question. If the same evidence will suffice for each member to make a prima facie showing, then it becomes a common question." *Blades v. Monsanto Co.*, 400 F.3d 562, 566 (8th Cir. 2005). Here, determining whether the statute of limitations is met would require each class member to present evidence, subject to dispute from Defendants, of when their claim under the VCPA arose. As such, all named and proposed class members are barred from bringing a VCPA claim.

<u>The Fischers</u>

Plaintiffs allege that the Fischers experienced housing issues from January 2018 to December 2019, with no allegations of wrongdoing or discovery past that point.

Per the TAC, in January 2018, the Fischers reported defects at the Kezia Trail property which were allegedly never fixed by the maintenance staff. TAC ¶¶ 97-98. In October 2018, January 2019, and June 2019, the Fishers allegedly reported issues with their HVAC, including visible water damage, which was not properly repaired. *Id*. at ¶¶ 99-102. With each alleged report, the landlord's representative allegedly made "false and fraudulent" statements about the condition

of the HVAC[4]. *Id*. at ¶ 102. In June 2019, the Fischers allege they discovered mold in their ducts that was "improperly" handled by a maintenance worker and were "falsely advised" regarding alleged water damage. *Id*. at ¶¶ 104-105. The Fischers allege they continued to have mold issues at the Kezia Trail home through August 2019, including "false and unfair and deceptive" representations from Defendants. *Id*. at ¶¶ 106-113 (quote from ¶ 113). In August 2019, the Fischers allege they moved to Soldier Road, where they allegedly encountered mold issues, including mold in the HVAC. *Id*. at ¶¶ 123-129. The HVAC was replaced in December 2019. *Id*. at ¶ 130.

Such allegations demonstrate that any discovery of defects in the home and alleged misrepresentation by Defendants was or should have been reasonably discovered well before March 2020. As such, the Fischers are time-barred from bringing a claim under the VCPA.

### *The Romans*

Similarly, all allegations related to the Roman family occurred between May 2018 and September 2019, with no allegations past that point.

Per the TAC, the Romans noted alleged issues with their Stable Court home when they moved in May 2018, including pests and mold. *See* TAC ¶¶ 143-153. In the first weeks of living there, the Romans allege Defendants "were not providing the excellent housing product they had promised" and that the home was "unsanitary and unsafe." *Id*. ¶¶ 145, 147. Plaintiffs allege that over the next few months the Romans continued to have issues, including pests, water intrusion, and mold, that were not investigated nor properly handled by Defendants. *Id*. ¶¶ 154-204. Due to the alleged condition of the home, the Romans allege they moved out of the Stable Court house

---

[4] These conclusory allegations with no understanding of what was said or why such statements were false or fraudulent further demonstrate the severe lack of particularity pled.

in September 2018 and subsequently (the same month) discovered mold had "visibly spread throughout the entire home." *Id*. ¶¶ 211-226.

In September 2018, the Romans allege they moved into a home on Jadwin Loop. *Id*. ¶ 231. From November 2018 to March 2019, they allege they reported several issues in the home, including mold, which were not properly investigated or handled by Defendants. *Id*. ¶¶ 235-266. In April 2019, the home was remediated, yet the Romans allege they continued to have issues that were not properly investigated nor handled by Defendants, leading to their displacement in August 2019. *Id*. ¶¶ 267-290. Alleging "inherently unfair and deceptive" tactics (with no supporting facts), the Romans left Fort Belvoir in September 2019. *Id*. ¶¶ 293-296.

As such, any claim accrued by September 2019 and the Romans are time-barred from bringing a claim under the VCPA.

*The Lanes*

The Lanes resided at Fort Belvoir from April 21, 2015 to June 2018 and all of their allegations are contained within this time frame. TAC at ¶¶ 298-312. During this time, they allege they found mold, which was not handled properly by maintenance despite assurances it was under control. ¶¶ 300-305. Because all their complaints occurred well before March 2020, any claims they seek to assert under the VCPA are time-barred.

