IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Chief Petty Officer JOHN FISCHER and ASHLEY FISCHER, et al. <br><br> Plaintiffs <br><br> v. <br><br> FORT BELVOIR RESIDENTIAL COMMUNITIES LLC, et al. <br><br> Defendants | * <br> * <br> * <br> * <br> * <br> *   Case No. 1:22-cv-00286 <br> * <br> * <br> * <br> * <br> * |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL FURTHER DISCOVERY FROM THE FISCHER, ROMAN, AND LANE PLAINTIFFS**

Defendants, Fort Belvoir Residential Communities LLC, and Michaels Management Services, Inc., by and through their counsel, and pursuant to Fed. R. Civ. P. 37(a) and LCvR 37, file this Motion to Compel Plaintiffs John Fischer, Ashley Fischer, Jorge Roman, Raven Roman, John Lane, and Cassandra Lane (collectively "Plaintiffs")[1] to supplement their responses to Defendants' Requests for Production and Interrogatories.

Specifically, Defendants seek an order directing Plaintiffs to produce the following:

(1) All social media activity, including posts, comments to posts, and direct messages for the Belvoir Housing Advocacy Group (Facebook and Twitter);

(2) All social media activity, including posts, comments to posts, and direct messages for the Facebook groups Fort Belvoir Spouses Connection, Fort Belvoir Spouses, and Wives at Fort Belvoir;

(3) All social media activity, including posts, comments to posts, and direct messages for

---

[1] For purposes of this Motion, "Plaintiffs" refers only to the Fischers, Romans, and Lanes, and not any of the other named plaintiffs who were added after discovery began.

1

       the Facebook account Donuts for Rhett (only to the extent such posts reference mold, military housing, allegations asserted in this lawsuit, Fort Belvoir, etc.);

(4) All social media activity, including posts, comments to posts, and direct messages for the Lane family;

(5) All emails to and from the Belvoir Housing Advocacy Group;

(6) All emails in the possession of the Lane family related to this lawsuit and Plaintiffs' claims;

(7) All text messages to or from any Plaintiff related to the lawsuit that have not yet been produced;

(8) A list of Medical providers for the Lane family;

(9) A list of Medical providers for the Roman family;

(10) All reciepts, invoices, or other evidence of out-of-pocket expenses incured, or in the alternate, a definitive statement that no such costs were incurred.

## INTRODUCTION

This case involves a landlord-tenant dispute concerning allegations by Plaintiffs regarding their former military family housing located at the U.S. Army Garrison Fort Belvoir in Fairfax County, Virginia.

On October 24, 2022, Defendants served discovery on Plaintiffs. Plaintiffs' initial responses were grossly deficient. As such, Defendants sought supplemental disclosures, which Plaintiffs agreed to. Specifically, the parties agreed that Plaintiffs would produce any and all social media activity, emails, and text messages for each Plaintiff as well as the advocacy groups they belong to, medical records (if available) and a list of medical providers from five years prior to moving to Fort Belvoir to the present, and documents related to out-of-pocket expenses and

2

damages claimed by each Plaintiff.

On December 23, 2022, Plaintiffs supplemented their responses but still failed to produce all of the requested and responsive documents and information. As Plaintiffs have waived objections by agreeing to produce the information and Defendants are entitled to the documents and responses under Fed. R. Civ. P. 26(b), Defendants respectfully move this Court for an Order compelling further responses as detailed below. Plaintiffs' continued delays to produce their responsive documents has impacted Defendants' ability to assess their claims and preparations for the Plaintiffs' depositions, which are scheduled for January 5 (Fischers), January 6 (Lanes) and January 11 (Romans).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 16, 2022, Plaintiffs John and Ashley Fischer and Jorge and Raven Roman filed the initial Complaint in this matter. ECF 1. On August 8, 2022, Plaintiffs filed a Second Amended Complaint, adding Plaintiffs John and Cassandra Lane. ECF 14. The current operative complaint, Third Amended Complaint ("TAC") filed December 9, 2022, includes these six Plaintiffs plus an additional 26 Plaintiffs. ECF 56.

