# Exhibit 1



Kathryn Bonorchis
100 Light Street, Suite 1300
Baltimore, Maryland 21202
Kathryn.Bonorchis@lewisbrisbois.com

December 9, 2022

<u>**VIA ELECTRONIC MAIL ONLY**</u>

Dave Wise, Esq.
Joe Langone, Esq.
WISE LAW FIRM PLC
10640 Page Avenue, Suite 320
Fairfax, Virginia 22030
Phone: 703-934-6377
dwise@wiselaw.pro
jlangone@wiselaw.pro

  Re: Fischer, et al. v. FBRC, et al., Case No. 1:22-cv-00286
     Meet & Confer Regarding Fischer Discovery Responses

Dear Mr. Wise and Mr. Langone:

  On behalf of my clients, Defendants Fort Belvoir Residential Communities LLC (FBRC) and Michaels Management Services LLC (MMS), I am writing to address your clients, John and Ashley Fischer's (collectively, "the Fischers"), grossly deficient discovery responses. As discussed previously and in more detail herein, the Fischers failed to comply with their discovery obligations when they responded to Defendants' requests. For many Response to Defendants' Requests for Production of Documents, your clients stated, "Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted." The lawsuit was filed on March 16, 2022. Your clients have had at least eight (8) months to conduct reasonable searches of their records to provide to you in furtherance of their anticipated discovery obligations. At a bare minimum, they have had over thirty (30) days, since October 24, 2022, when Defendants served their discovery requests, to search for and produce the documents they have in their possession, custody and control.

  We ask that you agree by **Monday, December 12, 2022** and in writing, that your clients will supplement their discovery responses no later than **Friday, December 23, 2022**, or we will have no choice but to file a Motion to Compel. As you are aware, we have a narrow window of time within which to complete discovery in this case, and the Fischers are being deposed on January 5, 2023. Accordingly, time is of the essence.

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA
4878-8603-1427.1

Dave Wise
Joe Langone
December 9, 2022
Page 2

## THE FISCHERS' ANSWERS TO INTERROGATORIES

### Ashley Fischer

**Interrogatory No. 2** requested information about the medical facts and circumstances that Mrs. Fischer contends support her allegation that exposure at 9547 Kezia Trail caused injury to her or her family. Mrs. Fischer's response includes the following:

- The harm was caused not just by exposure and medical issues, but also loss of ability to use and enjoy property (private nuisance) and property manager's bullying and misleading/unfair/deceptive tenant services.
- The amended complaint does not assert a "medical-causation personal-injury claim" (Mrs. Fischer's objections also state that she is "not claiming personal injury damages"). However, Ms. Fischer also stated that Plaintiffs "reserve the right to amend the complaint as the case proceeds in the event they determine there is evidence of medical causation of personal injury or illness…"

The Fischers allege that Ashley Fischer suffered chronic migraines and what she believed to be panic attacks starting in November 2017. They allege their son R.F.'s brain tumor was diagnosed while he lived at 9547 Kezia Trail and that it grew six times the normal rate.

**Answer No. 2** is deficient because the Fischers have alleged medical claims in the First Amended Complaint and its amendments, but then assert they are "not claiming personal injury damages" while also "reserv[ing] the right to amend the complaint." The Fischers cannot avoid their discovery obligations now only to possibly amend the Complaint to pursue personal injury claims down the road. Judge Anderson indicated in Court today that there will be no further amendments. Mrs. Fischer also noted, "the Plaintiffs direct Defendants to their medical records, which they will cooperate to produce under a confidentiality order." The Protective Order was entered on November 18, 2022 – five (5) days before your clients' discovery responses were due. That is not a basis for withholding medical records and information regarding your clients' damages claim. As we only have until March 17, 2023 to complete discovery, Plaintiffs need to produce information and medical records immediately if they intend to and/or *might* pursue personal injury claims.

**Interrogatory No. 3** requested information about the medical facts and circumstances that Mrs. Fischer contends support her allegation that exposure at 9225 Soldier Road caused injury to her or her family. Mrs. Fischer's response directed us to Answer No. 2, but that is not responsive. Defendant FBRC asked Mrs. Fischer what injuries her family suffered as a result of living at 9225 Soldier Road. She failed to identify any. If the Fischers are asserting health claims and/or injuries they allege were caused by living at 9225 Soldier Road, they need to articulate what those are.

4878-8603-1427.1

Dave Wise
Joe Langone
December 9, 2022
Page 2

Mrs. Fischer's **Answers to Interrogatory Nos. 4, 5 and 7** are deficient for the same reasons discussed above.

**Interrogatory No. 9** asked your client to describe the locations within 9225 Soldier Road where the Fischers contend mold and/or water intrusion was found. Mrs. Fischer directed us to Answer No. 2, but that request concerns 9547 Kezia Trail.

**Interrogatory No. 16** asked you client to identify other Fort Belvoir residents (former and current) with whom she has communicated regarding the issues in this case, the Fischers' claims, military housing at Fort Belvoir, her advocacy efforts, and/or congressional hearings. Mrs. Fischer's objections included:

- The request intrudes on paragraph 7 of the Tenant Bill of Rights.
- The request intrudes upon confidential and private communications shared on Facebook.
- The information is readily available to Defendants.

Mrs. Fischer then responded that the identities of the residents with whom she has communicated are ascertainable from the "communications and social media posts that are being produced herewith." Mrs. Fischer produced *one* set of screenshots from *one* Facebook Live Virtual Town Hall, and two screen shots from the Belvoir Housing Advocacy Group Facebook page. Mrs. Fischer is a founding member of the Belvoir Housing Advocacy Group, yet she produced only two pages. She has posted online extensively over the years – both in public and private social media groups, yet she produced none of those communications. She also did not produce a single e-mail. As the Fischers have filed this lawsuit, they have put their claims at issue and cannot avoid their discovery obligations. Further, as discussed herein, the law is very clear that there is no expectation of privacy with social media. Kindly supplement this Answer in writing and/or with documents that are responsive to the request.

Mrs. Fischer's **Answer to Interrogatory No. 18** is deficient for the same reasons as **Answer No. 16**.

**Interrogatory No. 25** asked about prior legal actions. Mrs. Fischer disclosed a custody proceeding and Mr. Fischer's expunged DUI. She then answered, "Upon execution of a confidentiality protective order, Plaintiffs agree to provide relevant court-related documents that detail the nature of the aforementioned proceedings." The Protective Order was entered on November 18, 2022. Please supplement this response.

**John Fischer**

To the extent Mr. Fischer provided the same deficient Answers to the Interrogatories referenced above, we ask that you please supplement those Answers.

Dave Wise
Joe Langone
December 9, 2022
Page 2

**Interrogatory No. 15** asked Mr. Fischer for information regarding the Fischers' claims of physical/emotional/mental injuries and whether they have healed. He responded to see Mrs. Fischer's Answer No. 2. This response does not indicate whether any alleged ailments or issues have resolved.

**Interrogatory No. 16** seeks information as to the damages the Fischers are seeking, including a list of expenses incurred. Mr. Fischer responded, "Plaintiffs have not yet calculated their damages." At a minimum, the Fischers should be able to list the expenses already incurred (*e.g.*, from hotel stays, medical visits, moving costs, personal item replacement, etc.) or respond that they have not incurred any out-of-pocket expenses.

*************

The foregoing is not an exhaustive list. We ask that you review the Answers to Interrogatories with your clients, ascertain what additional responsive information they have, and provide supplemental Answers to Interrogatories by December 23, 2022.

## THE FISCHERS' DOCUMENT RESPONSES

In Defendants' discovery requests, they asked for, *inter alia*, all e-mails, work orders, photographs, social media and documents that the Fischers contend support their claims. The Fischers produced only 151 documents that total 534 pages, which is only a small fraction of the universe of documents that exist that are responsive to Defendants' requests.

Below are just some of the Requests that require supplementation. Where the responses are identical, I have grouped the Requests together.

*Group 1*

**No. 2:** All documents identified or referenced in the Complaint.

> **OBJECTIONS:** Plaintiff objects to the extent that the discovery request seeks information in the public domain which is as readily accessible to Defendants as it would be to Plaintiff.

> **RESPONSE:** Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

**DEFICIENCIES:** As stated above, Plaintiffs have had months to search for responsive documents. Further, any documents referenced in the Complaint (and amendments thereto) should already be in Plaintiffs' possession.

Dave Wise
Joe Langone
December 9, 2022
Page 2

### *Group 2*

**No. 13:** All documents constituting or relating to Your communications with any Defendant regarding any work orders or work order requests for the First Premises, including those related to mold or moisture conditions.