*The Coccos*

Plaintiffs allege the Cocco family resided at Fort Belvoir from May 2017 to September 2019. TAC, ¶ 322. They allege they reported issues with their Barlow Road home from January 2019 to July 2019, including mold in the bathroom and HVAC unit. TAC, ¶¶ 324-330. Upon moving into a home on Maloney Road, the Coccos allege they continued to have issues with mold, leading to their displacement in September 2019. *Id*., ¶¶ 331-336. As they make no allegations

past 2019, their claim under the VCPA is time-barred.

### The Hunts

Plaintiffs allege issues with three homes on Fort Belvoir related to the Hunt family, however, only allegations related to the third home *may* fall within the statute of limitations. TAC, ¶ 550. The Hunts allege they lived in the first home, on Hannah Lane, from June 2014 to July 2019. *Id*., ¶¶ 552, 562. During this time, they allege they discovered mold and Defendants conducted "improper remediation," causing the mold to return the home. *Id*. ¶¶ 555-557. Work continued on the home until December 2019. *Id*., ¶ 561.

From July through October 2019, the Hunts allege they lived at a home on Barlow Road. *Id*., ¶ 562. Due to alleged mold, they requested to be moved and were displaced until February 2020. *Id*. ¶¶ 563-564.

Because all the alleged events and misrepresentations occurred prior to March 2020, Plaintiffs are time-barred from asserting a claim under the VCPA related to these two homes.

### The Armstrongs

Plaintiffs allege the Armstrong family moved into their home on or about September 15, 2019, where they allege they experienced "continuing and constant water intrusion problems *since they moved in*". TAC, ¶¶ 399-400 (emphasis added). Any allegations that arose from September 2019 to March 16, 2020, are therefore time-barred.

### The Wardens

The Wardens allege that from August 2018 to present day they had "continuing and constant water intrusion problems resulting in mold and poor air quality *since they moved in*." TAC, ¶ 605. They allege during this same period of time, they "experienced health related problems because of their exposure to mold. *id*., ¶ 606. Between November 27, 2018 to March

11, 2020, they allege they submitted ten separate work orders. *Id.*, ¶ 606(1)(a-j).

Because the Wardens allege the home had issues that were not properly addressed by Defendants, their allegations from August 2018 to March 16, 2020 are time-barred.

*The Wayenbergs*

Plaintiffs allege the Wayenberg family resided in a home from October 2017 to August 2022. TAC, ¶ 616. "[S]ince they moved in," the Wayenbergs allege they had continuous and constant water intrusion problems and poor air quality that were not properly addressed by Defendants despite multiple work orders. *Id.*, ¶ 618. They allege, "[m]old in the home was clearly a reoccuring [sic] problem and the root cause was never explored, just visible signs." *Id.*, ¶ 619.

In July 2019, the Wayenbergs allege they complained that possible mold was affecting their children's health and TMO represented there was nothing significant to act upon. *Id.*, ¶ 620. In November 2019, Plaintiffs allege the Wayenbergs requested their entire home be checked for water damage. *Id.*, ¶ 623.

Because alleged issues related to a VCPA claim were known to the Wayenbergs well before March 2020, any allegations arising before March 16, 2020 are time-barred.

Based on the foregoing, Defendants request that the Court dismiss the First Claim for Relief with prejudice as to these Plaintiffs because the claims are barred by the statute of limitations, and to dismiss the claim in its entirety because if it is barred as to some members of the putative class, then it should be barred as to the entire class.

### C. *Defendants Move to Strike A Portion of Plaintiffs' Third Amended Complaint*

Defendants further move to strike a portion of the TAC under Federal Rule of Civil Procedure 12(f) as redundant, immaterial, impertinent, and scandalous matter.