On October 19, 2022, this Court issued its Rule 16(b) Scheduling Order, which requires all discovery be conducted by March 17, 2023. ECF 41.

On October 24, 2022, per Fed. R. Civ. P. 33 and 34, Defendants served a set of Interrogatories and Requests for Production on Plaintiffs John Fischer, Ashley Fischer, Jorge Roman, Raven Roman, John Lane, and Cassandra Lane. On November 23, 2022, Plaintiffs responded. These responses did not include any medical records and very limited social media activity and correspondence related to Plaintiffs' claims. The responses also lacked descriptions or supporting documents for alleged out of pocket expenses and other damages.

On December 9 and 11, 2022, noting the deficiencies in Plaintiffs' responses and document production, Defendants sent meet and confer letters seeking to informally resolve the issues. *See* Exhibit 1. On December 13, 2022, counsel for the parties met telephonically and Plaintiffs' agreed to supplement their interrogatory responses and document production by December 23, 2022. *See* Exhibit 2. Specifically, Plaintiffs agreed to produce:

1. Emails;
2. Social media;
3. Text messages;
4. Medical records in Plaintiffs' possession;
5. A list of medical providers for each family from 5 years before they lived at Fort Belvoir to the present; and
6. Receipts, invoices, etc. reflecting any out of pocket expenses Plaintiffs may be seeking. *Id*.

On December 23, 2022, Plaintiffs served supplemental interrogatory responses and document production, which addressed some, but not all of the issues identified by Defendants and agreed to by Plaintiffs. *See* Exhibit 3. These responses and the accompanying production are the subject of this motion.[2]

## LEGAL STANDARD

The scope of discovery is broad, allowing parties to obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). The discovery needs to be "reasonably calculated to lead to the discovery of admissible evidence."

---

[2] Plaintiffs did not produce supplemental responses to the Requests for Production. Attached as Exhibit 4 are their original responses (each spouse had similar requests, so only one response per family is included here).

*Id*. A party seeking discovery may move the Court to compel answers to interrogatories and to produce items if the non-moving party fails to respond. *Id*. 37(a)(3)(B). An incomplete answer to an interrogatory is treated the same as a non-answer for purposes of a motion to compel. *Id*. 37(a)(4). Generally, "the burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted." *Singletary v. Sterling Transport Co*., 289 F.R.D. 237, 241 (E.D. Va. 2012).

## DISCOVERY AT ISSUE

Attached hereto as Exhibit 5 is the precise text of the Interrogatories and Requests for Production at issue and Plaintiffs' supplemental responses.

### A. The Fischers

Interrogatories 16 and 18 directed to Ashley Ficher sought the identification of all other Fort Belvoir residents (current and present) with whom she communicated and a description of any and all social media activity related to the issues set forth in the TAC. Additionally, Document Request No. 55 sought "All documents, including emails, social media posts, text messages, and letters regarding the claims and allegations set forth in the Complaint." *See* also Requests Nos. 56-57 and 80-84.

Mrs. Fischer was a founding member of the Belvoir Housing Advocacy Group and involved in other Fort Belvoir housing groups on Facebook. As part of these groups, she was active on social media and received messages at an email address associated with the Belvoir Housing Advocacy Group ("Advocacy Group"). The Advocacy Group maintained a Facebook page (http://www.facebook.com/bhag1201), Twitter account (@BHAG_MilHousing), website

5

(https://belvoirhousingadvocacygroup.org/)[3], and email address (belvoirhousingadvocacygroup@gmail.com). She is also the founder of a Facebook group called Donuts for Rhett (https://www.facebook.com/donutsforrhett/) that has posted about how alleged mold in her home impacted her son Rhett, which is included in her TAC allegations.

Additionally, Mrs. Fischer is believed to be involved in the following private Facebook groups which contain discussions of alleged mold and housing issues, and claims asserted in this lawsuit: Fort Belvoir Spouses Connection group (https://www.facebook.com/groups/617387681682263/), Fort Belvoir Spouses group (https://www.facebook.com/groups/1628722217402505/), and Wives at Fort Belvoir group (collectively "Facebook Groups").