**No. 14:** All documents constituting or relating to Your communications with any Defendant regarding any work orders or work order requests for the First Premises, including those related to mold or moisture conditions.

> **OBJECTIONS:** Plaintiff objects to the extent that the discovery request seeks information which is as readily accessible to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff is informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request. Plaintiff further objects to the phrase "relating to" as it is overly broad and ambiguous renders the request unduly burdensome.

> **RESPONSE:** See work order documents produced.

**DEFICIENCIES:** The work order documents are only one portion of the universe of documents that are responsive to this request. As stated above, Mrs. Fischer did not produce a single e-mail. It is not a basis for withholding documents that Defendants may also be in possession of those documents. We produced the Fischers' work orders and hundreds of e-mails with and concerning the Fischers. If we had withheld them on the basis that your clients possess and/or should possess the same documents, you would no doubt request that we produce them. Further, they likely have non-privileged communications with other plaintiffs, residents and third parties that are responsive to these requests.

### *Group 3*

**No. 30:** All medical records that evidence, show or document physical, emotional and/or psychological injuries to any member of the Fischer Family for which You seek recovery in this lawsuit

> **OBJECTIONS:** Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion. Plaintiff further objects to the extent that medical evidence is confidential and such proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case or lead to admissible evidence.

Dave Wise
Joe Langone
December 9, 2022
Page 2

**RESPONSE:** Plaintiffs will cooperate so as to allow the parties to obtain medical records from within a reasonable time period.

**DEFICIENCIES:** Defendants did not ask for expert opinion in Request No. 30. They asked for medical records. If the Fischers intend to pursue damages for alleged personal injuries, then they are obligated to produce medical records in support of that claim.

**No. 31:** All medical records of any treatment or examination any member of the Fischer Family received from any hospital, physician, or healthcare institution who has treated or examined You or any member of the Fischer Family for any reason in the past ten (10) years

**OBJECTIONS:** Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion. Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case. Plaintiff further objects that the ten-year time term and "any treatment" scope render the request overly broad. Plaintiff further objects that Plaintiff is not claiming personal injury damages. Rather, Plaintiff is seeking, *inter alia*, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times. Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery. Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters. Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery. However, broad medical discovery such as in a personal injury case is not appropriate herein. Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:** Plaintiffs will cooperate so as to allow the parties to obtain medical records from within a reasonable time period.

**DEFICIENCIES:** Defendants did not ask for expert opinion in Request No. 31. They asked for medical records. Mrs. Fischer has alleged she suffered migraines and the Third Amended Complaint implies the family may assert a claim regarding R.F.'s brain tumor. If the Fischers intend to pursue damages for alleged personal injuries, then they are obligated to produce medical records

Dave Wise
Joe Langone
December 9, 2022
Page 2

in support of that claim and records prior to living at Fort Belvoir. Additionally, we already have a Protective Order in place so that is not a basis for withholding medical records.

## *Group 4*

**No. 45:** Any diaries, journals, letters, notes, emails, social networking postings or other documents that You have kept regarding the allegations and claims in this lawsuit, or the alleged injuries to the Fischer Family and/or damages You claim in this lawsuit.

**No. 55:** All documents, including emails, social media posts, text messages, and letters, to or from any family or individual who has, at any time, occupied the Premises or any other residence located on base at Fort Belvoir related to the claims and allegations set forth in the Complaint.

**OBJECTIONS to No. 45:** Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military or undo command influence. To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants. Plaintiff further objects insofar as the request seeks information regarding a location or locations which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence. Plaintiff further objects to the phrase "other documents" as it is overly broad and ambiguous renders the request unduly burdensome.

**OBJECTIONS to No. 55:** Plaintiff objects to the extent the request is overbroad and vague regarding all documents "regarding." Plaintiff further objects to the extent the documents sought are already in the Defendants' possession. Plaintiff further objects to the extent the discovery request seeks information subject to attorney-client or work product privilege Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further

Dave Wise
Joe Langone
December 9, 2022
Page 2

objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff further objects to the extent the request would seek work product or privileged information. Plaintiff is informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants. To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff. Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

**RESPONSE:** See public Facebook documents, produced.

**DEFICIENCIES:** Other than withholding attorney-client communications, the responses to Request Nos. 45 and 55 are utterly non-responsive. Mrs. Fischer produced only a snippet of posts from "public" social media. There is no "expectation of privacy" with social media, even when posts are in a private group, account, or messaging platform. This Court and numerous courts across the country have ordered production of social media posts and/or held there is no expectation of privacy. *See, e.g.*, *Federico v. Lincoln Military Housing, LLC*, 2014 U.S. Dist. LEXIS 178943 (E.D. Va. Dec. 31, 2014) (awarding the defendants' attorneys' fees incurred as a result of having to file a motion to compel and noting, "Although the detailed preservation letter should have signaled to Plaintiffs' counsel the seriousness with which Defendants would pursue electronic discovery, their initial response included almost no production of electronic records. In fact, most of the Plaintiffs produced no electronic media of any kind. Those that did, produced only a few printed copies of emails, but no original emails, no social media posts and no text messages."); *Sines v. Kessler*, 202 U.S. Dist. LEXIS 231918 (W.D. Va. May 28, 2020) (granting the plaintiffs' motion to compel the defendant's

Dave Wise
Joe Langone
December 9, 2022
Page 2

"complete and accurate credential (or consent) to access any social media accounts" within the defendant's control that might contain discoverable information); *Tucker v. Momentive Performance Materials USA, Inc.*, 2016 U.S. Dist. LEXIS 187413 (S.D. W.Va. Nov. 23, 2016); *See U.S. v. Lifshitz, 369 F.3d 173, 190 (2d Cir. 2004)* (there is no reasonable expectation of privacy in internet postings or e-mails that have reached their recipients); *Guest v. Leis, 255 F.3d 325, 333 (6th Cir. 2001)* (no reasonable expectation of privacy in posts on password-protected bulletin board or in e-mail that had reached its recipient); *Moreno v. Hanford Sentinel, Inc., 91 Cal. Rptr. 3d 858, 863 (Cal. App. 5th 2009)* (no reasonable expectation of privacy where affirmative act of posting writing on Myspace made it available to anyone with a computer and thus opened it up to the public); *Romano v. Steelcase Inc., 907 N.Y.S.2d 650, 656–57 (N.Y. Sup. Ct. 2010)* (no reasonable expectation of privacy in information published on social networking websites where plaintiff consented that information would be shared when she created the accounts); *Dexter v. Dexter, No. 2006-P-0051, 2007 Ohio App. LEXIS 2388, 2007 WL 1532084, at \*6 n.4 (Ohio Ct. App. May 25, 2007)* (no reasonable expectation of privacy regarding Myspace writings open to public view).

Plaintiffs filed this lawsuit; they put their claims at issue and Defendants are entitled to documents, social media posts, and communications regarding their housing at Fort Belvoir, their claims against our clients, their communications with other past and present residents, the Army, damages documents, etc. It is also not Defendants' burden to unearth and produce the universe of Plaintiffs' public social media posts or electronic communications. It is also not a basis for withholding documents that they are "already in Defendants' possession." We produced thousands of pages of communications between Defendants and your clients. We also produced hundreds of pages of social media posts. If we had withheld them, you would have no doubt requested that we produce them. The Fischers are obligated to produce the responsive documents in their possession, custody and control.

**No. 80:** Please produce all of your Facebook messenger discussions with all individuals with whom you discussed regarding the claims in this lawsuit, Your claims for damages, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant.

**No. 81:** Please produce all of your Facebook posts regarding the claims in this lawsuit, Your claims for damages, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant.

**No. 82:** Please produce all of your comments to *other* users' Facebook posts regarding the claims in this lawsuit, Your claims for damages, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant.

**No. 83:** Please produce all social media posts and comments to social media posts, *other than Facebook*, regarding the claims in this lawsuit, Your claims for damages, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant.