Specifically, Defendants move to strike the allegation below. Defendants moved to strike

this paragraph before, Plaintiffs agreed to remove it from their Second Amended Complaint, and now they have added it again in the Third Amended Complaint. This allegation should be stricken because it asserts accusations against a non-party that Plaintiffs voluntarily dismissed from the action. This allegation also has no bearing on Plaintiffs' claims regarding their current and former housing at Fort Belvoir and serves merely to prejudice Defendants by seeking to suggest that Defendants are *somehow* responsible for, or implicated by, issues and events involving entirely different parties and totally different circumstances. The allegation in question is:

> 696. On March 10, 2021, the House Armed Services Committee on military personnel conducted a hearing as part of their investigation of military housing. Clark Realty Capital declined to participate in the hearing, drawing the ire of top committee members. Committee Chairwoman Speier stated "We have heard and seen firsthand horror stories in these houses, from mold, to water leaks to incorrect lead abatement that has directly affected the health and safety of these families." At the hearing, Speier and other lawmakers said that they were recently briefed by housing advocates from Fort Belvoir who described "disturbing conditions" at housing on the post. Representative Speier further stated: "I want to call out the irresponsible conduct of Clark Realty. I want to convey to them that you can run, but you can't hide." She noted that in the closed session with military family advocates, lawmakers heard serious complaints about some of the Clark properties, including continued resident dissatisfaction at Fort Belvoir "due to shoddy maintenance and improper remediation of environmental hazards."[5]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their Motion to Dismiss Plaintiffs' VCPA Claim and dismiss the First Claim for Relief. Defendants also respectfully request that this Court grant their Motion to Strike and strike Paragraph 696 from the Third Amended Complaint.

---

[5] It appears the only change between the First and Third Amended Complaint is Plaintiffs' removed the last sentence, which stated "These statements all under the law directly relate to the liability of FBRC."

Respectfully submitted,

   */s/ Kathryn E. Bonorchis*
Kathryn E. Bonorchis #80007
Joseph Doukmetzian, #91685
Carly Chick, Admitted *Pro Hac Vice*
LEWIS BRISBOIS BISGAARD & SMITH LLP
100 Light Street, Suite 1300
Baltimore, Maryland, 21202
Telephone: 410-525-6409
Fax: 410-779-3910
Kathryn.Bonorchis@lewisbrisbois.com
Joseph.Doukmetzian@lewisbrisbois.com
Carly.Chick@lewisbrisbois.com
*Attorneys for Defendants*

Richard G. Morgan, Admitted *Pro Hac Vice*
Tina Syring-Petrocchi, Admitted *Pro Hac Vice*
Emily Suhr, Admitted *Pro Hac Vice*
LEWIS BRISBOIS BISGAARD & SMITH LLP
Wells Fargo Center
90 South 7th Street, Suite 2800
Minneapolis, Minnesota 55402
Phone: 612.428.5000
Fax: 612.428.5001
Richard.Morgan@lewisbrisbois.com
Tina.Syring@lewisbrisbois.com
Emily.Suhr@lewisbrisbois.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of December, 2022, a copy of the foregoing Memorandum in Support of Motion to Dismiss VCPA Claim was served electronically through CM/ECF to counsel for Plaintiffs:

David Hilton Wise, VA Bar No. 30828
Joseph M. Langone, VA Bar No. 43543
WISE LAW FIRM PLC
10640 Page Avenue, Suite 320
Fairfax, Virginia 22030
Phone: 703-934-6377
dwise@wiselaw.pro
jlangone@wiselaw.pro

Joel R. Rhine, NC State Bar No. 16028
Martin A. Ramey, NC State Bar No. 33617
Ruth A. Sheehan, NC State Bar No. 48069
RHINE LAW FIRM, P.C.
1612 Military Cutoff Rd., Suite 300
Wilmington, NC 28403
Phone: 910-772-9960
jrr@rhinelawfirm.com
mjr@rhinelawfirm.com
RAS@rhinelawfirm.com

Mona Lisa Wallace, NC Bar No. 009201
John Hughes, NC State Bar No. 22126
WALLACE AND GRAHAM, PA.
525 N. Main Street
Salisbury, NC 28144
Phone: 704-633-5244
mwallace@wallacegraham.com
jhughes@wallacegraham.com

John A. Yanchunis, FL Bar No. 324681
Kenya Reddy, FL Bar No. 459933
MORGAN & MORGAN LAW FIRM
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Phone: 813-223-5505
JYanchunis@ForThePeople.com
KReddy@ForThePeople.com

                                                  /s/ *Kathryn E. Bonorchis*
                                                  Kathryn E. Bonorchis