As Plaintiffs have placed their communications at issue in this lawsuit and there is no expectation of privacy with social media, even when posts are private, Defendants are entitled to these documents. *See*, *e.g.*, *Sines v. Kessler*, 202 U.S. Dist. LEXIS 231918 (W.D. Va. May 28, 2020) (granting the plaintiffs' motion to compel the defendant's "complete and accurate credential (or consent) to access any social media accounts" within the defendant's control that might contain discoverable information); *Tucker v. Momentive Performance Materials USA, Inc*., 2016 U.S. Dist. LEXIS 187413 (S.D. W.Va. Nov. 23, 2016); See U.S. v. Lifshitz, 369 F.3d 173, 190 (2d Cir. 2004) (there is no reasonable expectation of privacy in internet postings or e-mails that have reached their recipients); *Guest v. Leis*, 255 F.3d 325, 333 (6th Cir. 2001) (no reasonable expectation of privacy in posts on password-protected bulletin board or in e-mail that had reached its recipient); *Romano v. Steelcase Inc.*, 907 N.Y.S.2d 650, 656–57 (N.Y. Sup. Ct. 2010) (no

---

[3] Mrs. Fischer is featured as an advocate on the website: https://belvoirhousingadvocacygroup.org/?page_id=315

reasonable expectation of privacy in information published on social networking websites where plaintiff consented that information would be shared when she created the accounts).

In her initial interrogatory responses, Mrs. Fischer directed Defendants to her document production. However, the produced documents contained only minimal communications and posts from social media and no emails.

Plaintiffs agreed to supplement these responses, including any emails and social media related to the Advocacy and Facebook Groups. *See* RFP 84. In her supplemental responses, Mrs. Fischer again directed Defendants to her document production. The supplemental document production contained emails and social media activity but is still overall deficient.

First, Mrs. Fischer produced only five pages of social media activity from the Advocacy Group and no social media activity related to Donuts for Rhett or the Facebook Groups. The five pages of activity, which are from Facebook, contain only four posts without comments, even though comments are indicated. There is nothing from the Advocacy Group's Twitter account.

Second, Mrs. Fischer did not produce any direct messages for any of the above social media accounts. In some of the messages from her personal account, Mrs. Fischer directs residents to message the Advocacy Group, indicating direct messages should be present.

Third, Mrs. Fischer provided only 56 pages of emails from the Advocacy Group's email address. Many of these emails relate to the same residents and contain large portions of photographs and communication with Defendants. Considering the number of emails Defendant produced where the Advocacy Group was included, it is clear that many more emails exist than were produced. Defendants have no other means of obtaining the emails to and from this Group where Defendants were not included in the correspondence.

As such, Defendants request an order directing Mrs. Fischer to produce any and all social

7

media activity, including posts, comments to posts, and direct messages, and any and all emails related to the Belvoir Housing Advocacy Group, Donuts for Rhett, and the Facebook Groups as they relate to her claims in the TAC, as well as any and all text messages.

Interrogatory 16 to John Fischer sought a list of each and every element of damages, including all expenses incurred by the Fischer family.

In his initial responses, Mr. Fischer stated, "Plaintiffs have not yet calculated their damages (*See* Exhibit 3) and produced no related records.

Plaintiffs agreed to supplement these requests, including "[r]eceipts, invoices, etc. reflecting any out of pocket expenses [Plaintiffs] may be seeking." *See* Exhibit 2.

In his supplemental interrogatory response, Mr. Fischer agrees only to cooperate in identifying medical costs. This response does not address any other out-of-pocket costs Plaintiffs appear to be claiming (e.g. hotel costs, costs related to displacement, costs for their own testing, costs to replace personal items, etc.). In their document production, the Fischers omit any receipts, invoices, or other evidence of out-of-pocket expenses.