Dave Wise
Joe Langone
December 9, 2022
Page 2

**OBJECTIONS:** Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants. To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff. Plaintiff further objects that the request is overly broad, ambiguous and unduly burdensome, and is not relevant nor is its discovery proportional to the needs of the case. Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

**RESPONSE:** See public Facebook documents, produced.

**DEFICIENCIES:** Mrs. Fischer produced only a snippet of posts from "public" social media Regarding Facebook messenger or similar platforms, those discussions are not in the "public domain" or accessible to Defendants. Regarding social media and communications generally, there is no "expectation of privacy" with social media, even when posts are in a private group, account, or messaging platform. This Court and numerous courts across the country have ordered production of social media posts and/or held there is no expectation of privacy. *See, e.g.*, *Federico v. Lincoln Military Housing, LLC*, 2014 U.S. Dist. LEXIS 178943 (E.D. Va. Dec. 31, 2014) (awarding the defendants' attorneys' fees incurred as a result of having to file a motion to compel and noting, "Although the detailed preservation letter should have signaled to Plaintiffs' counsel the seriousness with which Defendants would pursue electronic discovery, their initial response included almost no production of electronic records. In fact, most of the Plaintiffs produced no electronic media of any kind. Those that did, produced only a few printed copies of emails, but no original emails, no social media posts and no text messages."); *Sines v. Kessler*, 202 U.S. Dist. LEXIS 231918 (W.D. Va. May

Dave Wise
Joe Langone
December 9, 2022
Page 2

28, 2020) (granting the plaintiffs' motion to compel the defendant's "complete and accurate credential (or consent) to access any social media accounts" within the defendant's control that might contain discoverable information); *Tucker v. Momentive Performance Materials USA, Inc.*, 2016 U.S. Dist. LEXIS 187413 (S.D. W.Va. Nov. 23, 2016); *See U.S. v. Lifshitz, 369 F.3d 173, 190 (2d Cir. 2004)* (there is no reasonable expectation of privacy in internet postings or e-mails that have reached their recipients); *Guest v. Leis, 255 F.3d 325, 333 (6th Cir. 2001)* (no reasonable expectation of privacy in posts on password-protected bulletin board or in e-mail that had reached its recipient); *Moreno v. Hanford Sentinel, Inc., 91 Cal. Rptr. 3d 858, 863 (Cal. App. 5th 2009)* (no reasonable expectation of privacy where affirmative act of posting writing on Myspace made it available to anyone with a computer and thus opened it up to the public); *Romano v. Steelcase Inc., 907 N.Y.S.2d 650, 656–57 (N.Y. Sup. Ct. 2010)* (no reasonable expectation of privacy in information published on social networking websites where plaintiff consented that information would be shared when she created the accounts); *Dexter v. Dexter, No. 2006-P-0051, 2007 Ohio App. LEXIS 2388, 2007 WL 1532084, at \*6 n.4 (Ohio Ct. App. May 25, 2007)* (no reasonable expectation of privacy regarding Myspace writings open to public view).

Plaintiffs filed this lawsuit; they put their claims at issue and Defendants are entitled to documents, social media posts, and communications regarding their housing at Fort Belvoir, their claims against our clients, their communications with other past and present residents, the Army, damages documents, etc. It is also not Defendants' burden to unearth and produce the universe of Plaintiffs' public social media posts or electronic communications. It is also not a basis for withholding documents that they are "already in Defendants' possession." We produced thousands of pages of communications between Defendants and your clients. We also produced hundreds of pages of social media posts. If we had withheld them, you would have no doubt requested that we produce them. The Fischers are obligated to produce the responsive documents in their possession, custody and control.

## *Group 5*

**No. 64:** All documents and communications supporting Your allegation that "Plaintiffs and class members were placed in homes with water intrusion, mold growth and pest infestations, among other conditions, and Defendants performed insufficient and untimely repairs and remediation," as alleged in Paragraph 2 of the Complaint.

**No. 65:** All documents and communications supporting Your allegation that "Plaintiffs and the class are entitled to a full refund of all their BAH payments," as alleged in Paragraph 2 of the Complaint.

**No. 66:** All documents and communications supporting Your allegation that "each Plaintiff and affected family in the class suffered a private nuisance: a substantial and unreasonable impairment of their ability to use and enjoy their property interest (a lessee occupancy interest) due to the wrongful conduct by the Defendants who misused their own property interest (owner/landlord)" as alleged in Paragraph 9 of the Complaint.

Dave Wise
Joe Langone
December 9, 2022
Page 2

**No. 67:** All documents and communications supporting Your allegation that "FBRC either did not pertinently inspect units during the pertinent times, including the named Plaintiffs' units, or, conducted an inspection that deliberately did not include seeking to determine the root cause for chronic water moisture and mold conditions in the units" as alleged in Paragraph 23 of the Complaint.

> **OBJECTIONS:** Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications. Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further objects on grounds of vagueness. Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff further objects to the extent the request would seek work product or privileged information. Plaintiff is informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

> **RESPONSE:** See documents produced in response to the requests listed above.

**DEFICIENCIES:** The documents produced are not responsive to these requests. The Fischers have the burden of proof as to their claims. It is not Defendants' burden to unearth and produce the universe of documents that *Plaintiffs'* contend support *their* claims. It is also not a basis for withholding documents that "Plaintiff is informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request." We produced thousands of pages of documents concerning your clients. If we had withheld them, you would have no doubt requested that we produce them. The Fischers are obligated to produce the responsive documents in *their* possession, custody and control, not punt responsibility and put the onus on Defendants to produce everything.

Dave Wise
Joe Langone
December 9, 2022
Page 2

*************

The foregoing is not an exhaustive list. We ask that you review the requests with your clients, ascertain what they have in their possession, custody and control, and produce the additional documents by December 23, 2022.

Please let me know if you are available for a call on Monday, December 12, 2022.

Very truly yours,

/s/ *Kathryn Bonorchis*

Kathryn Bonorchis of
LEWIS BRISBOIS BISGAARD &
SMITH LLP

4878-8603-1427.1



Kathryn Bonorchis<br>
100 Light Street, Suite 1300<br>
Baltimore, Maryland 21202<br>
Kathryn.Bonorchis@lewisbrisbois.com

December 11, 2022

**<u>VIA ELECTRONIC MAIL ONLY</u>**

Dave Wise, Esq.
Joe Langone, Esq.
WISE LAW FIRM PLC
10640 Page Avenue, Suite 320
Fairfax, Virginia 22030
Phone: 703-934-6377
dwise@wiselaw.pro
jlangone@wiselaw.pro

      Re:    Roman, et al. v. FBRC, et al., Case No. 1:22-cv-00286
               Meet & Confer Regarding Roman Discovery Responses

Dear Mr. Wise and Mr. Langone:

On behalf of my clients, Defendants Fort Belvoir Residential Communities LLC (FBRC) and Michaels Management Services LLC (MMS), I am writing to address your clients, Jorge and Raven Roman (collectively, "the Romans"), grossly deficient discovery responses. As discussed previously and in more detail herein, the Romans failed to comply with their discovery obligations when they responded to Defendants' requests. For many Response to Defendants' Requests for Production of Documents, your clients stated, "Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted." The lawsuit was filed on March 16, 2022. Your clients have had at least eight (8) months to conduct reasonable searches of their records to provide to you in furtherance of their anticipated discovery obligations. At a bare minimum, they have had over thirty (30) days, since October 24, 2022, when Defendants served their discovery requests, to search for and produce the documents they have in their possession, custody and control.

We ask that you agree by **Monday, December 12, 2022** and in writing, that your clients will supplement their discovery responses no later than **Friday, December 23, 2022**, or we will have no choice but to file a Motion to Compel. As you are aware, we have a narrow window of time within which to complete discovery in this case, and the Romans are being deposed on January 6, 2023. Accordingly, time is of the essence.

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA

MARYLAND • MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA

OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

4860-2970-0931.1

Dave Wise
Joe Langone
December 11, 2022
Page 2

## THE ROMANS' ANSWERS TO INTERROGATORIES

### Ashley Roman

**Interrogatory No. 2** requested information about the medical facts and circumstances that Mrs. Roman contends support her allegation that exposure at 5200 Stable Court caused injury to her or her family. Mrs. Roman's response includes the following:

- The harm was caused not just by exposure and medical issues, but also loss of ability to use and enjoy property (private nuisance) and property manager's bullying and misleading/unfair/deceptive tenant services.
- The amended complaint does not assert a "medical-causation personal-injury claim" (Mrs. Roman's objections also state that she is "not claiming personal injury damages"). However, Ms. Roman also stated that Plaintiffs "reserve the right to amend the complaint as the case proceeds in the event they determine there is evidence of medical causation of personal injury or illness…"

The Romans allege that they started having medical issues around September 2018, including all three children complaining of rashes, upper respiratory infections, congestion, and hacking cough. Mrs. Roman alleges that she suffered from fatigue, headaches, drastic weight loss, vision problems, rashes, light sensitivity, high blood pressure, and joint pain.

**Answer No. 2** is deficient because the Romans have alleged medical claims in the First Amended Complaint and its amendments, but then assert they are "not claiming personal injury damages" while also "reserv[ing] the right to amend the complaint." The Romans cannot avoid their discovery obligations now only to possibly amend the Complaint to pursue personal injury claims down the road. Judge Anderson indicated in Court on Friday, December 9, 2022, that there will be no further amendments. The Romans produced only 8 pages of records for C.R. and S.R., and no records for Mrs. Roman. As we only have until March 17, 2023 to complete discovery, Plaintiffs need to produce *all* information and medical records immediately if they intend to and/or *might* pursue personal injury claims.