As such, Defendants request an Order directing the Fischers to either produce evidence of related expenses and damages or state in Mr. Fischer's response to Interrogatory No. 16 that no such expenses have been incurred.

### B. The Romans

As with the Fischers, the Romans' supplemental disclosures are deficient in social media posts, emails, texts, and damages. Additionally, the Romans have failed to provide the names of their medical providers.

Interrogatories 16 and 18 to Raven Roman sought the identification of all other Fort Belvoir residents (current and present) with whom she communicated and a description of any and all

social media activity related to the issues set forth in the TAC. Additionally, Production Requests 55-57 and 90-94 sought social media activity, including for the Advocacy Group, emails, and texts.

As with Mrs. Fischer, Mrs. Roman is a founding member of the Advocay Group and displayed on their website. She is active on social media in this role. Yet, the Romans did not produce any social media activity or texts related to the Advocacy Group or the Facebook Groups, and only minimal emails from the Advocacy Group.

As such, Defendants request an order directing Mrs. Roman to produce any and all social media activity, including posts, comments to posts, and direct messages, and any and all emails related to the Belvoir Housing Advocacy Group and Facebook Groups as they relate to her claims in the TAC, as well as any and all text messages.

Likewise, Jorge Roman's responses to Interrogatory No. 17, which seeks damages information, is deficient in the same way as Mr. Fischer's. As such, Defendants request an order directing the Romans to either produce evidence of related expenses and damages or state in Mr. Roman's response to Interrogatory No. 17 that no such expenses have been incurred.

In their supplemental responses, the Romans produced limited medical records but failed to provide the names of their providers to allow Defendants to obtain all records within the agreed-upon timeframe. During the meet and confer efforts, Plaintiffs explicitly agreed to provide a list of providers for each family for a specific period. *See* Exhibit 2.

In her supplemental response to Interrogatory No. 2, which sought medical information, Mrs. Roman stated, "The Romans are providing copies of medical records that they have. From these records can be determined the names of medical providers. If Defendants desire to use this information and these names to seek additional medical records, Plaintiffs will cooperate." In subsequent questions related medical providers (Interrogatories 3-5, 7), Mrs. Raven directed

9

Defendants to her response in No. 2. She did not provide a list of providers for her family.

As such, Defendants request an Order directing Mrs. Roman to supplement responses to Interrogatories 2-5 and 7 with a list of healthcare providers the Roman family saw in the five years preceding their move to Fort Belvoir to the present. *See* Exhibit 2.

### C. *The Lanes*

The Lanes produced extensive medical records but failed to provide a list of providers, any email or social media activity, and any evidence of damages or out-of-pocket expenses.

Defendants sought medical information from Mrs. Lane in Interrogatories 2-4 and 6. Despite agreeing in writing to provide a list of providers, Plaintiffs responded to these interrogatories by directing Defendants to the medical records to determine the names of providers.

As such, Defendants request an Order directing Mrs. Lane to supplement responses to Interrogatories 2-4 and 6 with a list of healthcare providers the Lane family saw in the five years preceding their move to Fort Belvoir to the present.

Additionally, despite assurances, Plaintiffs failed to produce any documents supporting the Lanes' claims for out of pocket-expenses and damages and Mr. Lane provided the same response to Interrogatory No. 16 regarding damages as Messers. Fischer and Roman. As such, Defendants request an order directing the Lanes to either produce evidence of related expenses and damages or state in Mr. Lane's response to Interrogatory No. 16 that no such expenses have been incurred.