**Interrogatory No. 3** requested information about the medical facts and circumstances that Mrs. Roman contends support her allegation that exposure at 5493 Jadwin Loop caused injury to her or her family. Mrs. Roman's response once again referenced a reservation of rights to assert additional medical claims, which is deficient for the reasons stated above. The Romans produced only 8 pages of records for C.R. and S.R., and no records for Mrs. Roman. As we only have until March 17, 2023 to complete discovery, Plaintiffs need to produce *all* information and medical records immediately if they intend to and/or *might* pursue personal injury claims.

Dave Wise
Joe Langone
December 11, 2022
Page 2

Mrs. Roman's **Answers to Interrogatory Nos. 4, 5 and 7** are deficient for the same reasons discussed above. The objections also state, "As to medical records, the Plaintiffs will cooperate so as to allow their medical records to be provided under the terms of a confidentiality protective order." The Protective Order was entered on November 18, 2022, so that is not a reason for withholding documents.

**Interrogatory No. 9** asked your client to describe the locations within 5493 Jadwin Loop where the Romans contend mold and/or water intrusion was found. Mrs. Roman directed us to Answer No. 2, but that request concerns 5200 Stable Court.

**Interrogatory No. 16** asked you client to identify other Fort Belvoir residents (former and current) with whom she has communicated regarding the issues in this case, the Romans' claims, military housing at Fort Belvoir, her advocacy efforts, and/or congressional hearings. Mrs. Roman's objections included:

- The request intrudes on paragraph 7 of the Tenant Bill of Rights.
- The request intrudes upon confidential and private communications shared on Facebook.
- The information is readily available to Defendants.

Mrs. Roman then responded with "Plaintiff refers Defendants to the social media communications and documents produced herewith, which detail the persons Plaintiff communicated with and the nature of the communication." Mrs. Roman did not produce any documents from social media or communications with other residents. Mrs. Roman is a founding member of the Belvoir Housing Advocacy Group, yet she produced no e-mails from her BHAG email account. She has posted online extensively over the years – both in public and private social media groups, yet she produced none of those communications. As the Romans have filed this lawsuit, they have put their claims at issue and cannot avoid their discovery obligations. Further, as discussed herein, the law is very clear that there is no expectation of privacy with social media. Kindly supplement this Answer in writing and/or with documents that are responsive to the request.

Mrs. Roman's **Answer to Interrogatory Nos. 17 and 18** are deficient for the same reasons as **Answer No. 16**.

**Jorge Roman**

To the extent Mr. Roman provided the same deficient Answers to the Interrogatories referenced above, we ask that you please supplement those Answers.

**Interrogatory No. 16** asked Mr. Roman for information regarding the Romans' claims of physical/emotional/mental injuries and whether they have healed. He responded to see Mrs. Roman's responses. This response does not indicate whether any alleged ailments or issues have resolved.

Dave Wise
Joe Langone
December 11, 2022
Page 2

**Interrogatory No. 17** seeks information as to the damages the Romans are seeking, including a list of expenses incurred. Mr. Roman responded, "Plaintiffs have not yet calculated their damages." At a minimum, the Romans should be able to list the expenses already incurred (*e.g.*, from hotel stays, medical visits, moving costs, personal item replacement, etc.) or respond that they have not incurred any out-of-pocket expenses.

*************

The foregoing is not an exhaustive list. We ask that you review the Answers to Interrogatories with your clients, ascertain what additional responsive information they have, and provide supplemental Answers to Interrogatories by December 23, 2022.

**THE ROMANS' DOCUMENT RESPONSES**

In Defendants' discovery requests, they asked for, *inter alia*, all e-mails, work orders, photographs, social media and documents that the Romans contend support their claims. The Romans produced only 2085 pages of documents, 982 of which are photos or videos. It appears the Romans produced approximately 20 e-mails, when hundreds exist. The Romans' document production is only a small fraction of the universe of documents that exist that are responsive to Defendants' requests. Additionally, the Responses state that documents were produced that were not. We ask you to please review the document production and responses with your clients, and supplement accordingly.

Below are just some of the Requests that require supplementation. Where the responses are identical, I have grouped the Requests together.

*__Group 1__*

**No. 2:** All documents identified or referenced in the Complaint.

    **OBJECTIONS:** Plaintiff objects to the extent that the discovery request seeks information in the public domain which is as readily accessible to Defendants as it would be to Plaintiff.

    **RESPONSE:** Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

**DEFICIENCIES:** As stated above, Plaintiffs have had months to search for responsive documents. Further, any documents referenced in the Complaint (and amendments thereto) should already be in Plaintiffs' possession.

Dave Wise
Joe Langone
December 11, 2022
Page 2

### Group 2

**No. 13:** All documents constituting or relating to Your communications with any Defendant regarding any work orders or work order requests for the First Premises, including those related to mold or moisture conditions.

**No. 14:** All documents constituting or relating to Your communications with any Defendant regarding any work orders or work order requests for the Second Premises, including those related to mold or moisture conditions.

> **OBJECTIONS:** Plaintiff objects to the extent that the discovery request seeks information which is as readily accessible to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff is informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request. Plaintiff further objects to the phrase "relating to" as it is overly broad and ambiguous renders the request unduly burdensome.

> **RESPONSE:** Plaintiffs will produce relevant responsive documents and communications with any Defendant regarding work orders that were obtained after a reasonable search was conducted.

**DEFICIENCIES:** As stated above, Plaintiffs have had months to search for responsive documents. It is not a basis for withholding documents that Defendants may also be in possession of those documents. We produced the Romans' work orders and hundreds of e-mails with and concerning the Romans. If we had withheld them on the basis that your clients possess and/or should possess the same documents, you would no doubt request that we produce them. Further, they likely have non-privileged communications with other plaintiffs, residents and third parties that are responsive to these requests.

### Group 3

**No. 30:** All medical records that evidence, show or document physical, emotional and/or psychological injuries to any member of the Roman Family for which You seek recovery in this lawsuit

> **OBJECTIONS:** Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion. Plaintiff further objects to the extent that medical evidence is confidential and such proof is not

4860-2970-0931.1

Dave Wise
Joe Langone
December 11, 2022
Page 2

necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case or lead to admissible evidence.

**RESPONSE:** Plaintiffs will cooperate so as to allow the parties to obtain medical records from within a reasonable time period.

**DEFICIENCIES:** Defendants did not ask for expert opinion in Request No. 30. They asked for medical records. The Romans produced two records for C.R. and S.R. totaling 8 pages and no records for Mrs. Roman. If the Romans intend to pursue damages for alleged personal injuries, then they are obligated to produce medical records in support of that claim.

**No. 31:** All medical records of any treatment or examination any member of the Roman Family received from any hospital, physician, or healthcare institution who has treated or examined You or any member of the Roman Family for any reason in the past ten (10) years

**OBJECTIONS:** Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion. Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case. Plaintiff further objects that the ten-year time term and "any treatment" scope render the request overly broad. Plaintiff further objects that Plaintiff is not claiming personal injury damages. Rather, Plaintiff is seeking, *inter alia*, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times. Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery. Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters. Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery. However, broad medical discovery such as in a personal injury case is not appropriate herein. Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:** Plaintiffs will cooperate so as to allow the parties to obtain medical records from within a reasonable time period.

Dave Wise
Joe Langone
December 11, 2022
Page 2

**DEFICIENCIES:** Defendants did not ask for expert opinion in Request No. 30. They asked for medical records. The Romans produced two records for C.R. and S.R. totaling 8 pages and no records for Mrs. Roman. If the Romans intend to pursue damages for alleged personal injuries, then they are obligated to produce medical records in support of that claim and records prior to living at Fort Belvoir. Additionally, we already have a Protective Order in place so that is not a basis for withholding medical records.

### *Group 4*

**No. 45:** Any diaries, journals, letters, notes, emails, social networking postings or other documents that You have kept regarding the allegations and claims in this lawsuit, or the alleged injuries to the Roman Family and/or damages You claim in this lawsuit.

**No. 55:** All documents, including emails, social media posts, text messages, and letters, to or from any family or individual who has, at any time, occupied the Premises or any other residence located on base at Fort Belvoir related to the claims and allegations set forth in the Complaint.

> **OBJECTIONS to No. 45:** Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military or undo command influence. To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants. Plaintiff further objects insofar as the request seeks information regarding a location or locations which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence. Plaintiff further objects to the phrase "other documents" as it is overly broad and ambiguous renders the request unduly burdensome.