Finally, the Lanes have not produced any social media activity or texts, and only six pages of emails. Defendants addressed this with Plaintiffs and they agreed to supplement their responses. However, their supplemental document production did not contain any documents outside medical records. As such, Mrs. Lane's responses to Interrogatories 14 and 16, both of which direct Defendants to her document production, and the Lanes' responses to Document Request Nos. 43-

44, 65-68 are completely deficient. Defendants request the Lanes be ordered to produce emails, texts, and social media activity responsive to these requests.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their Motion to Compel and order Plaintiffs to produce the following:

(1) All social media activity, including posts, comments to posts, and direct messages for the Belvoir Housing Advocacy Group (Facebook and Twitter);

(2) All social media activity, including posts, comments to posts, and direct messages for the Facebook groups Fort Belvoir Spouses Connection, Fort Belvoir Spouses, and Wives at Fort Belvoir;

(3) All social media activity, including posts, comments to posts, and direct messages for the Facebook account Donuts for Rhett;

(4) All social media activity, including posts, comments to posts, and direct messages for the Lane family;

(5) All emails to and from the Belvoir Housing Advocacy Group;

(6) All emails to and from the Facebook groups Fort Belvoir Spouses Connection, Fort Belvoir Spouses, and Wives at Fort Belvoir;

(7) All emails to and from the Facebook account Donuts for Rhett;

(8) All emails in the possession of the Lane family related to this lawsuit and its claims;

(9) All text message from any plaintiff related to the lawsuit that have not yet been produced;

(10)   A list of Medical providers for the Lane family;

(11)   A list of Medical providers for the Roman family;

(12) All receipts, invoices, or other evidence of out-of-pocket expenses incured, or in the alternate, a definitive statement that no such costs were incurred.

Respectfully submitted,

　 */s/ Kathryn E. Bonorchis*
Kathryn E. Bonorchis #80007
Joseph Doukmetzian, #91685
Carly Chick, Admitted *Pro Hac Vice*
LEWIS BRISBOIS BISGAARD & SMITH LLP
100 Light Street, Suite 1300
Baltimore, Maryland, 21202
Telephone: 410-525-6409
Fax: 410-779-3910
Kathryn.Bonorchis@lewisbrisbois.com
Joseph.Doukmetzian@lewisbrisbois.com
Carly.Chick@lewisbrisbois.com
*Attorneys for Defendants*

Richard G. Morgan, Admitted *Pro Hac Vice*
Tina Syring-Petrocchi, Admitted *Pro Hac Vice*
Emily Suhr, Admitted *Pro Hac Vice*
LEWIS BRISBOIS BISGAARD & SMITH LLP
Wells Fargo Center
90 South 7th Street, Suite 2800
Minneapolis, Minnesota 55402
Phone: 612.428.5000
Fax: 612.428.5001
Richard.Morgan@lewisbrisbois.com
Tina.Syring@lewisbrisbois.com
Emily.Suhr@lewisbrisbois.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of December, 2022, a copy of the foregoing Memorandum in Support of Motion to Compel was served electronically through CM/ECF to counsel for Plaintiffs:

David Hilton Wise, VA Bar No. 30828
Joseph M. Langone, VA Bar No. 43543
WISE LAW FIRM PLC
10640 Page Avenue, Suite 320
Fairfax, Virginia 22030
Phone: 703-934-6377
dwise@wiselaw.pro
jlangone@wiselaw.pro

Joel R. Rhine, NC State Bar No. 16028
Martin A. Ramey, NC State Bar No. 33617
Ruth A. Sheehan, NC State Bar No. 48069
RHINE LAW FIRM, P.C.
1612 Military Cutoff Rd., Suite 300
Wilmington, NC 28403
Phone: 910-772-9960
jrr@rhinelawfirm.com
mjr@rhinelawfirm.com
RAS@rhinelawfirm.com

Mona Lisa Wallace, NC Bar No. 009201
John Hughes, NC State Bar No. 22126
WALLACE AND GRAHAM, PA.
525 N. Main Street
Salisbury, NC 28144
Phone: 704-633-5244
mwallace@wallacegraham.com
jhughes@wallacegraham.com

John A. Yanchunis, FL Bar No. 324681
Kenya Reddy, FL Bar No. 459933
MORGAN & MORGAN LAW FIRM
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Phone: 813-223-5505
JYanchunis@ForThePeople.com
KReddy@ForThePeople.com

                                                        */s/ Kathryn E. Bonorchis*
                                                        Kathryn E. Bonorchis