> **OBJECTIONS to No. 55:** Plaintiff objects to the extent the request is overbroad and vague regarding all documents "regarding." Plaintiff

Dave Wise
Joe Langone
December 11, 2022
Page 2

further objects to the extent the documents sought are already in the Defendants' possession. Plaintiff further objects to the extent the discovery request seeks information subject to attorney-client or work product privilege Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff further objects to the extent the request would seek work product or privileged information. Plaintiff is informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants. To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff. Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

**RESPONSE:** Plaintiffs are producing relevant, responsive nonprivileged social media postings regarding the damages sustained as a result of the housing conditions at Fort Belvoir.

**DEFICIENCIES:** Other than withholding attorney-client communications, the responses to Request Nos. 45 and 55 are utterly non-responsive. The Romans did not produce any social media posts. There is also no such thing as a "privileged social media post" unless the Romans have communicated with their lawyers in a private social media chat. Further, there is no "expectation of

Dave Wise
Joe Langone
December 11, 2022
Page 2

privacy" with social media, even when posts are in a private group, account, or messaging platform. This Court and numerous courts across the country have ordered production of social media posts and/or held there is no expectation of privacy. *See, e.g.*, *Federico v. Lincoln Military Housing, LLC*, 2014 U.S. Dist. LEXIS 178943 (E.D. Va. Dec. 31, 2014) (awarding the defendants' attorneys' fees incurred as a result of having to file a motion to compel and noting, "Although the detailed preservation letter should have signaled to Plaintiffs' counsel the seriousness with which Defendants would pursue electronic discovery, their initial response included almost no production of electronic records. In fact, most of the Plaintiffs produced no electronic media of any kind. Those that did, produced only a few printed copies of emails, but no original emails, no social media posts and no text messages."); *Sines v. Kessler*, 202 U.S. Dist. LEXIS 231918 (W.D. Va. May 28, 2020) (granting the plaintiffs' motion to compel the defendant's "complete and accurate credential (or consent) to access any social media accounts" within the defendant's control that might contain discoverable information); *Tucker v. Momentive Performance Materials USA, Inc.*, 2016 U.S. Dist. LEXIS 187413 (S.D. W.Va. Nov. 23, 2016); *See U.S. v. Lifshitz, 369 F.3d 173, 190 (2d Cir. 2004)* (there is no reasonable expectation of privacy in internet postings or e-mails that have reached their recipients); *Guest v. Leis, 255 F.3d 325, 333 (6th Cir. 2001)* (no reasonable expectation of privacy in posts on password-protected bulletin board or in e-mail that had reached its recipient); *Moreno v. Hanford Sentinel, Inc., 91 Cal. Rptr. 3d 858, 863 (Cal. App. 5th 2009)* (no reasonable expectation of privacy where affirmative act of posting writing on Myspace made it available to anyone with a computer and thus opened it up to the public); *Romano v. Steelcase Inc., 907 N.Y.S.2d 650, 656–57 (N.Y. Sup. Ct. 2010)* (no reasonable expectation of privacy in information published on social networking websites where plaintiff consented that information would be shared when she created the accounts); *Dexter v. Dexter, No. 2006-P-0051, 2007 Ohio App. LEXIS 2388, 2007 WL 1532084, at *6 n.4 (Ohio Ct. App. May 25, 2007)* (no reasonable expectation of privacy regarding Myspace writings open to public view).

Plaintiffs filed this lawsuit; they put their claims at issue and Defendants are entitled to documents, social media posts, and communications regarding their housing at Fort Belvoir, their claims against our clients, their communications with other past and present residents, the Army, damages documents, etc. It is also not Defendants' burden to unearth and produce the universe of Plaintiffs' public social media posts or electronic communications. It is also not a basis for withholding documents that they are "already in Defendants' possession." We produced thousands of pages of communications between Defendants and your clients. We also produced hundreds of pages of social media posts. If we had withheld them, you would have no doubt requested that we produce them. The Romans are obligated to produce the responsive documents in their possession, custody and control.

**No. 90:** Please produce all of your Facebook messenger discussions with all individuals with whom you discussed regarding the claims in this lawsuit, Your claims for damages, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant.

Dave Wise
Joe Langone
December 11, 2022
Page 2

**No. 91:** Please produce all of your Facebook posts regarding the claims in this lawsuit, Your claims for damages, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant.

**No. 92:** Please produce all of your comments to *other* users' Facebook posts regarding the claims in this lawsuit, Your claims for damages, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant.

**No. 93:** Please produce all social media posts and comments to social media posts, *other than Facebook*, regarding the claims in this lawsuit, Your claims for damages, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant.

> **OBJECTIONS:** Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants. To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff. Plaintiff further objects that the request is overly broad, ambiguous and unduly burdensome, and is not relevant nor is its discovery proportional to the needs of the case. Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

Dave Wise
Joe Langone
December 11, 2022
Page 2

**RESPONSE:** Plaintiff refers Defendants to the social media communications and postings produced in response to Request No. 15.

**DEFICIENCIES:** The Romans did not produce any social media postings or communications in response to Request No. 15 or any other request. Regarding Facebook messenger or similar platforms, those discussions are not in the "public domain" or accessible to Defendants. Regarding social media and communications generally, there is no "expectation of privacy" with social media, even when posts are in a private group, account, or messaging platform. This Court and numerous courts across the country have ordered production of social media posts and/or held there is no expectation of privacy. *See, e.g.*, *Federico v. Lincoln Military Housing, LLC*, 2014 U.S. Dist. LEXIS 178943 (E.D. Va. Dec. 31, 2014) (awarding the defendants' attorneys' fees incurred as a result of having to file a motion to compel and noting, "Although the detailed preservation letter should have signaled to Plaintiffs' counsel the seriousness with which Defendants would pursue electronic discovery, their initial response included almost no production of electronic records. In fact, most of the Plaintiffs produced no electronic media of any kind. Those that did, produced only a few printed copies of emails, but no original emails, no social media posts and no text messages."); *Sines v. Kessler*, 202 U.S. Dist. LEXIS 231918 (W.D. Va. May 28, 2020) (granting the plaintiffs' motion to compel the defendant's "complete and accurate credential (or consent) to access any social media accounts" within the defendant's control that might contain discoverable information); *Tucker v. Momentive Performance Materials USA, Inc.*, 2016 U.S. Dist. LEXIS 187413 (S.D. W.Va. Nov. 23, 2016); *See U.S. v. Lifshitz, 369 F.3d 173, 190 (2d Cir. 2004)* (there is no reasonable expectation of privacy in internet postings or e-mails that have reached their recipients); *Guest v. Leis, 255 F.3d 325, 333 (6th Cir. 2001)* (no reasonable expectation of privacy in posts on password-protected bulletin board or in e-mail that had reached its recipient); *Moreno v. Hanford Sentinel, Inc., 91 Cal. Rptr. 3d 858, 863 (Cal. App. 5th 2009)* (no reasonable expectation of privacy where affirmative act of posting writing on Myspace made it available to anyone with a computer and thus opened it up to the public); *Romano v. Steelcase Inc., 907 N.Y.S.2d 650, 656–57 (N.Y. Sup. Ct. 2010)* (no reasonable expectation of privacy in information published on social networking websites where plaintiff consented that information would be shared when she created the accounts); *Dexter v. Dexter, No. 2006-P-0051, 2007 Ohio App. LEXIS 2388, 2007 WL 1532084, at *6 n.4 (Ohio Ct. App. May 25, 2007)* (no reasonable expectation of privacy regarding Myspace writings open to public view).

Plaintiffs filed this lawsuit; they put their claims at issue and Defendants are entitled to documents, social media posts, and communications regarding their housing at Fort Belvoir, their claims against our clients, their communications with other past and present residents, the Army, damages documents, etc. It is also not Defendants' burden to unearth and produce the universe of Plaintiffs' public social media posts or electronic communications. It is also not a basis for withholding documents that they are "already in Defendants' possession." We produced thousands of pages of communications between Defendants and your clients. We also produced hundreds of pages of social media posts. If we had withheld them, you would have no doubt requested that we produce

Dave Wise
Joe Langone
December 11, 2022
Page 2

them. The Romans are obligated to produce the responsive documents in their possession, custody and control.

### *Group 5*

**No. 64:** All documents and communications supporting Your allegation that "Plaintiffs and class members were placed in homes with water intrusion, mold growth and pest infestations, among other conditions, and Defendants performed insufficient and untimely repairs and remediation," as alleged in Paragraph 2 of the Complaint.

**No. 65:** All documents and communications supporting Your allegation that "Plaintiffs and the class are entitled to a full refund of all their BAH payments," as alleged in Paragraph 2 of the Complaint.

**No. 66:** All documents and communications supporting Your allegation that "each Plaintiff and affected family in the class suffered a private nuisance: a substantial and unreasonable impairment of their ability to use and enjoy their property interest (a lessee occupancy interest) due to the wrongful conduct by the Defendants who misused their own property interest (owner/landlord)" as alleged in Paragraph 9 of the Complaint.

**No. 67:** All documents and communications supporting Your allegation that "FBRC either did not pertinently inspect units during the pertinent times, including the named Plaintiffs' units, or, conducted an inspection that deliberately did not include seeking to determine the root cause for chronic water moisture and mold conditions in the units" as alleged in Paragraph 23 of the Complaint.

> **OBJECTIONS:** Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications. Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further objects on grounds of vagueness. Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the

Dave Wise
Joe Langone
December 11, 2022
Page 2

Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff further objects to the extent the request would seek work product or privileged information. Plaintiff is informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:** See documents produced in response to the requests listed above.

**DEFICIENCIES:** The documents produced are not wholly responsive to these requests. The Romans have the burden of proof as to their claims. It is not Defendants' burden to unearth and produce the universe of documents that *Plaintiffs'* contend support *their* claims. It is also not a basis for withholding documents that "Plaintiff is informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request." We produced thousands of pages of documents concerning your clients. If we had withheld them, you would have no doubt requested that we produce them. The Romans are obligated to produce the responsive documents in *their* possession, custody and control, not punt responsibility and put the onus on Defendants to produce everything.

*************

The foregoing is not an exhaustive list. We ask that you review the requests with your clients, ascertain what they have in their possession, custody and control, and produce the additional documents by December 23, 2022.

Please let me know if you are available for a call on Monday, December 12, 2022.

Very truly yours,

/s/ *Kathryn Bonorchis*

Kathryn Bonorchis of
LEWIS BRISBOIS BISGAARD &
SMITH LLP



Kathryn Bonorchis
100 Light Street, Suite 1300
Baltimore, Maryland 21202
Kathryn.Bonorchis@lewisbrisbois.com

December 9, 2022

**<u>VIA ELECTRONIC MAIL ONLY</u>**

Dave Wise, Esq.
Joe Langone, Esq.
WISE LAW FIRM PLC
10640 Page Avenue, Suite 320
Fairfax, Virginia 22030
Phone: 703-934-6377
dwise@wiselaw.pro
jlangone@wiselaw.pro

   Re: Fischer, et al. v. FBRC, et al., Case No. 1:22-cv-00286
      Meet & Confer Regarding Lane Discovery Responses

Dear Mr. Wise and Mr. Langone:

   On behalf of my clients, Defendants Fort Belvoir Residential Communities LLC (FBRC) and Michaels Management Services LLC (MMS), I am writing to address your clients, John and Cassandra Lane's (collectively, "the Lanes"), grossly deficient discovery responses. As discussed previously and in more detail herein, the Lanes failed to comply with their discovery obligations when they responded to Defendants' requests. For nearly every Response to Defendants' Requests for Production of Documents, your clients stated, "Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted." The lawsuit was filed on March 16, 2022. Your clients have had at least eight (8) months to conduct reasonable searches of their records to provide to you in furtherance of their anticipated discovery obligations. At a bare minimum, they have had over thirty (30) days, since October 24, 2022, when Defendants served their discovery requests, to search for and produce the documents they have in their possession, custody and control.

   We ask that you agree by **Monday, December 12, 2022** and in writing, that your clients will supplement their discovery responses no later than **Friday, December 23, 2022**, or we will have no choice but to file a Motion to Compel. As you are aware, we have a narrow window of time within which to complete discovery in this case, and the Lanes are being deposed on January 4, 2023. Accordingly, time is of the essence.

---

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA

MARYLAND • MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA

OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

4886-1334-1250.1

Dave Wise
Joe Langone
December 9, 2022
Page 2

**THE LANES' ANSWERS TO INTERROGATORIES**

**Cassandra Lane**

**Interrogatory No. 1** requested Mrs. Lane's personal information, including her social security number. Mrs. Lane provided the last four digits of her SSN. Please provide the complete number. We can obtain that information on the phone if you do not want to exchange it electronically.

**Interrogatory No. 2** requested information about the medical facts and circumstances that Mrs. Lane contends support her allegation that exposure at 9739 Barlow Road caused injury to her or her family. Mrs. Lane response includes the following:

- The harm was caused not just by exposure and medical issues, but also loss of ability to use and enjoy property (private nuisance) and property manager's bullying and misleading/unfair/deceptive tenant services.
- The amended complaint does not assert a "medical-causation personal-injury claim" (Mrs. Lane's objections also state that she is "not claiming personal injury damages"). However, Ms. Lane also stated that Plaintiffs "reserve the right to amend the complaint as the case proceeds in the event they determine there is evidence of medical causation of personal injury or illness…"

The Lanes allege that all three (3) boys exhibited neurological issues and Aiden and Avery's eczema worsened. They allege the whole family experienced an increase in sinus problems, aggravated seasonal allergies and allergic rhinitis, respiratory issues and repeated illnesses including hand foot and mouth disease. They claim the boys had never had as many colds or illnesses before or after living there. Mrs. Lane alleges she was diagnosed with an autoimmune disease and the entire family experienced stress from "living in a home that was clearly infested with mold."

**Answer No. 2** is deficient because the Lanes have alleged medical claims in the First Amended Complaint and its amendments, but then assert they are "not claiming personal injury damages" while also "reserv[ing] the right to amend the complaint." The Lanes cannot avoid their discovery obligations now only to possibly amend the Complaint to pursue personal injury claims down the road. As we only have until March 17, 2023 to complete discovery, Plaintiffs need to produce information and medical records immediately if they intend to and/or *might* pursue personal injury claims.

Mrs. Lane's Answers to **Interrogatory Nos. 3, 4 and 6** are deficient for the same reasons above, but are also deficient because the responses state, "As to medical records, the Plaintiffs will cooperate so as to allow their medical records to be provided under the terms of a confidentiality protective order." The Protective Order was entered on November 18, 2022 – five (5) days before

Dave Wise
Joe Langone
December 9, 2022
Page 2

your clients' discovery responses were due. That is not a basis for withholding medical records and information regarding your clients' damages claim.

**Interrogatory No. 16** asked your client for information about her internet or social media activity regarding, *inter alia*, the issues asserted in the Complaint. The Answer was Response: "Plaintiff Cassandra Lane's social media activity related to housing conditions has been produced, or will be produced if other posts regarding those conditions, or the family's related health problems, are discovered. At the time of the Lanes' residency at Ft. Belvoir, Plaintiff participated in a residents' group on Facebook." The Lanes have not produced any social media documents and need to supplement both this Answer and their document production.

**John Lane**

To the extent Mr. Lane provided the same deficient Answers to the Interrogatories referenced above, we ask that you please supplement those Answers.

**Interrogatory No. 15** asked Mr. Lane for information regarding the Lanes' claims of physical/emotional/mental injuries and whether they have healed. He responded to see Mrs. Lane's Answer No. 2. This response does not indicate whether any alleged ailments or issues have resolved.

**Interrogatory No. 16** seeks information as to the damages the Lanes are seeking, including a list of expenses incurred. Mr. Lane responded, "Plaintiffs have not yet calculated their damages." At a minimum, the Lanes should be able to list the expenses already incurred (*e.g.*, from hotel stays, medical visits, moving costs, personal item replacement, etc.) or respond that they have not incurred any out-of-pocket expenses.

*************

The foregoing is not an exhaustive list. We ask that you review the Answers to Interrogatories with your clients, ascertain what additional responsive information they have, and provide supplemental Answers to Interrogatories by December 23, 2022.

## THE LANES' DOCUMENT RESPONSES

In Defendants' discovery requests, they asked for, *inter alia*, all e-mails, work orders, photographs, social media and documents that the Lanes contend support their claims. The Lanes produced their lease, the Mold and Mildew Addendum, poor quality copies of inspection forms and their move-in form, the May 16, 2018 PCS Orders, two e-mails, and photographs (many of which are duplicates). In total, the Lanes produced only 125 pages of documents.

Dave Wise
Joe Langone
December 9, 2022
Page 2

Below are just some of the Requests that require supplementation. Where the responses are identical, I have grouped the Requests together.

### *Group 1*

**No. 2:** All documents identified or referenced in the Complaint.

**No. 4:** All work orders or work order requests for 9739 Barlow Road, Fort Belvoir, VA 22060.

**No. 5:** All documents or communications You had with Senator Murkowski and/or her staff.

**No. 10:** All documents constituting or relating to Your communications with any Defendant regarding any work orders or work order requests for the Premises, including those related to mold or moisture conditions.

> **OBJECTIONS:** Plaintiff objects to the extent that the discovery request seeks information in the public domain which is as readily accessible to Defendants as it would be to Plaintiff.

> **RESPONSE:** Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

**DEFICIENCIES:** As stated above, Plaintiffs have had months to search for responsive documents. Further, any documents referenced in the Complaint (and amendments thereto) should already be in Plaintiffs' possession. The Lanes did not produce a single work order for 9739 Barlow Road and only produced two (2) communications with the Defendants. If they have additional documents in their possession, they should produce them. If they do not, the response should reflect that information. Further, it is unclear how work orders or communications with Defendants or Senator Murkowski would be in the "public domain" unless your clients shared them in some public forum.

Finally, it is not a basis for withholding documents that Defendants may also be in possession of those documents. We produced the Lanes' lease and work orders, and will be producing additional responsive documents concerning the Lanes. If we had withheld them on the basis that your clients possess and/or should possess the same documents, you would no doubt request that we produce them.

### *Group No. 2*

**No. 20:** All medical records that evidence, show or document physical, emotional and/or psychological injuries to any member of the Lane Family for which You seek recovery in this lawsuit

Dave Wise
Joe Langone
December 9, 2022
Page 2

**OBJECTIONS:** Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion. Plaintiff further objects to the extent that medical evidence is confidential and such proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case or lead to admissible evidence.

**RESPONSE:** Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

**DEFICIENCIES:** Paragraph 310 of the Third Amended Complaint alleges, "Since the time that the family first moved into the military housing unit at Fort Belvoir, the Lane family has had health problems that can be associated with exposure to mold. These have included sinus problems; aggravated autoimmune problems; respiratory issues; sickness in the children; neurological issues with the children; and other adverse health effects." Defendants did not ask for expert opinion in Request No. 20. They asked for medical records. If the Lanes intend to pursue damages for alleged personal injuries, then they are obligated to produce medical records in support of that claim.

**No. 21:** All medical records of any treatment or examination any member of the Lane Family received from any hospital, physician, or healthcare institution who has treated or examined You or any member of the Lane Family for any reason in the past ten (10) years

**OBJECTIONS:** Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion. Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case. Plaintiff further objects that the ten-year time term and "any treatment" scope render the request overly broad. Plaintiff further objects that Plaintiff' is not claiming personal injury damages. Rather, Plaintiff is seeking, *inter alia*, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times. Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery. Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters. Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery. However, broad medical discovery such as in a personal injury case is not appropriate herein. Further, any

Dave Wise
Joe Langone
December 9, 2022
Page 2

medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:** Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

**DEFICIENCIES:** Paragraph 310 of the Third Amended Complaint alleges, "Since the time that the family first moved into the military housing unit at Fort Belvoir, the Lane family has had health problems that can be associated with exposure to mold. These have included sinus problems; aggravated autoimmune problems; respiratory issues; sickness in the children; neurological issues with the children; and other adverse health effects." Defendants did not ask for expert opinion in Request No. 21. They asked for medical records. If the Lanes intend to pursue damages for alleged personal injuries, then they are obligated to produce medical records in support of that claim and records prior to living at Fort Belvoir. Additionally, we already have a Protective Order in place so that is not a basis for withholding medical records.

### *Group 3*

**No. 35:** Any diaries, journals, letters, notes, emails, social networking postings or other documents that You have kept regarding the allegations and claims in this lawsuit, or the alleged injuries to the Lane Family and/or damages You claim in this lawsuit.

**No. 44:** All documents, including emails, social media posts, text messages, and letters, to or from any family or individual who has, at any time, occupied the Premises or any other residence located on base at Fort Belvoir related to the claims and allegations set forth in the Complaint.

**OBJECTIONS:** Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military or undo command influence. To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants. Plaintiff

Dave Wise
Joe Langone
December 9, 2022
Page 2

further objects insofar as the request seeks information regarding a location or locations which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence. Plaintiff further objects to the phrase "other documents" as it is overly broad and ambiguous renders the request unduly burdensome.

**RESPONSE:** Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

**DEFICIENCIES:** Other than withholding attorney-client communications, the responses to Request Nos. 35 and 44 are utterly non-responsive. There is no "expectation of privacy" with social media, even when posts are in a private group, account, or messaging platform. This Court and numerous courts across the country have ordered production of social media posts and/or held there is no expectation of privacy. *See, e.g.*, *Federico v. Lincoln Military Housing, LLC*, 2014 U.S. Dist. LEXIS 178943 (E.D. Va. Dec. 31, 2014) (awarding the defendants' attorneys' fees incurred as a result of having to file a motion to compel and noting, "Although the detailed preservation letter should have signaled to Plaintiffs' counsel the seriousness with which Defendants would pursue electronic discovery, their initial response included almost no production of electronic records. In fact, most of the Plaintiffs produced no electronic media of any kind. Those that did, produced only a few printed copies of emails, but no original emails, no social media posts and no text messages."); *Sines v. Kessler*, 202 U.S. Dist. LEXIS 231918 (W.D. Va. May 28, 2020) (granting the plaintiffs' motion to compel the defendant's "complete and accurate credential (or consent) to access any social media accounts" within the defendant's control that might contain discoverable information); *Tucker v. Momentive Performance Materials USA, Inc.*, 2016 U.S. Dist. LEXIS 187413 (S.D. W.Va. Nov. 23, 2016); *See U.S. v. Lifshitz, 369 F.3d 173, 190 (2d Cir. 2004)* (there is no reasonable expectation of privacy in internet postings or e-mails that have reached their recipients); *Guest v. Leis, 255 F.3d 325, 333 (6th Cir. 2001)* (no reasonable expectation of privacy in posts on password-protected bulletin board or in e-mail that had reached its recipient); *Moreno v. Hanford Sentinel, Inc., 91 Cal. Rptr. 3d 858, 863 (Cal. App. 5th 2009)* (no reasonable expectation of privacy where affirmative act of posting writing on Myspace made it available to anyone with a computer and thus opened it up to the public); *Romano v. Steelcase Inc., 907 N.Y.S.2d 650, 656–57 (N.Y. Sup. Ct. 2010)* (no reasonable expectation of privacy in information published on social networking websites where plaintiff consented that information would be shared when she created the accounts); *Dexter v. Dexter, No. 2006-P-0051, 2007 Ohio App. LEXIS 2388, 2007 WL 1532084, at *6 n.4 (Ohio Ct. App. May 25, 2007)* (no reasonable expectation of privacy regarding Myspace writings open to public view).

Plaintiffs filed this lawsuit; they put their claims at issue and Defendants are entitled to documents, social media posts, and communications regarding their housing at Fort Belvoir, their claims against our clients, their communications with other past and present residents, the Army, damages documents, etc. It is also not Defendants' burden to unearth and produce the universe of

Dave Wise
Joe Langone
December 9, 2022
Page 2

Plaintiffs' public social media posts or electronic communications. It is also not a basis for withholding documents that they are "already in Defendants' possession." We produced thousands of pages of communications between Defendants and your clients. We also produced hundreds of pages of social media posts. If we had withheld them, you would have no doubt requested that we produce them. The Lanes are obligated to produce the responsive documents in their possession, custody and control.

**No. 43:** All documents, including emails, social media posts, text messages, and letters regarding the claims and allegations set forth in the Complaint.

> **OBJECTIONS:** Plaintiff objects to the extent the request is overbroad and vague regarding all documents "regarding." Plaintiff further objects to the extent the documents sought are already in the Defendants' possession. Plaintiff further objects to the extent the discovery request seeks information subject to attorney-client or work product privilege. Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff further objects to the extent the request would seek work product or privileged information. Plaintiff is informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants. To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff. Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

Dave Wise
Joe Langone
December 9, 2022
Page 2

**RESPONSE:** Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

**DEFICIENCIES:** Other than withholding attorney-client communications, this response is utterly non-responsive. There is no "expectation of privacy" with social media, even when posts are in a private group, account, or messaging platform. This Court and numerous courts across the country have ordered production of social media posts and/or held there is no expectation of privacy. *See, e.g.*, *Federico v. Lincoln Military Housing, LLC*, 2014 U.S. Dist. LEXIS 178943 (E.D. Va. Dec. 31, 2014) (awarding the defendants' attorneys' fees incurred as a result of having to file a motion to compel and noting, "Although the detailed preservation letter should have signaled to Plaintiffs' counsel the seriousness with which Defendants would pursue electronic discovery, their initial response included almost no production of electronic records. In fact, most of the Plaintiffs produced no electronic media of any kind. Those that did, produced only a few printed copies of emails, but no original emails, no social media posts and no text messages."); *Sines v. Kessler*, 202 U.S. Dist. LEXIS 231918 (W.D. Va. May 28, 2020) (granting the plaintiffs' motion to compel the defendant's "complete and accurate credential (or consent) to access any social media accounts" within the defendant's control that might contain discoverable information); *Tucker v. Momentive Performance Materials USA, Inc.*, 2016 U.S. Dist. LEXIS 187413 (S.D. W.Va. Nov. 23, 2016); *See U.S. v. Lifshitz, 369 F.3d 173, 190 (2d Cir. 2004)* (there is no reasonable expectation of privacy in internet postings or e-mails that have reached their recipients); *Guest v. Leis, 255 F.3d 325, 333 (6th Cir. 2001)* (no reasonable expectation of privacy in posts on password-protected bulletin board or in e-mail that had reached its recipient); *Moreno v. Hanford Sentinel, Inc., 91 Cal. Rptr. 3d 858, 863 (Cal. App. 5th 2009)* (no reasonable expectation of privacy where affirmative act of posting writing on Myspace made it available to anyone with a computer and thus opened it up to the public); *Romano v. Steelcase Inc., 907 N.Y.S.2d 650, 656–57 (N.Y. Sup. Ct. 2010)* (no reasonable expectation of privacy in information published on social networking websites where plaintiff consented that information would be shared when she created the accounts); *Dexter v. Dexter, No. 2006-P-0051, 2007 Ohio App. LEXIS 2388, 2007 WL 1532084, at \*6 n.4 (Ohio Ct. App. May 25, 2007)* (no reasonable expectation of privacy regarding Myspace writings open to public view).

Plaintiffs filed this lawsuit; they put their claims at issue and Defendants are entitled to documents, social media posts, and communications regarding their housing at Fort Belvoir, their claims against our clients, their communications with other past and present residents, the Army, damages documents, etc. It is also not Defendants' burden to unearth and produce the universe of Plaintiffs' public social media posts or electronic communications. It is also not a basis for withholding documents that they are "already in Defendants' possession." We produced thousands of pages of communications between Defendants and your clients. We also produced hundreds of pages of social media posts. If we had withheld them, you would have no doubt requested that we produce them. The Lanes are obligated to produce the responsive documents in their possession, custody and control.

Dave Wise
Joe Langone
December 9, 2022
Page 2

**No. 65:** Please produce all of your Facebook messenger discussions with all individuals with whom you discussed regarding the claims in this lawsuit, Your claims for damages, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant.

**No. 66:** Please produce all of your Facebook posts regarding the claims in this lawsuit, Your claims for damages, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant.

**No. 67:** Please produce all of your comments to *other* users' Facebook posts regarding the claims in this lawsuit, Your claims for damages, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant.

**No. 68:** Please produce all social media posts and comments to social media posts, *other than Facebook*, regarding the claims in this lawsuit, Your claims for damages, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant.

> **OBJECTIONS:** Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants. To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff. Plaintiff further objects that the request is overly broad, ambiguous and unduly burdensome, and is not relevant nor is its discovery proportional to the needs of the case. Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

Dave Wise
Joe Langone
December 9, 2022
Page 2

**RESPONSE:** Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

**DEFICIENCIES:** Regarding Facebook messenger or similar platforms, those discussions are not in the "public domain" or accessible to Defendants. The Lanes have not "adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff" so that objection has no merit. Regarding social media and communications generally, other than withholding attorney-client communications, the Lanes responses to Request Nos. 65-68 are utterly non-responsive. There is no "expectation of privacy" with social media, even when posts are in a private group, account, or messaging platform. This Court and numerous courts across the country have ordered production of social media posts and/or held there is no expectation of privacy. *See, e.g.*, *Federico v. Lincoln Military Housing, LLC*, 2014 U.S. Dist. LEXIS 178943 (E.D. Va. Dec. 31, 2014) (awarding the defendants' attorneys' fees incurred as a result of having to file a motion to compel and noting, "Although the detailed preservation letter should have signaled to Plaintiffs' counsel the seriousness with which Defendants would pursue electronic discovery, their initial response included almost no production of electronic records. In fact, most of the Plaintiffs produced no electronic media of any kind. Those that did, produced only a few printed copies of emails, but no original emails, no social media posts and no text messages."); *Sines v. Kessler*, 202 U.S. Dist. LEXIS 231918 (W.D. Va. May 28, 2020) (granting the plaintiffs' motion to compel the defendant's "complete and accurate credential (or consent) to access any social media accounts" within the defendant's control that might contain discoverable information); *Tucker v. Momentive Performance Materials USA, Inc.*, 2016 U.S. Dist. LEXIS 187413 (S.D. W.Va. Nov. 23, 2016); *See U.S. v. Lifshitz, 369 F.3d 173, 190 (2d Cir. 2004)* (there is no reasonable expectation of privacy in internet postings or e-mails that have reached their recipients); *Guest v. Leis, 255 F.3d 325, 333 (6th Cir. 2001)* (no reasonable expectation of privacy in posts on password-protected bulletin board or in e-mail that had reached its recipient); *Moreno v. Hanford Sentinel, Inc., 91 Cal. Rptr. 3d 858, 863 (Cal. App. 5th 2009)* (no reasonable expectation of privacy where affirmative act of posting writing on Myspace made it available to anyone with a computer and thus opened it up to the public); *Romano v. Steelcase Inc., 907 N.Y.S.2d 650, 656–57 (N.Y. Sup. Ct. 2010)* (no reasonable expectation of privacy in information published on social networking websites where plaintiff consented that information would be shared when she created the accounts); *Dexter v. Dexter, No. 2006-P-0051, 2007 Ohio App. LEXIS 2388, 2007 WL 1532084, at *6 n.4 (Ohio Ct. App. May 25, 2007)* (no reasonable expectation of privacy regarding Myspace writings open to public view).

Plaintiffs filed this lawsuit; they put their claims at issue and Defendants are entitled to documents, social media posts, and communications regarding their housing at Fort Belvoir, their claims against our clients, their communications with other past and present residents, the Army, damages documents, etc. It is also not Defendants' burden to unearth and produce the universe of Plaintiffs' public social media posts or electronic communications. It is also not a basis for withholding documents that they are "already in Defendants' possession." We produced thousands of pages of communications between Defendants and your clients. We also produced hundreds of pages

Dave Wise
Joe Langone
December 9, 2022
Page 2

of social media posts. If we had withheld them, you would have no doubt requested that we produce them. The Lanes are obligated to produce the responsive documents in their possession, custody and control.

*Group 4*

No. 51: All documents and communications supporting Your allegation that "Plaintiffs and class members were placed in homes with water intrusion, mold growth and pest infestations, among other conditions, and Defendants performed insufficient and untimely repairs and remediation," as alleged in Paragraph 2 of the Complaint.

No. 52: All documents and communications supporting Your allegation that "Plaintiffs and the class are entitled to a full refund of all their BAH payments," as alleged in Paragraph 2 of the Complaint.

No. 53: All documents and communications supporting Your allegation that "each Plaintiff and affected family in the class suffered a private nuisance: a substantial and unreasonable impairment of their ability to use and enjoy their property interest (a lessee occupancy interest) due to the wrongful conduct by the Defendants who misused their own property interest (owner/landlord)" as alleged in Paragraph 9 of the Complaint.

No. 54: All documents and communications supporting Your allegation that "FBRC either did not pertinently inspect units during the pertinent times, including the named Plaintiffs' units, or, conducted an inspection that deliberately did not include seeking to determine the root cause for chronic water moisture and mold conditions in the units" as alleged in Paragraph 23 of the Complaint.

OBJECTIONS: Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications. Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further objects on grounds of vagueness. Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff further

Dave Wise
Joe Langone
December 9, 2022
Page 2

objects to the extent the request would seek work product or privileged information. Plaintiff is informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:** Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

**DEFICIENCIES:** The Lanes have the burden of proof as to their claims. It is not Defendants' burden to unearth and produce the universe of documents that *Plaintiffs'* contend support *their* claims. It is also not a basis for withholding documents that "Plaintiff is informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request." We produced thousands of pages of documents concerning your clients. If we had withheld them, you would have no doubt requested that we produce them. The Lanes are obligated to produce the responsive documents in *their* possession, custody and control, not punt responsibility and put the onus on Defendants to produce everything.

*************

The foregoing is not an exhaustive list. We ask that you review the requests with your clients, ascertain what they have in their possession, custody and control, and produce the additional documents by December 23, 2022.

Please let me know if you are available for a call on Monday, December 12, 2022, to discuss the issues raised herein.

Very truly yours,

/s/ *Kathryn Bonorchis*

Kathryn Bonorchis of
LEWIS BRISBOIS BISGAARD &
SMITH LLP

4886-1334-1250.1