# Exhibit 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

Chief Petty Officer JOHN FISCHER and      *
ASHLEY FISCHER, et al.                     *
                                            *
     Plaintiffs                          *
                                            *
v.                                          *      Case No. 1:22-cv-00286
                                            *
FORT BELVOIR RESIDENTIAL                   *
COMMUNITIES LLC, et al.                    *
                                            *
     Defendants                          *

**PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION**
**OF DOCUMENTS TO PLAINTIFF ASHLEY FISCHER**

       Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Ashley Fischer

hereby responds to the Requests for the Production of Documents that were served by the Defendants,

Fort Belvoir Residential Communities LLC ("FBRC") and Michaels Management Services LLC

("MMS") on October 24, 2022.

**OBJECTIONS TO "INSTRUCTIONS AND DEFINITIONS"**

       Plaintiff objects to Defendants' instructions and definitions to the extent that they would

purport to impose any duties exceeding Plaintiff's duties under the Federal Rules of Civil Procedure

and applicable case law controlling discovery.

       1.     Plaintiff generally objects to Defendants' Requests for Production to the extent they

seek documents prepared in anticipation of litigation or trial, either by or for the Plaintiff and/or the

Plaintiff's representatives, on the grounds that any such information or documents are privileged from

discovery and Defendants have not made the requisite showings of "substantial need" and "undue

hardship."

1

2.      Plaintiff generally objects to Defendants' Requests for Production to the extent they seek documents subject to the work-product doctrine, attorney-client privilege, or are otherwise privileged on the ground that such documents are not discoverable.  This objection includes, but is not limited to, information relating to mental impressions, conclusions, opinions or legal theories of Plaintiffs' counsel concerning this litigation, information that was obtained or prepared in anticipation of this litigation or trial preparation, and privileged information provided, obtained, or prepared since the commencement of this litigation concerning this litigation.

3.      These general objections apply to each document request. The inadvertent disclosure of privileged documents does not waive any privilege with respect to the inadvertently-produced document, or any other document. The following objections stated below with reference to numbered requests are the Plaintiff's specific objections in addition to these general objections. Documents will be produced within the time set forth in the Federal Rules of Civil Procedure.

4.      Plaintiff generally objects to Defendants' Requests for Production to the extent they seek information or documents not currently in his possession, custody or control, or in the possession, custody or control of someone else.  Plaintiff's Responses are based  on their reasonable search for presently-available documents.

5.      Plaintiff generally objects to Defendants' Requests for Production to the extent they seek to impose obligations beyond those set forth in the Eastern District of Virginia Local Civil Rules.

6.      Plaintiff generally objects to Defendants' Requests for Production to the extent they are not limited to a specific, relevant time period, and so, absent a particular showing of relevance, they seek information that is irrelevant.

7.     The production of information and/or documents pursuant to these Responses is made without waiving: (a) these general objections; (b) the right to object on any grounds to the use of any information or documents produced or identified pursuant to these Responses in this or any other action or proceeding; (c) the right to object on any and all grounds, at any time, to other Requests or other discovery mechanisms or proceedings; and (d) the right at any time to revise, correct, or supplement these Responses.  In addition, the inadvertent disclosure of privileged information or release of privileged documents shall not constitute a waiver of any applicable privilege.

8.     The inadvertent disclosure of privileged documents does not waive any privilege with respect to the inadvertently-produced document, or any other document.

9.     Each of these General Objections is incorporated without further reference in each of the following specific responses made by Plaintiff.  In addition to the General Objections set forth above, Plaintiff also states other specific objections where appropriate, including objections that are not generally applicable to every Request for Production.

## **RESPONSES**

1.     All documents identified or referenced in Your Answers to Interrogatories.

## **OBJECTIONS**

Objection, said request seeks information that is prohibited under the attorney client privilege and the attorney work product doctrine. Plaintiff further objects to the extent that the interrogatory responses may reference documents of general availability to all parties.  Plaintiff further objects on vagueness grounds; in answering the discovery Plaintiff "relied" on the full gamut of their knowledge and experience and that of their legal team to the extent it is properly responsive. Plaintiff further objects to the extent that the discovery request seeks information in the public domain which is as readily accessible to Defendants as it would be to Plaintiff.

3

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

2.    All documents identified or referenced in the Complaint.

**OBJECTIONS:**

Plaintiff objects to the extent that the discovery request seeks information in the public domain which is as readily accessible to Defendants as it would be to Plaintiff.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

3.    Your lease for 9547 Kezia Trail, Fort Belvoir, VA 22060.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks information in the public domain which is as readily accessible to Defendants as it would be to Plaintiff.

**RESPONSE:**

A copy of the form lease is included in the document production herewith.  A copy of the resident responsibility guide will also be produced.

4.    Your lease for 9225 Soldier Road, Fort Belvoir, VA 22060.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks information which is as readily accessible to Defendants as it would be to Plaintiff or which is solely in Defendants' possession.

**RESPONSE:**

Plaintiff has not located a copy of this document.  However, Defendant should already have it if it exists.  Plaintiff reserves the right to supplement this response.

4

5.     All work orders or work order requests for 9547 Kezia Trail, Fort Belvoir, VA 22060.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks information which is as readily accessible to Defendants as it would be to Plaintiff or which is solely in Defendants' possession.

**RESPONSE:**

Plaintiff is producing all work order documents in Plaintiff's possession.

6.     All work orders or work order requests for 9225 Soldier Road, Fort Belvoir, VA 22060.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks information which is as readily accessible to Defendants as it would be to Plaintiff or which is solely in Defendants' possession.

**RESPONSE:**

Plaintiff is producing all work order documents in Plaintiff's possession.

7.     All documents which You believe support Your claims against any Defendant.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff further objects to the extent the request would seek work product or privileged information. Plaintiff is informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

5

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.  See:

- form lease;

- resident responsibility guide;

- recommendation for spouse of the year;

- work order documents;

- Public Facebook posts;

- mold testing documents;

- photos;

- miscellaneous Fort Belvoir documents.

8.    All statements given by parties, non-parties, or witnesses with respect to the subject matter of this litigation, whether written, oral, or stenographically documented.

**OBJECTIONS**

Plaintiff objects to the extent that extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive.  Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff further objects to the extent the request would seek work product or privileged information.

**RESPONSE:**

Plaintiffs do not at this time have any written witness statements.  Plaintiffs note that various individuals may have commented materially regarding the Fort Belvoir housing situation either before Congress, in the news media or at community or "town hall" meetings.

9.     All documents in any way related to the alleged existence of or Your alleged exposure to mold or excessive moisture conditions at the First Premises.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain or which is otherwise as readily accessible to Defendants as it would be to Plaintiff or which is solely in Defendants' possession which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive.   Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.   Plaintiff further objects to the extent the request would seek work product or privileged information.  Plaintiff further objects to the phrase "in any way related" as it is vague, overly broad and renders the request unduly burdensome. Plaintiffs are informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:**

Plaintiffs will produce copies of any photos of the homes that they have which have relevant information.  Plaintiffs will produce other mold-related documents available after a reasonable search was conducted.

10.     All documents in any way related to the alleged existence of or Your alleged exposure to mold or excessive moisture conditions at the Second Premises.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks information which is in the public

domain or which is otherwise as readily accessible to Defendants as it would be to Plaintiff or which is solely in Defendants' possession which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff further objects to the extent the request would seek work product or privileged information. Plaintiff further objects to the phrase "in any way related" as it is vague, overly broad and renders the request unduly burdensome. Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:**

Plaintiffs will produce copies of any photos of the homes that they have which have relevant information. Plaintiffs will produce other mold-related documents available after a reasonable search was conducted. As to medical records, Plaintiffs will cooperate so as to allow the parties to obtain medical records of family members for a reasonable time period.

11. All documents in any way related to Your exposure to allegedly hazardous levels of mold at any location other than the First Premises.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks information regarding locations having no bearing or relevance to the claims herein as the request is thereby not proportional to the needs of the case or will lead to admissible evidence. Plaintiff further objects to the phrase "in any way related" as it is overly broad and ambiguous renders the request unduly burdensome and term "hazardous" is undefined and renders the request overly vague.

**RESPONSE:**

Plaintiffs are providing herewith relevant responsive documents located after a reasonable search was conducted pertaining to mold issues at any of the Belvoir homes/accommodations where

they stayed. Plaintiffs are unaware of any relevant responsive documents in their possession, custody or control pertaining to alleged mold exposure at non-Belvoir homes.

12.  All documents in any way related to Your exposure to allegedly hazardous levels of mold at any location other than the Second Premises.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks information regarding locations having no bearing or relevance to the claims herein as the request is thereby not proportional to the needs of the case or will lead to admissible evidence. Plaintiff further objects to the phrase "in any way related" as it is overly broad and ambiguous renders the request unduly burdensome and term "hazardous" is undefined and renders the request overly vague.

**RESPONSE:**

Plaintiff refers Defendants to Plaintiff's response to request number 11 and incorporate that response by reference herein.

13.  All documents constituting or relating to Your communications with any Defendant regarding any work orders or work order requests for the First Premises, including those related to mold or moisture conditions.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks information which is as readily accessible to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff is informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request. Plaintiff further objects to the phrase "relating to" as it is overly broad and ambiguous renders the request unduly burdensome.

**RESPONSE:**

See work order documents produced.

14.    All documents constituting or relating to Your communications with any Defendant regarding any work orders or work order requests for the Second Premises, including those related to mold or moisture conditions.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks information which is as readily accessible to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff is informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request. Plaintiff further objects to the phrase "relating to" as it is overly broad and ambiguous renders the request unduly burdensome.

**RESPONSE:**

See work order documents produced.

15.    All documents constituting or relating to Your communications with any non-party (other than your lawyers) regarding your alleged exposure to mold or the alleged existence of mold or moisture conditions at the First Premises.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery requests seek to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seek to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph

10

seven (7) which has been adopted by Defendants. To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff. Plaintiff further objects to the phrase "relating to" as it is overly broad and ambiguous renders the request unduly burdensome.

**RESPONSE:**

See public Facebook documents, produced.

16.    All documents constituting or relating to Your communications with any non-party (other than your lawyers) regarding your alleged exposure to mold or the alleged existence of mold or moisture conditions at the Second Premises.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery requests seek to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seek to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants. To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff. Plaintiff further objects to the phrase "relating to" as it is overly broad and ambiguous renders the request unduly burdensome.

**RESPONSE:**

See public Facebook documents, produced.

11

17.    All documents constituting or relating to Your communications with any non-party regarding Your exposure to allegedly hazardous levels of mold at any location *other than* the First Premises.

## OBJECTIONS

Plaintiff objects to the extent that the discovery requests seek to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seek to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects insofar as the request seeks information regarding a location or locations which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

Plaintiff further objects to the phrase "relating to" as it is overly broad and ambiguous renders the request unduly burdensome.

## RESPONSE:

After conducting a reasonable search Plaintiffs are not aware of there being any responsive documents.

18.    All documents constituting or relating to Your communications with any non-party regarding Your exposure to allegedly hazardous levels of mold at any location *other than* the Second Premises.

### OBJECTIONS

Plaintiff objects to the extent that the discovery requests seek to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seek to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects insofar as the request seeks information regarding a location or locations which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

Plaintiff further objects to the phrase "relating to" as it is overly broad and ambiguous renders the request unduly burdensome.

### RESPONSE:

After conducting a reasonable search Plaintiffs are not aware of there being any responsive documents.

13

19.    Any and all reports, memoranda, correspondence, plans, proposals, estimates, opinions, or other documents pertaining to testing, investigation, repair, or remediation of alleged mold or excessive moisture conditions at the First Premises.

**OBJECTIONS**

Plaintiff objects on the grounds that the request is overly broad, vague and ambiguous, and unduly burdensome in seeking a broad array of documents of any sort "Any and all" or "other documents" "pertaining to" a position.  Plaintiff further objects to the extent that the scope of the request would implicate, for example, attorney work product memos discussing statements made by representatives of Defendants, or attorney-client privileged communications. Plaintiff further objects to the extent that the information sought is readily available to the Defendants as it is to the Plaintiff, or it may reference documents already in Defendants' sole possession or outside of the Plaintiff's possession, custody or control and that would be responsive.

Plaintiff further objects to the extent the request would prematurely seek disclosure of expert opinion.

**RESPONSE:**

See work order documents, produced, and mold testing reports, produced, related to the relevant Belvoir premises.

20.    Any and all reports, memoranda, correspondence, plans, proposals, estimates, opinions, or other documents pertaining to testing, investigation, repair, or remediation of alleged mold or excessive moisture conditions at the Second Premises.

**OBJECTIONS**

Plaintiff objects on the grounds that the request is overly broad, vague and ambiguous, and unduly burdensome in seeking a broad array of documents of "Any and all" or "other documents" "pertaining to" a position.  Plaintiff further objects to the extent that the scope of the request would

14

implicate, for example, attorney work product memos discussing statements made by representatives of Defendants, or attorney-client privileged communications.  Plaintiff further objects to the extent that the information sought is readily available to the Defendants as it is to the Plaintiff, or it may reference documents already in Defendants' sole possession or outside of the Plaintiff's possession, custody or control and that would be responsive.

Plaintiff further objects to the extent the request would prematurely seek disclosure of expert opinion.

**RESPONSE:**

See work order documents, produced, and mold testing reports, produced, related to the relevant Belvoir premises.

21.    All documents upon which You rely in support of Your allegation that any Defendant or non-party breached any mold remediation standards relative to the First Premises.

**OBJECTIONS**

 Plaintiff objects to the extent that the scope of the request would implicate, for example, attorney work product memos discussing statements made by representatives of Defendants, or attorney-client privileged communications.  Plaintiff further objects to the extent that the information sought is readily available to the Defendants as it is to the Plaintiff, or it may reference documents already in Defendants' sole possession or outside of the Plaintiff's possession, custody or control and that would be responsive.

Plaintiff further objects to the extent the request would prematurely seek disclosure of expert opinion.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents located after a reasonable search was conducted.

22.    All documents upon which You rely in support of Your allegation that any Defendant or non-party breached any mold remediation standards relative to the Second Premises.

**OBJECTIONS**

Plaintiff objects to the extent that the scope of the request would implicate, for example, attorney work product memos discussing statements made by representatives of Defendants, or attorney-client privileged communications. Plaintiff further objects to the extent that the information sought is readily available to the Defendants as it is to the Plaintiff, or it may reference documents already in Defendants' sole possession or outside of the Plaintiff's possession, custody or control and that would be responsive.

Plaintiff further objects to the extent the request would prematurely seek disclosure of expert opinion.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents located after a reasonable search was conducted.

23.    All documents upon which You rely in support of Your allegation that the damages You allege in this Action arise out of any Defendant's or non-party's breach of any trade standard, industry standard, construction standard, building code, safety standard, governmental regulation, or any other standard, code, or regulation.

**OBJECTIONS**

Plaintiff objects to the extent that the scope of the request would implicate, for example, attorney work product memos discussing statements made by representatives of Defendants, or attorney-client privileged communications. Plaintiff further objects to the extent that the information sought is readily available to the Defendants as it is to the Plaintiff, or it may reference documents

16

already in Defendants' sole possession or outside of the Plaintiff's possession, custody or control and that would be responsive.

Plaintiff further objects to the extent the request would prematurely seek disclosure of expert opinion.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents located after a reasonable search was conducted.

24.     All documents related to Your purchase of mold remediation services relative to the First Premises, including any agreements, estimates, appraisals, invoices, receipts, results, or reports.

**OBJECTIONS**

Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege. Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.

**RESPONSE:**

See mold testing reports, produced, related to the relevant Belvoir premises.

25.     All documents related to Your purchase of mold remediation services relative to the Second Premises, including any agreements, estimates, appraisals, invoices, receipts, results, or reports.

**OBJECTIONS**

Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege. Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.

**RESPONSE:**

See mold testing reports, produced, related to the relevant Belvoir premises.

26.     All documents related to Your claim of out-of-pocket expenses related to Your alleged displacement from the First Premises, including any agreements, estimates, appraisals, or receipts.

### OBJECTIONS

Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege.  Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.

Plaintiff further objects to the extent that the discovery request seeks damages calculations when Plaintiff is under no obligation to determine total damages or calculate damages to be sought at trial at this time.

The Plaintiff further objects as damage calculations are premature at the class action stage because the information sought may include damages to be allocated to each absent putative class who are not clients nor members of the class at this stage of the litigation.  Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis.  The Plaintiff further objects because the Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members.  The Plaintiff's claim for the actual damages incurred may be calculated pro-rata based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based on breach of quite enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease. In addition, based on the anticipated third amended complaint there may be pro rata damages for each violation of the Virginia Consumer Protection Act.

18

Plaintiff further objects to the phrase "relating to" as it is overly broad and ambiguous renders the request unduly burdensome.

**RESPONSE:**

Responsive relevant documents, if any, will be produced.

27.    All documents related to Your claim of out-of-pocket expenses related to Your alleged displacement from the Second Premises, including any agreements, estimates, appraisals, or receipts.

**OBJECTIONS**

Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege. Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.

Plaintiff further objects to the extent that the discovery request seeks damages calculations at the class action stage when Plaintiff is under no obligation to determine total damages or calculate damages to be at this time.

The Plaintiff further objects as damage calculations are premature at the class action stage because the information sought may include damages to be allocated to each absent putative class who are not clients nor members of the class at this stage of the litigation. Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis. The Plaintiff further objects because the Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members. The Plaintiff's claim for the actual damages incurred may be calculated pro-rata based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based on breach of quite enjoyment which too may be

calculated on a pro-rata calculation on the tenant's term of the lease. In addition, based on the anticipated third amended complaint there may be pro rata damages for each violation of the Virginia Consumer Protection Act.

Plaintiff further objects to the phrase "relating to" as it is overly broad and ambiguous renders the request unduly burdensome.

**RESPONSE:**

Responsive relevant documents, if any, will be produced.

28.    All photographs and other visual or audio recordings relating to damages, liability, or the investigation of the subject matter of this lawsuit.

**OBJECTIONS**

Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege.  Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.

Plaintiff further objects to the extent that the discovery request seeks damages calculations as it pertains to all class members when Plaintiff is under no obligation to determine total damages or calculate damages to be sought at trial at this time.

Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing. Plaintiff objects on the grounds that the request is overly broad, vague and ambiguous, in seeking documents of "All" photographs or audio records, documents in this matter.  Plaintiff further objects to the extent that the request is premature and constitutes a contention interrogatory given the status of the action at the class action stage.  Plaintiff further objects to the extent that the scope of the request would implicate, attorney work product or attorney-client privileged communications.

Plaintiff further objects that the Defendant is in possession of this information and/or is in the

public domain. Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification. Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis. The Plaintiff further objects because the Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members. The Plaintiff's claim for the actual damages incurred may be calculated pro-rata based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based on breach of quite enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease. In addition, based on the anticipated third amended complaint there may be pro rata damages for each violation of the Virginia Consumer Protection Act.

**RESPONSE:**

See photos being produced.

29.    Any maps, plats, drawings, sketches, or other visual representations which have been created which refer to or in any way relate to Your claims in this lawsuit.

**OBJECTIONS**

Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege. Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.

Plaintiff objects on the grounds that the request is overly broad, vague and ambiguous, and unduly burdensome in seeking a broad array of documents which "refer to" or "any way relate" your claims in this lawsuit. Plaintiff further objects to the extent that the scope of the request would implicate, for example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any photographs, or attorney-client privileged communications.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents located after a reasonable search was conducted. See photos being produced.

30.    All medical records that evidence, show or document physical, emotional and/or psychological injuries to any member of the Fischer Family for which You seek recovery in this lawsuit.

**OBJECTIONS**

Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion. Plaintiff further objects to the extent that medical evidence is confidential and such proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case or lead to admissible evidence.

**RESPONSE:**

Plaintiffs will cooperate so as to allow the parties to obtain medical records from within a reasonable time period.

31.    All medical records of any treatment or examination any member of the Fischer Family received from any hospital, physician, or healthcare institution who has treated or examined You or any member of the Fischer Family for any reason in the past ten (10) years.

**OBJECTIONS**

Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion. Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case. Plaintiff further objects that the ten-year time term and "any treatment" scope render the request overly broad.

Plaintiff further objects that Plaintiff' is not claiming personal injury damages. Rather, Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times. Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery. Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery. However, broad medical discovery such as in a personal injury case is not appropriate herein. Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:**

Plaintiffs will cooperate so as to allow the parties to obtain medical records from within a reasonable time period.

32.    All medical records of any treatment or examination any member of the Fischer Family received from any counselor, therapist, or mental health professional who has treated or examined any member of the Fischer Family for any reason in the past ten (10) years.

**OBJECTIONS**

Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion. Plaintiff further objects to the extent that medical evidence or proof is not necessary for one

or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case. Plaintiff further objects that the ten-year time term and "any treatment" scope render the request overly broad.

Plaintiff further objects that Plaintiff' is not claiming personal injury damages. Rather, Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times. Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery. Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery. However, broad medical discovery such as in a personal injury case is not appropriate herein. Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:**

Plaintiffs will cooperate so as to allow the parties to obtain medical records from within a reasonable time period.

33.    All medical records of any examinations any member of the Fischer Family received from any hospital, physician, healthcare institution, counselor, therapist, mental health professional or person who has treated or examined any member of the Fischer Family for any mental or physical injuries for which You seek to recover in this lawsuit.

**OBJECTIONS**

Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion. Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery

proportional to the needs of the case.

Plaintiff further objects that Plaintiff is not claiming personal injury damages. Rather, Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times. Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery. Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery. However, broad medical discovery such as in a personal injury case is not appropriate herein. Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:**

Plaintiffs will cooperate so as to allow the parties to obtain medical records from within a reasonable time period.

34.    All medical records of any diagnoses any member of the Fischer Family received from any hospital, physician, health-care institution, counselor, therapist, mental health professional or person who has treated or examined any member of the Fischer Family for any mental or physical injuries for which You seek recovery in this litigation.

**OBJECTIONS**

Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion. Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects that Plaintiff is not claiming personal injury damages. Rather,

Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times. Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery. Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery. However, broad medical discovery such as in a personal injury case is not appropriate herein. Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:**

Plaintiffs will cooperate so as to allow the parties to obtain medical records from within a reasonable time period.

35.    All medical records of any treatment, medication or prescription any member of the Fischer Family received from any hospital, physician, health-care institution, counselor, therapist, mental health professional or person who has treated or examined any member of the Fischer Family for any mental or physical injuries for which You seek recovery in this litigation.

**OBJECTIONS**

Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion. Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects that Plaintiff' is not claiming personal injury damages. Rather, Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times. Accordingly,

Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery. Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery. However, broad medical discovery such as in a personal injury case is not appropriate herein. Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:**

Plaintiffs will cooperate so as to allow the parties to obtain medical records from within a reasonable time period.

36.    All documents or records that evidence, show or set forth the nature, extent and/or amount of any expenses paid by You for which You seek recovery for in this litigation.

**OBJECTIONS**

Plaintiff objects to the extent the request would prematurely seek disclosure of expert witness information. Plaintiff further objects to the extent that information regarding rental or "BAH" payments is already in Defendant's possession.

Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege.

Plaintiff further objects to the extent that the discovery request seeks damages calculations as it pertains to all class members when Plaintiff is under no obligation to determine total damages or calculate damages to be sought at trial at this time.

Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing.

Plaintiff further objects that the Defendant is in possession of this information and/or is in the

public domain. Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification. Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis. The Plaintiff further objects because the Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members. The Plaintiff's claim for the actual damages incurred may be calculated pro-rata based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based on breach of quite enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease. In addition, based on the anticipated third amended complaint there may be pro rata damages for each violation of the Virginia Consumer Protection Act.

**RESPONSE:**

Please see documents produced in response to the requests set out above.

37.     All documents, including but not limited to medical bills and payroll records, evidencing any damages for which You seek recovery in this case.

**OBJECTIONS**

Plaintiff objects to the extent the request would prematurely seek disclosure of expert witness information. Plaintiff further objects to the extent that information regarding rental or "BAH" payments is already in Defendant's possession.

Plaintiff further objects to the extent that medical evidence is confidential and such proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case or lead to admissible evidence.

Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege.

Plaintiff further objects to the extent that the discovery request seeks damages calculations as it pertains to all class members when Plaintiff is under no obligation to determine total damages or calculate damages to be sought at trial at this time.

Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing.

Plaintiff further objects that the Defendant is in possession of this information and/or is in the public domain. Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification. Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis. The Plaintiff further objects because the Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members. The Plaintiff's claim for the actual damages incurred may be calculated pro-rata based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based on breach of quite

29

enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease. In addition, based on the anticipated third amended complaint there may be pro rata damages for each violation of the Virginia Consumer Protection Act.

**RESPONSE:**

Plaintiffs do not seek recovery of damages for medical bills or lost wages at this time.

38.    All documents evidencing any insurance benefits and/or proceeds You have received as a result of the damages and/or losses alleged in the Complaint against Defendants.

**OBJECTIONS**

Plaintiff objects to the extent the request would seek information which has no bearing or relevance to this matter and is not proportional to the needs of the case or leads to admissible evidence.

**RESPONSE:**

None located.

39.    A copy of any check(s) or other document(s) reflecting any payments to You by anyone related to the claims or allegations in set forth in the Complaint against Defendants.

**OBJECTIONS**

Plaintiff objects to the extent the request would seek information which has no bearing or relevance to this matter and is not proportional to the needs of the case or lead to admissible evidence. Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege.

**RESPONSE:**

None located.

30

40.    Any and all documents regarding any claims or suits (other than this present lawsuit) brought by any member of the Fischer Family, or on behalf of any member of the Fischer Family, against any person or entity arising out the claims or allegations in this case.

### OBJECTIONS

Plaintiff objects to the extent the request would seek information which is subject to attorney client or work product privilege.    Plaintiff objects to the extent the request would seek information which has no bearing or relevance to this matter and is not proportional to the needs of the case or lead to admissible evidence.

### RESPONSE:

Plaintiffs are not aware of any responsive documents.

41.    All documents reflecting or pertaining to any settlement, agreement, understanding or compromise between You and any other person or entity in connection with the claims and damages alleged in the Complaint, including any covenants not to sue.

### OBJECTIONS

Plaintiff objects to the extent the request would seek information which is subject to  attorney client or work product privilege.  Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing.

Plaintiff further objects that the Defendant is in possession of this information and/or is in the public domain. Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification.  Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

**RESPONSE:**

Plaintiffs are not aware of any responsive documents.

42.    All demand letters, claims, notice letters and other writings reflecting requests made by You upon any person, insurance company, corporation, organization or governmental entity for claims, payments or benefits of any kind or character sought in connection with or as a result of the alleged damages set forth in the Complaint.

**OBJECTIONS:**

Plaintiff objects to the extent the request would seek information which is subject to attorney client or work product privilege. Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing.

Plaintiff further objects that the Defendant is in possession of this information and/or is in the public domain. Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification.  Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

**RESPONSE:**

None located.

43.    Any and all documents, which show the date, location, amount or by whom any medical or other liens resulting from the claims or allegations in this case have been filed or notice provided.

**OBJECTIONS**

Plaintiff objects to the extent the request seeks information on medical or other liens where such lien information has no relevance or bearing on the issues in the case nor is the request

proportional to the needs of the case or will lead to admissible evidence.

Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion. Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects that Plaintiff' is not claiming personal injury damages. Rather, Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times. Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery. Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery. However, broad medical discovery such as in a personal injury case is not appropriate herein. Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:**

Plaintiffs are not aware of any responsive documents.

44.    A copy of any and all medical insurance cards (front and back) the Fischer Family have used in the last ten (10) years.

**OBJECTIONS**

Plaintiff objects to the extent the request seeks information on medical insurance or other liens where such lien information has no relevance or bearing on the issues in the case nor is the request proportional to the needs of the case. Plaintiff further objects that the ten-year time scope is overbroad.

Plaintiff further objects as said request seeks information that is not relevant to lead to

admissible evidence at the class action hearing.

**RESPONSE:**

Plaintiffs will cooperate so as to allow the parties to obtain medical records from within a reasonable time period. There should be no need for them to also have to produce copies of insurance cards.

45.    Any diaries, journals, letters, notes, emails, social networking postings or other documents that You have kept regarding the allegations and claims in this lawsuit, or the alleged injuries to the Fischer Family and/or damages You claim in this lawsuit.

**OBJECTIONS**

Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military or undo command influence.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects insofar as the request seeks information regarding a location or locations which has or have no bearing or relevance to the instant matter and accordingly the request

34

is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

Plaintiff further objects to the phrase "other documents" as it is overly broad and ambiguous renders the request unduly burdensome.

**RESPONSE:**

See public Facebook documents, produced.

46.     All documents, photographs, films, videotapes, models, diagrams, surveys, plans, plats, charts, or computer simulations/animations depicting or purporting to portray or depict the First Premises.

**OBJECTIONS**

Plaintiff objects to the extent the request seeks production of trial exhibits or demonstratives as the Plaintiff has not yet determined Plaintiff's exhibits for trial.  The request is premature.  Plaintiff further objects to the extent that the request seeks work product information. Plaintiff further objects to the extent the documents sought are already in the Defendants' possession.

**RESPONSE:**

See materials produced in response to the requests listed above.

47.     All documents, photographs, films, videotapes, models, diagrams, surveys, plans, plats, charts, or computer simulations/animations depicting or purporting to portray or depict the Second Premises.

**OBJECTIONS**

Plaintiff objects to the extent the request seeks production of trial exhibits or demonstratives as the Plaintiff has not yet determined Plaintiff's exhibits for trial.  The request is premature.  Plaintiff further objects to the extent that the request seeks work product information. Plaintiff further objects to the extent the documents sought are already in the Defendants' possession.

**RESPONSE:**

See materials produced in response to the requests listed above.

48.    All documents regarding any investigation of the First Premises that You, or anyone on Your behalf, conducted prior to the filing of this lawsuit that would not otherwise be privileged.

**OBJECTIONS**

Plaintiff objects to the extent the request is overbroad and vague in seeking a broad array of documents of any sort by use of the term "Any investigation". Plaintiff further objects to the extent the documents sought are already in the Defendants' possession.

Plaintiff objects to the extent the request would prematurely seek disclosure of expert witness information. Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege.

**RESPONSE:**

See materials produced in response to the requests listed above.

49.    All documents regarding any investigation of the Second Premises that You, or anyone on Your behalf, conducted prior to the filing of this lawsuit that would not otherwise be privileged.

**OBJECTIONS**

Plaintiff objects to the extent the request is overbroad and vague in seeking a broad array of documents of any sort by use of the term "Any investigation". Plaintiff further objects to the extent the documents sought are already in the Defendants' possession.

Plaintiff objects to the extent the request would prematurely seek disclosure of expert witness information. Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege.

**RESPONSE:**

See materials produced in response to the requests listed above.

50.    All statutes, standards, ordinances, regulations, guidelines, publications, public or business records, reports, communications or other documents that You allege support any of Your allegations, contentions or claims with respect to Defendants or which You contend Defendants violated.

### OBJECTIONS

Plaintiff objects to the extent the request is overbroad and vague.  Plaintiff further objects to the extent the documents sought are already in the Defendants' possession.  Plaintiff further objects to the extent the discovery request seeks information regarding a legal conclusion regarding the governing law.

Plaintiff objects to the extent the request would prematurely seek disclosure of expert witness information.  Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive.

### RESPONSE:

See materials produced in response to the requests listed above.

51.    All documents, presentations, statements, declarations or admissions made by Defendants (or which You attribute to Defendants), regarding the claims in the Complaint.

### OBJECTIONS

Plaintiff objects to the extent the request is overbroad and vague by its terms "All documents" and "regarding" and are unduly burdensome. Plaintiff further objects to the extent the documents

sought are already in the Defendants' possession.

Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege. Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.

Plaintiff further objects to the extent that the scope of the request would implicate, for example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any presentations, statements, or attorney-client privileged communications.

**RESPONSE:**

See materials produced in response to the requests listed above.

52.    All documents You have obtained from persons other than Defendants (or your lawyers) concerning the subject matter of this case.

**OBJECTIONS**

Plaintiff objects to the extent the request is overbroad and vague regarding all documents "concerning" and is unduly burdensome. Plaintiff further objects to the extent the documents sought are already in the Defendants' possession. Plaintiff further objects to the extent the discovery request seeks information subject to attorney-client or work product privilege. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any photographs, or attorney-client privileged communications.

**RESPONSE:**

See materials produced in response to the requests listed above.

53.    All investigative reports made by You, or by anyone on Your behalf, which relate to the liability, injuries, or damages set forth in the Complaint.

**OBJECTIONS**

Plaintiff objects to the extent the request is overbroad and vague regarding all documents

38

that "relate to." Plaintiff further objects to the extent the discovery request seeks information subject to attorney-client or work product privilege. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any investigations or attorney-client privileged communications.

Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege. Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.

**RESPONSE:**

See mold testing documents, produced.

54. All witness statements of any person with relevant facts or discoverable information concerning this case.

**OBJECTIONS**

Plaintiff objects to the extent the documents sought are already in the Defendants' possession. Plaintiff further objects to the extent the discovery request seeks information subject to attorney-client or work product privilege. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any photographs, or attorney-client privileged communications.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff further objects to the extent the request would seek work product or privileged information.

Plaintiff is informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.

**RESPONSE:**

Plaintiffs do not at this time have any written witness statements.  Plaintiffs note that various individuals may have commented materially regarding the Fort Belvoir housing situation either before Congress, in the news media or at community or "town hall" meetings.

55.    All documents, including emails, social media posts, text messages, and letters regarding the claims and allegations set forth in the Complaint.

**OBJECTIONS**

Plaintiff objects to the extent the request is overbroad and vague regarding all documents "regarding." Plaintiff further objects to the extent the documents sought are already in the Defendants' possession. Plaintiff further objects to the extent the discovery request seeks information subject to attorney-client or work product privilege.

40

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff further objects to the extent the request would seek work product or privileged information. Plaintiff is informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

**RESPONSE:**

See materials produced in response to the requests listed above.

56.     All documents, including emails, social media posts, text messages, and letters, to or from any family or individual who has, at any time, occupied the First Premises or any other residence located on base at Fort Belvoir related to the claims and allegations set forth in the Complaint.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military or undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants. To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

Plaintiff further objects that the request is overly broad and unduly burdensome.

**RESPONSE:**

See public Facebook documents, produced.

57.     All documents, including emails, social media posts, text messages, and letters, to or from any family or individual who has, at any time, occupied the Second Premises or any other residence located on base at Fort Belvoir related to the claims and allegations set forth in the Complaint.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

Plaintiff further objects that the request is overly broad and unduly burdensome.

**RESPONSE:**

See public Facebook documents, produced.

58.    The current resume or curriculum vitae, including bibliography and/or testifying history, for any testing expert or consulting expert whose mental impressions or opinions have been reviewed by any testifying expert.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery requests seeks premature disclosure of expert testimony and to the extent that it seeks information regarding experts or consultants exceeding the normal and customary scope of discovery regarding expert witnesses.

43

**RESPONSE:**

Plaintiffs have not yet chosen their experts.

59.    The complete file of any testing expert or consulting expert whose mental impressions or opinions have been reviewed by any testifying expert, including but not limited to all documents, correspondence, reports, draft reports, photographs, tangible things, models, literature, publications, treatises, standards, regulations, codes or data compilations that have been provided to, reviewed by or prepared by any testifying expert or for any consulting expert whose mental impressions or opinions have been reviewed by any testifying expert for in anticipation of testimony in this case.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery requests seeks premature disclosure of expert testimony and to the extent that it seeks information regarding experts or consultants exceeding the normal and customary scope of discovery regarding expert witnesses. Plaintiff objects to the extent it seeks documents protected by the attorney work product privilege.

**RESPONSE:**

Plaintiffs have not yet chosen their experts.

60.    Copies of all exhibits You plan to and/or may use at trial, including demonstrative.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery requests seeks premature disclosure of Plaintiff's trial exhibits when Plaintiff has not yet selected or determined Plaintiff's trial exhibits or experts.    Plaintiff objects to the extent it seeks documents protected by the attorney work product privilege.

**RESPONSE:**

Plaintiffs have not yet chosen their exhibits.

61.    All correspondence or documents sent to, provided to or received from any person You may call as a witness at the trial.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery requests seeks premature disclosure of Plaintiff's trial witnesses when Plaintiff has not yet selected or determined Plaintiff's trial witnesses or experts.  Plaintiff further objects on privilege grounds to the extent the request seeks documents pertaining to attorney-client communications.  For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any photographs, or attorney-client privileged communications.

Plaintiff objects to the extent it seeks documents protected by the attorney work product privilege.

**RESPONSE:**

Plaintiffs have not yet chosen their trial witnesses.

62.    All documents You, or anyone on Your behalf, obtained via subpoenas duces tecum.

**OBJECTIONS:**

Plaintiff objects to the extent that this request is not limited to this subpoena duces tecum issued under this case.  Plaintiff objects that this request is overly broad, vague as to time, and unduly burdensome.  Plaintiff objects to the extent tht it seeks documents protected by the attorney work product privilege.

**RESPONSE:**

Plaintiffs have not yet obtained documents by subpoena.

63.    All documents and communications supporting each and every allegation set forth in the Complaint.

**OBJECTIONS**

Plaintiff objects that this request is overly broad and unduly burdensome. Plaintiff objects to the extent that it seeks documents protected by the attorney work product privilege.

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any photographs, or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further objects on grounds of vagueness.

**RESPONSE:**

See documents produced in response to the requests listed above.

64.   All documents and communications supporting Your allegation that "Plaintiffs and class members were placed in homes with water intrusion, mold growth and pest infestations, among other conditions, and Defendants performed insufficient and untimely repairs and remediation," as alleged in Paragraph 2 of the Complaint.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants'

possession or as readily accessible to the Defendants as they are to the Plaintiff.  Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive.

Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.  Plaintiff further objects to the extent the request would seek work product or privileged information.  Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

### RESPONSE:

See documents produced in response to the requests listed above.

65.    All documents and communications supporting Your allegation that "Plaintiffs and the class are entitled to a full refund of all their BAH payments," as alleged in Paragraph 2 of the Complaint.

### OBJECTIONS

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff.  Plaintiff further

objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive.

Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff further objects to the extent the request would seek work product or privileged information. Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:**

See documents produced in response to the requests listed above.

66.    All documents and communications supporting Your allegation that "each Plaintiff and affected family in the class suffered a private nuisance: a substantial and unreasonable impairment of their ability to use and enjoy their property interest (a lessee occupancy interest) due to the wrongful conduct by the Defendants who misused their own property interest (owner/landlord)" as alleged in Paragraph 9 of the Complaint.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants'

possession or as readily accessible to the Defendants as they are to the Plaintiff.  Plaintiff further

objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the

public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or

linked to public record documents in a manner that makes them as readily available to

Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and

control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff

further objects to the extent the discovery request would implicate premature disclosure of expert

witness information.   Plaintiff further objects to the extent the request would seek work product or

privileged information.  Plaintiff is informed and believes that Defendants possess inspection,

remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:**

See documents produced in response to the requests listed above.

67.     All documents and communications supporting Your allegation that "FBRC either did

not pertinently inspect units during the pertinent times, including the named Plaintiffs' units, or,

conducted an inspection that deliberately did not include seeking to determine the root cause for

chronic water moisture and mold conditions in the units" as alleged in Paragraph 23 of the Complaint.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of

Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of

attorney-client privileged information or attorney work product. For example, attorney work product

memos discussing statements made by clients, experts or representatives of Defendants regarding any

privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants'

possession or as readily accessible to the Defendants as they are to the Plaintiff.  Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff further objects to the extent the request would seek work product or privileged information. Plaintiff is informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:**

See documents produced in response to the requests listed above.

68.     All documents and communications relating to the "HVAC issues" alleged in Paragraphs 44-47 of the Complaint.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff.  Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff further objects to the extent the request would seek work product or privileged information. Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:**

See documents produced in response to the requests listed above.

69.    All documents and communications relating to the "mold in the ducts" alleged in Paragraph 49 of the Complaint.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff.  Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.    Plaintiff further objects to the extent the request would seek work product or privileged information.  Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:**

See documents produced in response to the requests listed above.

70.    All documents and communications relating to the "continued presence of mold" alleged in Paragraph 57 of the Complaint.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff.  Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the

public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.   Plaintiff further objects to the extent the request would seek work product or privileged information.  Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:**

See documents produced in response to the requests listed above.

71.    All documents and communications supporting Your allegation that "While residing at the Kezia Trail property, the Fischers' now 5-year-old was diagnosed with a Juvenile Pilocytic Astrocytoma, which is normally a slow-growing, benign brain tumor. The Fischer child's tumor grew at six times the normal rate and was labeled as malignant due to speed of growth and location: the brain stem" as alleged in Paragraph 60 of the Complaint.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.  Plaintiff further objects on grounds of vagueness.

Plaintiff further objects to the extent that medical evidence is confidential and such proof

is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case or lead to admissible evidence.

Plaintiff further objects to the extent the request would seek work product or privileged information.

**RESPONSE:**

Plaintiffs will cooperate to allow production of relevant medical records.

72.    All documents and communications relating to the "mold in the HVAC" at 9225 Soldier Road, alleged in Paragraph 73 of the Complaint.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive.

Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.   Plaintiff further objects to the extent the request would seek work product or privileged information.  Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:**

See documents produced in response to the requests listed above.

73.    Produce any and all documents which support Your claim for damages relating to property damage.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff.  Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive.

Plaintiff further objects to the extent the discovery request would implicate premature

disclosure of expert witness information.   Plaintiff further objects to the extent the request would

seek work product or privileged information.  Plaintiff is informed and believes that Defendants

possess inspection, remediation, maintenance and/or repair records that are responsive to this

request.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential

and private communications that were shared on a private Facebook or other social media group

with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of

the Defendants and via their influence over the military and undo command influence. Plaintiff

objects to the extent that the discovery requests seeks to intrude upon confidential and private

communications that are protected under the Military Housing Privatization Initiative Tenant Bill

of Rights which has been adopted by Defendants.

To the extent that the discovery request seeks public social media information, Plaintiff

objects to the extent that the information sought is as readily available to the Defendants as it is to

the Plaintiff.

Plaintiff further objects to the extent that medical evidence or proof is not necessary for

one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor

is its discovery proportional to the needs of the case.

Plaintiff further objects that Plaintiff' is not claiming personal injury damages.  Rather,

Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their

discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times.

Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical

discovery.  Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly

burdensome, harassing and intrusive into personal and confidential matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery. However, broad medical discovery such as in a personal injury case is not appropriate herein. Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

Plaintiff further objects to the extent that the discovery request seeks damages calculations as it pertains to all class members when Plaintiff is under no obligation to determine total damages or calculate damages to be sought at trial at this time.

Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing. Plaintiff further objects to the extent that the request is premature and constitutes a contention interrogatory given the status of the action at the class action stage. Plaintiff further objects to the extent that the scope of the request would implicate, attorney work product or attorney-client privileged communications.

Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification. Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis. The Plaintiff further objects because the Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members. The Plaintiff's claim

for the actual damages incurred may be calculated pro-rata based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based on breach of quite enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease. In addition, based on the anticipated third amended complaint there may be pro rata damages for each violation of the Virginia Consumer Protection Act.

**RESPONSE:**

See documents produced in response to the requests listed above.

74.    Produce any and all documents which support Your claim for damages relating to personal injuries suffered by any member of the Fischer Family.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product.  For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any photographs, information, or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff.  Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive.

Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.   Plaintiff further objects to the extent the request would seek work product or privileged information.  Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights which has been adopted by Defendants.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

Plaintiff further objects to the extent that the discovery request seeks damages calculations as it pertains to all class members when Plaintiff is under no obligation to determine total damages or calculate damages to be sought at trial at this time.

Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing. Plaintiff further objects to the extent that

the request is premature and constitutes a contention interrogatory given the status of the action at the class action stage. Plaintiff further objects to the extent that the scope of the request would implicate, attorney work product or attorney-client privileged communications.

Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification. Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis. The Plaintiff further objects because the Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members. The Plaintiff's claim for the actual damages incurred may be calculated pro-rata based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based on breach of quite enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease. In addition, based on the anticipated third amended complaint there may be pro rata damages for each violation of the Virginia Consumer Protection Act.

Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects that Plaintiff' is not claiming personal injury damages. Rather,

Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times. Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery.  Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery.  However, broad medical discovery such as in a personal injury case is not appropriate herein.  Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:**

See documents produced in response to the requests listed above.  Plaintiffs will cooperate to allow production of relevant medical records.

75.    Produce any and all documents which support Your claim for damages relating to mental or emotional distress or anguish suffered by any member of the Fischer Family.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product.  For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any photographs, or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff.  Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff further objects to the extent the request would seek work product or privileged information. Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

Plaintiff further objects to the extent that the discovery request seeks damages calculations

as it pertains to all class members when Plaintiff is under no obligation to determine total damages or calculate damages to be sought at trial at this time.

Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing. Plaintiff further objects to the extent that the request is premature and constitutes a contention interrogatory given the status of the action at the class action stage. Plaintiff further objects to the extent that the scope of the request would implicate, attorney work product or attorney-client privileged communications.

Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification. Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis. The Plaintiff further objects because the Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members. The Plaintiff's claim for the actual damages incurred may be calculated pro-rata based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based on breach of quite enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease. In addition, based on the anticipated third amended complaint there may be pro rata damages for each violation of the Virginia Consumer Protection Act.

63

Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects that Plaintiff' is not claiming personal injury damages. Rather, Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times. Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery. Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery. However, broad medical discovery such as in a personal injury case is not appropriate herein. Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:**

See documents produced in response to the requests listed above. Plaintiffs will cooperate to allow production of relevant medical records.

76.    Produce any and all documents which support Your claim for damages relating to lost wages and/or lost professional opportunities.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants

regarding information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further objects on grounds of vagueness.

Plaintiff further objects to the extent that the discovery request seeks damages calculations as it pertains to all class members when Plaintiff is under no obligation to determine total damages or calculate damages to be sought at trial at this time.

Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing. Plaintiff further objects to the extent that the request is premature and constitutes a contention interrogatory given the status of the action at the class action stage. Plaintiff further objects to the extent that the scope of the request would implicate, attorney work product or attorney-client privileged communications.

Plaintiff further objects that the Defendant is in possession of this information and/or is in the public domain. Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification. Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis. The Plaintiff further

objects because the Roman Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members. The Roman Plaintiff's claim for the actual damages incurred may be calculated pro-rata based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based

on breach of quite enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease. In addition, based on the anticipated third amended complaint there may be pro rata damages for each violation of the Virginia Consumer Protection Act.

**RESPONSE:**

Plaintiffs are not seeking such damages at this time.

77.     Produce any and all documents which support Your claim for any damages not previously provided in response to other Requests.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any photographs, or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further objects on grounds of vagueness.

Plaintiff further objects to the extent that the discovery request seeks damages calculations as it pertains to all class members when Plaintiff is under no obligation to determine total damages or calculate damages to be sought at trial at this time.

Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing. Plaintiff further objects to the extent that the request is premature and constitutes a contention interrogatory given the status of the action at the class action stage. Plaintiff further objects to the extent that the scope of the request would implicate, attorney work product or attorney-client privileged communications.

Plaintiff further objects that the Defendant is in possession of this information and/or is in the public domain. Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification. Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis. The Plaintiff further objects because the Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members. The Plaintiff's claim for the actual damages incurred may be calculated pro-rata based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based on breach of quite enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease. In addition, based on the anticipated third amended complaint there may be pro rata damages for each violation of the Virginia Consumer Protection Act.

**RESPONSE:**

None in addition to what is being provided per the requests listed above.

78.     To the extent not otherwise provided in the above Requests, all documents identified, referenced or relied upon in Your discovery responses otherwise in this matter.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff.  Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.   Plaintiff further objects to the extent the request would seek work product or privileged information.  Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential

and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

Plaintiff further objects to the extent that the discovery request seeks damages calculations as it pertains to all class members when Plaintiff is under no obligation to determine total damages or calculate damages to be sought at trial at this time.

Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing. Plaintiff further objects to the extent that the request is premature and constitutes a contention interrogatory given the status of the action at the class action stage.  Plaintiff further objects to the extent that the scope of the request would implicate, attorney work product or attorney-client privileged communications.

Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives,

and merit issues to determine class certification. Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis. The Plaintiff further objects because the Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members. The Plaintiff's claim for the actual damages incurred may be calculated pro-rata based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based on breach of quite enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease. In addition, based on the anticipated third amended complaint there may be pro rata damages for each violation of the Virginia Consumer Protection Act.

Plaintiff objects on the grounds that the request is overly broad, vague and ambiguous, and unduly burdensome.

Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects that Plaintiff is not claiming personal injury damages. Rather, Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times. Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery. Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly

burdensome, harassing and intrusive into personal matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery.  However, broad medical discovery such as in a personal injury case is not appropriate herein.  Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:**

None in addition to what is being provided per the requests listed above.

79.     Produce copies of all pleadings or claims filed by You, or on Your behalf, in the past ten (10) years in any state, federal or local court, or with any administrative or regulatory authority, including without limitation, workers compensation actions and personal injury actions.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks irrelevant information with no bearing on the case and the request is not proportional to the needs of the case. Plaintiff further objects to the extent the request is excessive in time scope and not limited in terms of the subject matter of any prior matters and not reasonably calculated to lead to admissible evidence.

**RESPONSE:**

Plaintiffs after conducting a reasonable search are not aware of such documents in their possession, custody or control.

80.     Please produce all of your Facebook messenger discussions with all individuals with whom you discussed regarding the claims in this lawsuit, Your claims for damages, Your advocacy efforts, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant.

## OBJECTIONS

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants. To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects that the request is overly broad, ambiguous and unduly burdensome, and is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

## RESPONSE:

See public Facebook documents, produced.

81.    Please produce all of your Facebook posts regarding the claims in this lawsuit, Your claims for damages, Your advocacy efforts, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants. To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects that the request is overly broad, ambiguous and unduly burdensome, and is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

**RESPONSE:**

See public Facebook documents, produced.

82.    Please produce all of your comments to *other* users' Facebook posts regarding the claims in this lawsuit, Your claims for damages, Your advocacy efforts, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants. To the extent that the

discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects that the request is overly broad, ambiguous and unduly burdensome, and is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

**RESPONSE:**

See public Facebook documents, produced.

83.    Please produce all social media posts and comments to social media posts, *other than Facebook*, regarding the claims in this lawsuit, Your claims for damages, Your advocacy efforts, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of

the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants. To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects that the request is overly broad, ambiguous and unduly burdensome, and is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege. Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.

Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification. Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

**<u>RESPONSE:</u>**

See public Facebook documents, produced.

84.     Please produce all documents, communications, materials and online posts created, reviewed and/or received by You as part of your involvement with the Belvoir Housing Advocacy Group.

**<u>OBJECTIONS</u>**

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants. To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects that the request is overly broad, ambiguous and unduly burdensome, and is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects insofar as the request seeks information which has or have no

bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege.  Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.

Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification.  Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

**RESPONSE:**

See public Facebook documents, produced.

Dated: November 23, 2022.

_____

David Hilton Wise, VA Bar No. 30828
Joseph M. Langone, VA Bar No. 43543
WISE LAW FIRM PLC
10640 Page Avenue, Suite 320
Fairfax, Virginia 22030
Phone: 703-934-6377
dwise@wiselaw.pro
jlangone@wiselaw.pro
Counsel for Plaintiffs

Joel R. Rhine, NC State Bar No. 16028
Martin A. Ramey, NC State Bar No. 33617
Ruth A. Sheehan, NC State Bar No. 48069
RHINE LAW FIRM, P.C.
1612 Military Cutoff Rd., Suite 300
Wilmington, NC 28403
Phone: 910-772-9960
jrr@rhinelawfirm.com
mjr@rhinelawfirm.com
RAS@rhinelawfirm.com
Counsel for Plaintiffs

Mona Lisa Wallace, NC Bar No. 009201
John Hughes, NC State Bar No. 22126
WALLACE AND GRAHAM, PA.
525 N. Main Street
Salisbury, NC 28144
Phone: 704-633-5244
mwallace@wallacegraham.com
jhughes@wallacegraham.com
Counsel for Plaintiffs

John A. Yanchunis, FL Bar No. 324681
Kenya Reddy, FL Bar No. 459933
MORGAN & MORGAN LAW FIRM
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Phone: 813-223-5505
JYanchunis@ForThePeople.com
KReddy@ForThePeople.com

Counsel for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 23rd day of November, 2022, a copy of the foregoing  was
served via e-mail on all counsel of record, including:

Kathryn E. Bonorchis #80007
Joseph Doukmetzian, 91685
Lewis, Brisbois, Bisgaard & Smith, LLP
100 Light Street, Suite 1300
Baltimore, Maryland, 21202
Kathryn.Bonorchis@lewisbrisbois.com
Joseph.Doukmetzian@lewisbrisbois.com

Richard G, Morgan, Admitted *Pro Hac Vice*
Tina Syring, Admitted *Pro Hac Vice*
Emily Suhr, Admitted *Pro Hac Vice*
Lewis, Brisbois, Bisgaard & Smith, LLP
Wells Fargo Center
90 South 7th Street, Suite 2800
Minneapolis, Minnesota 55402
Richard.Morgan@lewisbrisbois.com
Tina.Syring@lewisbrisbois.com
Emily.Suhr@lewisbrisbois.com

*Attorneys for Defendants*

Dated: November 23, 2022.

_____
David Hilton Wise, VA Bar No. 30828
Joseph M. Langone, VA Bar No. 43543
WISE LAW FIRM PLC
10640 Page Avenue, Suite 320
Fairfax, Virginia 22030
Phone: 703-934-6377
dwise@wiselaw.pro
jlangone@wiselaw.pro
Counsel for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| Chief Petty Officer JOHN FISCHER and | * | |
| ASHLEY FISCHER, et al. | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Case No. 1:22-cv-00286 |
| | * | |
| FORT BELVOIR RESIDENTIAL | * | |
| COMMUNITIES LLC, et al. | * | |
| | * | |
| Defendants | * | |

**PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
OF DOCUMENTS TO PLAINTIFF RAVEN ROMAN**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Raven Roman hereby responds to the Requests for the Production of Documents that were served by the Defendants, Fort Belvoir Residential Communities LLC ("FBRC") and Michaels Management Services LLC ("MMS") on October 24, 2022.

**OBJECTIONS TO "INSTRUCTIONS AND DEFINITIONS"**

Plaintiff objects to Defendants' instructions and definitions to the extent that they would purport to impose any duties exceeding Plaintiff's duties under the Federal Rules of Civil Procedure and applicable case law controlling discovery.

1.      Plaintiff generally objects to Defendants' Requests for Production to the extent they seek documents prepared in anticipation of litigation or trial, either by or for the Plaintiff and/or the Plaintiff's representatives, on the grounds that any such information or documents are privileged from discovery and Defendants have not made the requisite showings of "substantial need" and "undue hardship."

1

2.        Plaintiff generally objects to Defendants' Requests for Production to the extent they seek documents subject to the work-product doctrine, attorney-client privilege, or are otherwise privileged on the ground that such documents are not discoverable.  This objection includes, but is not limited to, information relating to mental impressions, conclusions, opinions or legal theories of Plaintiffs' counsel concerning this litigation, information that was obtained or prepared in anticipation of this litigation or trial preparation, and privileged information provided, obtained, or prepared since the commencement of this litigation concerning this litigation.

3.        These general objections apply to each document request. The inadvertent disclosure of privileged documents does not waive any privilege with respect to the inadvertently- produced document, or any other document. The following objections stated below under individual numbered requests are the Plaintiff's specific objections in addition to these general objections. Documents will be produced within the time set forth in the Federal Rules of Civil Procedure.

4.        Plaintiff generally objects to Defendants' Requests for Production to the extent they seek information or documents not currently in his possession, custody or control, or in the possession, custody or control of someone else.  Plaintiff's Responses are based  on their reasonable search for presently-available documents.

5.        Plaintiff generally objects to Defendants' Requests for Production to the extent they seek to impose obligations beyond those set forth in the Eastern District of Virginia Local Civil Rules.

6.        Plaintiff generally objects to Defendants' Requests for Production to the extent they are not limited to a specific, relevant time period so, absent a particular showing of relevance, seek information that is irrelevant.

7.      The production of information and/or documents pursuant to these Responses is made without waiving: (a) these general objections; (b) the right to object on any grounds to the use of any information or documents produced or identified pursuant to these Responses in this or any other action or proceeding; (c) the right to object on any and all grounds, at any time, to other Requests or other discovery mechanisms or proceedings; and (d) the right at any time to revise, correct, or supplement these Responses.  In addition, the inadvertent disclosure of privileged information or release of privileged documents shall not constitute a waiver of any applicable privilege.

8.      The inadvertent disclosure of privileged documents does not waive any privilege with respect to the inadvertently-produced document, or any other document.

9.      Each of these General Objections is incorporated without further reference in each of the following specific responses made by Plaintiff.  In addition to the General Objections set forth above, Plaintiff also states other specific objections where appropriate, including objections that are not generally applicable to every Request for Production.

## <u>RESPONSES</u>

1.      All documents identified or referenced in Your Answers to Interrogatories.

## <u>OBJECTIONS</u>

Objection, said request seeks information that is prohibited under the attorney client privilege and the attorney work product doctrine. Plaintiff further objects to the extent that the interrogatory responses may reference documents of general availability to all parties.  Plaintiff further objects on vagueness grounds; in answering the discovery Plaintiff "relied" on the full gamut of their knowledge and experience and that of their legal team to the extent it is properly responsive. Plaintiff further objects to the extent that the discovery request seeks information in

3

the public domain which is as readily accessible to Defendants as it would be to Plaintiff.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

2.      All documents identified or referenced in the Complaint.

**OBJECTIONS:**

Plaintiff objects to the extent that the discovery request seeks information in the public domain which is as readily accessible to Defendants as it would be to Plaintiff.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

3.      Your lease for 5200 Stable Court, Fort Belvoir, VA 22060.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks information in the public domain which is as readily accessible to Defendants as it would be to Plaintiff.

**RESPONSE:**

Plaintiffs will produce relevant responsive lease-related documents obtained after a reasonable search was conducted.

4.      Your lease for 5493 Jadwin Loop, Fort Belvoir, VA 22060.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks information which is as readily accessible to Defendants as it would be to Plaintiff or which is solely in Defendants'

possession.

**RESPONSE:**

Plaintiffs will produce relevant responsive lease-related documents obtained after a reasonable search was conducted.

5.    All work orders or work order requests for 5200 Stable Court, Fort Belvoir, VA 22060.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks information which is as readily accessible to Defendants as it would be to Plaintiff or which is solely in Defendants' possession.

**RESPONSE:**

Plaintiffs will produce relevant responsive work order related documents obtained after a reasonable search was conducted.

6.    All work orders or work order requests for 5493 Jadwin Loop, Fort Belvoir, VA 22060.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks information which is as readily accessible to Defendants as it would be to Plaintiff or which is solely in Defendants' possession.

**RESPONSE:**

Plaintiffs will produce relevant responsive work order documents obtained after a reasonable search was conducted.

7.    All documents which You believe support Your claims against any Defendant.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff further objects to the extent the request would seek work product or privileged information. Plaintiff is informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:**

Plaintiffs will produce relevant, responsive, nonprivileged documents obtained after a reasonable search was conducted. See documents being produced, including:

- Emails with inspector general personnel.

- 2019 annual compliance report official inquiries, resident statement documents.

- Environmental Baseline Survey of the Army Residential Communities Initiative (RCI) Properties at Fort Belvoir, Virginia, 2003.

- U.S. Army Corps of Engineers, Norfolk District Center of Expertise, Military Housing and Privatization Initiative, Residential Communities Initiative (RCI), Annual Lease Compliance Review, 2020.

- Army Corps of Engineers memorandum dated Oct. 27, 2020.

- Army Corps of Engineers memorandum dated Aug. 22, 2019.

- Army Corps of Engineers memorandum dated May 24, 2018.

- Army Corps of Engineers memorandum dated May 4, 2016.

- RCI ground lease compliance checklist,

- Fiscal Year 2011 GLCR Results.

- RCI lease administration checklist, annual inspection, March 2010.

- Same, March 2007.

- Same, January 2006.

- Same, January 2005.

- Army Fort Belvoir ground lease.

- Roman family medical records (confidential).

- Mold testing/analysis documents.

- Photos.

- Social media postings.

- Work orders.

- News articles.

- Miscellaneous documents.

8.     All statements given by parties, non-parties, or witnesses with respect to the subject

matter of this litigation, whether written, oral, or stenographically documented.

### **OBJECTIONS**

Plaintiff objects to the extent that extent that the discovery request seeks information

which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has

adequately identified or linked to public record documents in a manner that makes them as readily

available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession,

custody and control or outside the Plaintiff's possession, custody or control and that would be

responsive.  Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff further objects to the extent the request would seek work product or privileged information.

**RESPONSE:**

Plaintiffs do not at this time have any written witness statements.  Plaintiffs note that various individuals may have commented materially regarding the Fort Belvoir housing situation either before Congress, in the news media or at community or "town hall" meetings.

9.    All documents in any way related to the alleged existence of or Your alleged exposure to mold or excessive moisture conditions at the First Premises.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain or which is otherwise as readily accessible to Defendants as it would be to Plaintiff or which is solely in Defendants' possession which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.   Plaintiff further objects to the extent the request would seek work product or privileged information.  Plaintiff further objects to the phrase "in any way related" as it is vague, overly broad and renders the request unduly burdensome. Plaintiffs are informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:**

8

Plaintiffs will produce copies of any photos of the homes in their possession which have relevant information. Plaintiffs will produce other mold-related documents available after a reasonable search was conducted.

10.     All documents in any way related to the alleged existence of or Your alleged exposure to mold or excessive moisture conditions at the Second Premises.

### OBJECTIONS

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain or which is otherwise as readily accessible to Defendants as it would be to Plaintiff or which is solely in Defendants' possession which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.   Plaintiff further objects to the extent the request would seek work product or privileged information. Plaintiff further objects to the phrase "in any way related" as it is vague, overly broad and renders the request unduly burdensome. Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

### RESPONSE:

Plaintiffs will produce copies of any photos of the homes that they have which contain relevant responsive information. Plaintiffs will produce other mold-related documents available after a reasonable search was conducted. As to medical records, Plaintiffs will cooperate so as to allow the parties to obtain medical records of family members for a reasonable time period.

11.     All documents in any way related to Your exposure to allegedly hazardous levels of mold at any location other than the First Premises.

9

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks information regarding locations having no bearing or relevance to the claims herein as the request is thereby not proportional to the needs of the case or will lead to admissible evidence. Plaintiff further objects to the phrase "in any way related" as it is overly broad and ambiguous renders the request unduly burdensome and term "hazardous" is undefined and renders the request overly vague.

**RESPONSE:**

Plaintiffs are providing herewith relevant responsive documents located after a reasonable search was conducted pertaining to mold issues at any of the Belvoir homes/accommodations where they stayed.  Plaintiffs are unaware of any relevant responsive documents in their possession, custody or control pertaining to alleged mold exposure at non-Belvoir homes.

12.     All documents in any way related to Your exposure to allegedly hazardous levels of mold at any location other than the Second Premises.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks information regarding locations having no bearing or relevance to the claims herein as the request is thereby not proportional to the needs of the case or will lead to admissible evidence. Plaintiff further objects to the phrase "in any way related" as it is overly broad and ambiguous renders the request unduly burdensome and term "hazardous" is undefined and renders the request overly vague.

**RESPONSE:**

See response to request number 11.

13.     All documents constituting or relating to Your communications with any Defendant regarding any work orders or work order requests for the First Premises, including those related to mold or moisture conditions.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks information which is as readily accessible to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive.  Plaintiff is informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.  Plaintiff further objects to the phrase "relating to" as it is overly broad and ambiguous renders the request unduly burdensome.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents and communications with any Defendant regarding work orders that were obtained after a reasonable search was conducted.

14.     All documents constituting or relating to Your communications with any Defendant regarding any work orders or work order requests for the Second Premises, including those related to mold or moisture conditions.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks information which is as readily accessible to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive.  Plaintiff is informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.  Plaintiff further

11

objects to the phrase "relating to" as it is overly broad and ambiguous renders the request unduly burdensome.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents and communications with any Defendant regarding work orders that were obtained after a reasonable search was conducted.

15.    All documents constituting or relating to Your communications with any non-party (other than your lawyers) regarding your alleged exposure to mold or the alleged existence of mold or moisture conditions at the First Premises.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery requests seek to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seek to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants. To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff. Plaintiff further objects to the phrase "relating to" as it is overly broad and ambiguous renders the request unduly burdensome.

**RESPONSE:**

Plaintiffs will produce relevant, responsive, nonprivileged documents and communications with any non-Party regarding mold exposure that were obtained after a reasonable search was conducted.

16.    All documents constituting or relating to Your communications with any non-party (other than your lawyers) regarding your alleged exposure to mold or the alleged existence of mold or moisture conditions at the Second Premises.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery requests seek to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seek to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants. To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff. Plaintiff further objects to the phrase "relating to" as it is overly broad and ambiguous renders the request unduly burdensome.

**RESPONSE:**

Plaintiffs will produce the relevant responsive documents and communications with non-parties regarding mold exposure and conditions at the premises that were obtained after a reasonable search was conducted, including communications with politicians, the media and advocacy groups.

17.     All documents constituting or relating to Your communications with any non-party regarding Your exposure to allegedly hazardous levels of mold at any location *other than* the First Premises.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery requests seek to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seek to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects insofar as the request seeks information regarding a location or locations which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

Plaintiff further objects to the phrase "relating to" as it is overly broad and ambiguous renders the request unduly burdensome.

**RESPONSE:**

After conducting a reasonable search Plaintiffs are not aware of there being any responsive documents except for those regarding the Defendant-managed homes at Fort Belvoir.

14

18.    All documents constituting or relating to Your communications with any non-party regarding Your exposure to allegedly hazardous levels of mold at any location *other than* the Second Premises.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery requests seek to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seek to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects insofar as the request seeks information regarding a location or locations which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

Plaintiff further objects to the phrase "relating to" as it is overly broad and ambiguous renders the request unduly burdensome.

**RESPONSE:**

After conducting a reasonable search Plaintiffs are not aware of there being any responsive documents except for those regarding the Defendant-managed homes at Fort Belvoir.

15

19.     Any and all reports, memoranda, correspondence, plans, proposals, estimates, opinions, or other documents pertaining to testing, investigation, repair, or remediation of alleged mold or excessive moisture conditions at the First Premises.

### OBJECTIONS

Plaintiff objects on the grounds that the request is overly broad, vague and ambiguous, and unduly burdensome in seeking a broad array of documents of any sort "Any and all" or "other documents" "pertaining to" a position.  Plaintiff further objects to the extent that the scope of the request would implicate, for example, attorney work product memos discussing statements made by representatives of Defendants, or attorney-client privileged communications. Plaintiff further objects to the extent that the information sought is readily available to the Defendants as it is to the Plaintiff, or it may reference documents already in Defendants' sole possession or outside of the Plaintiff's possession, custody or control and that would be responsive.

Plaintiff further objects to the extent the request would prematurely seek disclosure of expert opinion.

### RESPONSE:

Plaintiffs will produce relevant responsive documents and reports pertaining to testing, investigation, repair and remediation that were obtained after a reasonable search was conducted.

20.     Any and all reports, memoranda, correspondence, plans, proposals, estimates, opinions, or other documents pertaining to testing, investigation, repair, or remediation of alleged mold or excessive moisture conditions at the Second Premises.

### OBJECTIONS

Plaintiff objects on the grounds that the request is overly broad, vague and ambiguous, and unduly burdensome in seeking a broad array of documents of "Any and all" or "other

documents" "pertaining to" a position.  Plaintiff further objects to the extent that the scope of the request would implicate, for example, attorney work product memos discussing statements made by representatives of Defendants, or attorney-client privileged communications.  Plaintiff further objects to the extent that the information sought is readily available to the Defendants as it is to the Plaintiff, or it may reference documents already in Defendants' sole possession or outside of the Plaintiff's possession, custody or control and that would be responsive.

Plaintiff further objects to the extent the request would prematurely seek disclosure of expert opinion.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents, reports, plans, proposals, estimates, and correspondence pertaining to testing, investigation, repair and remediation of mold that were obtained after a reasonable search was conducted.

21.    All documents upon which You rely in support of Your allegation that any Defendant or non-party breached any mold remediation standards relative to the First Premises.

**OBJECTIONS**

Plaintiff objects to the extent that the scope of the request would implicate, for example, attorney work product memos discussing statements made by representatives of Defendants, or attorney-client privileged communications.  Plaintiff further objects to the extent that the information sought is readily available to the Defendants as it is to the Plaintiff, or it may reference documents already in Defendants' sole possession or outside of the Plaintiff's possession, custody or control and that would be responsive.

Plaintiff further objects to the extent the request would prematurely seek disclosure of expert opinion.

17

**RESPONSE:**

Plaintiffs will produce relevant responsive documents located after a reasonable search was conducted.

22.    All documents upon which You rely in support of Your allegation that any Defendant or non-party breached any mold remediation standards relative to the Second Premises.

**OBJECTIONS**

Plaintiff objects to the extent that the scope of the request would implicate, for example, attorney work product memos discussing statements made by representatives of Defendants, or attorney-client privileged communications. Plaintiff further objects to the extent that the information sought is readily available to the Defendants as it is to the Plaintiff, or it may reference documents already in Defendants' sole possession or outside of the Plaintiff's possession, custody or control and that would be responsive.

Plaintiff further objects to the extent the request would prematurely seek disclosure of expert opinion.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents located after a reasonable search was conducted.

23.    All documents upon which You rely in support of Your allegation that the damages You allege in this Action arise out of any Defendant's or non-party's breach of any trade standard, industry standard, construction standard, building code, safety standard, governmental regulation, or any other standard, code, or regulation.

**OBJECTIONS**

Plaintiff objects to the extent that the scope of the request would implicate, for example,

attorney work product memos discussing statements made by representatives of Defendants, or attorney-client privileged communications. Plaintiff further objects to the extent that the information sought is readily available to the Defendants as it is to the Plaintiff, or it may reference documents already in Defendants' sole possession or outside of the Plaintiff's possession, custody or control and that would be responsive.

Plaintiff further objects to the extent the request would prematurely seek disclosure of expert opinion.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents located after a reasonable search was conducted.

24.    All documents related to Your purchase of mold remediation services relative to the First Premises, including any agreements, estimates, appraisals, invoices, receipts, results, or reports.

**OBJECTIONS**

Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege. Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.

**RESPONSE:**

Plaintiffs will produce all relevant, responsive, nonprivileged documents pertaining to the purchase of remediation services relative to the first premises that were located after a reasonable search was conducted.

19

25.    All documents related to Your purchase of mold remediation services relative to the Second Premises, including any agreements, estimates, appraisals, invoices, receipts, results, or reports.

**OBJECTIONS**

Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege. Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.

**RESPONSE:**

Plaintiffs will produce all relevant, responsive, nonprivileged documents pertaining to the purchase of remediation services relative to the second premises that were located after a reasonable search was conducted.

26.    All documents related to Your claim of out-of-pocket expenses related to Your alleged displacement from the First Premises, including any agreements, estimates, appraisals, or receipts.

**OBJECTIONS**

Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege. Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.

Plaintiff further objects to the extent that the discovery request seeks damages calculations when Plaintiff is under no obligation to determine total damages or calculate damages to be sought at trial at this time.

The Plaintiff further objects as damage calculations are premature at the class action stage because the information sought may include damages to be allocated to each absent putative

class who are not clients nor members of the class at this stage of the litigation. Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis. The Plaintiff further objects because the Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members. The Plaintiff's claim for the actual damages incurred may be calculated pro-rata based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based on breach of quite enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease. In addition, based on the anticipated third amended complaint there may be pro rata damages for each violation of the Virginia Consumer Protection Act.

Plaintiff further objects to the phrase "relating to" as it is overly broad and ambiguous renders the request unduly burdensome.

**RESPONSE:**

Plaintiffs will produce all relevant, responsive, nonprivileged documents relating to out of pocket expenses that were sustained as a result of displacement from the first premises.

27.    All documents related to Your claim of out-of-pocket expenses related to Your alleged displacement from the Second Premises, including any agreements, estimates, appraisals, or receipts.

**OBJECTIONS**

Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege. Plaintiff objects to the

extent the request would prematurely seek disclosure of expert opinion.

Plaintiff further objects to the extent that the discovery request seeks damages calculations at the class action stage when Plaintiff is under no obligation to determine total damages or calculate damages to be at this time.

The Plaintiff further objects as damage calculations are premature at the class action stage because the information sought may include damages to be allocated to each absent putative class who are not clients nor members of the class at this stage of the litigation. Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis. The Plaintiff further objects because the Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members. The Plaintiff's claim for the actual damages incurred may be calculated pro-rata based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based on breach of quite enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease. In addition, based on the anticipated third amended complaint there may be pro rata damages for each violation of the Virginia Consumer Protection Act.

Plaintiff further objects to the phrase "relating to" as it is overly broad and ambiguous renders the request unduly burdensome.

**RESPONSE:**

Plaintiffs will produce all relevant, responsive, nonprivileged documents relating to out of pocket expenses that were sustained as a result of displacement from the second premises.

28.     All photographs and other visual or audio recordings relating to damages, liability, or the investigation of the subject matter of this lawsuit.

**<u>OBJECTIONS</u>**

Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege.  Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.

Plaintiff further objects to the extent that the discovery request seeks damages calculations as it pertains to all class members when Plaintiff is under no obligation to determine total damages or calculate damages to be sought at trial at this time.

Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing. Plaintiff objects on the grounds that the request is overly broad, vague and ambiguous, in seeking documents of "All" photographs or audio records, documents in this matter.  Plaintiff further objects to the extent that the request is premature and constitutes a contention interrogatory given the status of the action at the class action stage.  Plaintiff further objects to the extent that the scope of the request would implicate, attorney work product or attorney-client privileged communications.

Plaintiff further objects that the Defendant is in possession of this information and/or is in the public domain. Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification.  Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis. The Plaintiff further objects because the Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members. The Plaintiff's claim for the actual damages incurred may be calculated pro-rata based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based on breach of quite enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease. In addition, based on the anticipated third amended complaint there may be pro rata damages for each violation of the Virginia Consumer Protection Act.

**RESPONSE:**

Plaintiffs will produce all relevant, responsive, nonprivileged photographs and video recordings relating to investigation into the subject matter of this lawsuit.

29.     Any maps, plats, drawings, sketches, or other visual representations which have been created which refer to or in any way relate to Your claims in this lawsuit.

**OBJECTIONS**

Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege. Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.

Plaintiff objects on the grounds that the request is overly broad, vague and ambiguous, and unduly burdensome in seeking a broad array of documents which "refer to" or "any way relate"

your claims in this lawsuit. Plaintiff further objects to the extent that the scope of the request would implicate, for example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any photographs, or attorney-client privileged communications.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents located after a reasonable search was conducted.

30.    All medical records that evidence, show or document physical, emotional and/or psychological injuries to any member of the Roman Family for which You seek recovery in this lawsuit.

**OBJECTIONS**

Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion. Plaintiff further objects to the extent that medical evidence is confidential and such proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case or lead to admissible evidence.

**RESPONSE:**

Plaintiffs will cooperate so as to allow the parties to obtain medical records from within a reasonable time period.

31.    All medical records of any treatment or examination any member of the Roman Family received from any hospital, physician, or healthcare institution who has treated or examined You or any member of the Roman Family for any reason in the past ten (10) years.

**OBJECTIONS**

Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion. Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case. Plaintiff further objects that the ten-year time term and "any treatment" scope render the request overly broad.

Plaintiff further objects that Plaintiff' is not claiming personal injury damages. Rather, Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times. Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery. Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery. However, broad medical discovery such as in a personal injury case is not appropriate herein. Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:**

Plaintiffs will cooperate so as to allow the parties to obtain medical records from within a reasonable time period.

32.    All medical records of any treatment or examination any member of the Roman Family received from any counselor, therapist, or mental health professional who has treated or examined any member of the Roman Family for any reason in the past ten (10) years.

**OBJECTIONS**

Plaintiff objects to the extent the request would prematurely seek disclosure of expert

26

opinion.  Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case.  Plaintiff further objects that the ten-year time term and "any treatment" scope render the request overly broad.

Plaintiff further objects that Plaintiff' is not claiming personal injury damages.  Rather, Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times. Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery.  Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery.  However, broad medical discovery such as in a personal injury case is not appropriate herein.  Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:**

Plaintiffs will cooperate so as to allow the parties to obtain medical records from within a reasonable time period.

33.     All medical records of any examinations any member of the Roman Family received from any hospital, physician, healthcare institution, counselor, therapist, mental health professional or person who has treated or examined any member of the Roman Family for any mental or physical injuries for which You seek to recover in this lawsuit.

**OBJECTIONS**

Plaintiff objects to the extent the request would prematurely seek disclosure of expert

opinion. Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects that Plaintiff' is not claiming personal injury damages. Rather, Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times. Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery. Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery. However, broad medical discovery such as in a personal injury case is not appropriate herein. Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:**

Plaintiffs will cooperate so as to allow the parties to obtain medical records from within a reasonable time period.

34.    All medical records of any diagnoses any member of the Roman Family received from any hospital, physician, health-care institution, counselor, therapist, mental health professional or person who has treated or examined any member of the Roman Family for any mental or physical injuries for which You seek recovery in this litigation.

**OBJECTIONS**

Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion. Plaintiff further objects to the extent that medical evidence or proof is not necessary for

one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects that Plaintiff' is not claiming personal injury damages. Rather, Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times. Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery. Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery. However, broad medical discovery such as in a personal injury case is not appropriate herein. Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:**

Plaintiffs will cooperate so as to allow the parties to obtain medical records from within a reasonable time period.

35. All medical records of any treatment, medication or prescription any member of the Roman Family received from any hospital, physician, health-care institution, counselor, therapist, mental health professional or person who has treated or examined any member of the Roman Family for any mental or physical injuries for which You seek recovery in this litigation.

**OBJECTIONS**

Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion. Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor

is its discovery proportional to the needs of the case.

Plaintiff further objects that Plaintiff' is not claiming personal injury damages. Rather, Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times. Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery. Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery. However, broad medical discovery such as in a personal injury case is not appropriate herein. Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:**

Plaintiffs will cooperate so as to allow the parties to obtain medical records from within a reasonable time period.

36.     All documents or records that evidence, show or set forth the nature, extent and/or amount of any expenses paid by You for which You seek recovery for in this litigation.

**OBJECTIONS**

Plaintiff objects to the extent the request would prematurely seek disclosure of expert witness information. Plaintiff further objects to the extent that information regarding rental or "BAH" payments is already in Defendant's possession.

Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege.

Plaintiff further objects to the extent that the discovery request seeks damages calculations

as it pertains to all class members when Plaintiff is under no obligation to determine total damages or calculate damages to be sought at trial at this time.

Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing.

Plaintiff further objects that the Defendant is in possession of this information and/or is in the public domain. Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification. Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis. The Plaintiff further objects because the Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members. The Plaintiff's claim for the actual damages incurred may be calculated pro-rata based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based on breach of quite enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease. In addition, based on the anticipated third amended complaint there may be pro rata damages for each violation of the Virginia Consumer Protection Act.

31

**RESPONSE:**

Please see documents produced in response to the requests set out above.

37.    All documents, including but not limited to medical bills and payroll records, evidencing any damages for which You seek recovery in this case.

**OBJECTIONS**

Plaintiff objects to the extent the request would prematurely seek disclosure of expert witness information.   Plaintiff further objects to the extent that information regarding rental or "BAH" payments is already in Defendant's possession.

Plaintiff further objects to the extent that medical evidence is confidential and such proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case or lead to admissible evidence.

Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege.

Plaintiff further objects to the extent that the discovery request seeks damages calculations as it pertains to all class members when Plaintiff is under no obligation to determine total damages or calculate damages to be sought at trial at this time.

Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing.

Plaintiff further objects that the Defendant is in possession of this information and/or is in the public domain. Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to

class representatives, and merit issues to determine class certification. Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis. The Plaintiff further objects because the Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members. The Plaintiff's claim for the actual damages incurred may be calculated pro-rata based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based on breach of quite enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease. In addition, based on the anticipated third amended complaint there may be pro rata damages for each violation of the Virginia Consumer Protection Act.

**RESPONSE:**

Plaintiffs do not seek recovery of damages for medical bills or lost wages at this time.

38.    All documents evidencing any insurance benefits and/or proceeds You have received as a result of the damages and/or losses alleged in the Complaint against Defendants.

**OBJECTIONS**

Plaintiff objects to the extent the request would seek information which has no bearing or relevance to this matter and is not proportional to the needs of the case or leads to admissible evidence.

**RESPONSE:**

Plaintiffs only reimbursement as a result of the damages and losses alleged in the Complaint came in the form of reimbursement from Defendants for Plaintiff's items and belongings that were contaminated with mold while stored in Plaintiff's closet and shed at the 5200 Stable Court residence.

39.    A copy of any check(s) or other document(s) reflecting any payments to You by anyone related to the claims or allegations in set forth in the Complaint against Defendants.

**OBJECTIONS**

Plaintiff objects to the extent the request would seek information which has no bearing or relevance to this matter and is not proportional to the needs of the case or lead to admissible evidence. Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege.

**RESPONSE:**

All relevant, responsive nonprivileged documents that were located after a reasonable search was conducted are being produced.

40.    Any and all documents regarding any claims or suits (other than this present lawsuit) brought by any member of the Roman Family, or on behalf of any member of the Roman Family, against any person or entity arising out the claims or allegations in this case.

**OBJECTIONS**

Plaintiff objects to the extent the request would seek information which is subject to attorney client or work product privilege.    Plaintiff objects to the extent the request would seek information which has no bearing or relevance to this matter and is not proportional to the needs of

34

the case or lead to admissible evidence.

**RESPONSE:**

Plaintiffs are not aware of any responsive documents.

41.    All documents reflecting or pertaining to any settlement, agreement, understanding or compromise between You and any other person or entity in connection with the claims and damages alleged in the Complaint, including any covenants not to sue.

**OBJECTIONS**

Plaintiff objects to the extent the request would seek information which is subject to attorney client or work product privilege. Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing.

Plaintiff further objects that the Defendant is in possession of this information and/or is in the public domain. Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification. Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

**RESPONSE:**

Plaintiffs are not aware of any responsive documents.

42.    All demand letters, claims, notice letters and other writings reflecting requests made by You upon any person, insurance company, corporation, organization or governmental entity for claims, payments or benefits of any kind or character sought in connection with or as a result of the alleged damages set forth in the Complaint.

35

## OBJECTIONS

Plaintiff objects to the extent the request would seek information which is subject to attorney client or work product privilege. Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing.

Plaintiff further objects that the Defendant is in possession of this information and/or is in the public domain. Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification. Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

## RESPONSE:

Plaintiffs are not aware of any responsive documents.

43.    Any and all documents, which show the date, location, amount or by whom any medical or other liens resulting from the claims or allegations in this case have been filed or notice provided.

## OBJECTIONS

Plaintiff objects to the extent the request seeks information on medical or other liens where such lien information has no relevance or bearing on the issues in the case nor is the request proportional to the needs of the case or will lead to admissible evidence.

Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion. Plaintiff further objects to the extent that medical evidence or proof is not necessary for

one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects that Plaintiff is not claiming personal injury damages.  Rather, Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times. Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery.  Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery.  However, broad medical discovery such as in a personal injury case is not appropriate herein.  Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:**

Plaintiffs are not aware of any responsive documents.

44.    A copy of any and all medical insurance cards (front and back) the Roman Family have used in the last ten (10) years.

**OBJECTIONS**

Plaintiff objects to the extent the request seeks information on medical insurance or other liens where such lien information has no relevance or bearing on the issues in the case nor is the request proportional to the needs of the case.  Plaintiff further objects that the ten-year time scope is overbroad.

Plaintiff further objects as said request seeks information that is not relevant to lead to

admissible evidence at the class action hearing.

**RESPONSE:**

Plaintiffs will cooperate so as to allow the parties to obtain medical records from within a reasonable time period. There should be no need for them to also have to produce copies of insurance cards.

45.   Any diaries, journals, letters, notes, emails, social networking postings or other documents that You have kept regarding the allegations and claims in this lawsuit, or the alleged injuries to the Roman Family and/or damages You claim in this lawsuit.

**OBJECTIONS**

Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military or undo command influence.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to

the Plaintiff.

Plaintiff further objects insofar as the request seeks information regarding a location or locations which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

Plaintiff further objects to the phrase "other documents" as it is overly broad and ambiguous renders the request unduly burdensome.

**RESPONSE:**

Plaintiffs are producing relevant, responsive nonprivileged social media postings regarding the damages sustained as a result of the housing conditions at Fort Belvoir.

46.    All documents, photographs, films, videotapes, models, diagrams, surveys, plans, plats, charts, or computer simulations/animations depicting or purporting to portray or depict the First Premises.

**OBJECTIONS**

Plaintiff objects to the extent the request seeks production of trial exhibits or demonstratives as the Plaintiff has not yet determined Plaintiff's exhibits for trial.  The request is premature.  Plaintiff further objects to the extent that the request seeks work product information. Plaintiff further objects to the extent the documents sought are already in the Defendants' possession.

**RESPONSE:**

See materials produced in response to the requests listed above.

47.     All documents, photographs, films, videotapes, models, diagrams, surveys, plans, plats, charts, or computer simulations/animations depicting or purporting to portray or depict the Second Premises.

### OBJECTIONS

Plaintiff objects to the extent the request seeks production of trial exhibits or demonstratives as the Plaintiff has not yet determined Plaintiff's exhibits for trial. The request is premature. Plaintiff further objects to the extent that the request seeks work product information. Plaintiff further objects to the extent the documents sought are already in the Defendants' possession.

### RESPONSE:

See materials produced in response to the requests listed above.

48.     All documents regarding any investigation of the First Premises that You, or anyone on Your behalf, conducted prior to the filing of this lawsuit that would not otherwise be privileged.

### OBJECTIONS

Plaintiff objects to the extent the request is overbroad and vague in seeking a broad array of documents of any sort by use of the term "Any investigation". Plaintiff further objects to the extent the documents sought are already in the Defendants' possession.

Plaintiff objects to the extent the request would prematurely seek disclosure of expert witness information. Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege.

### RESPONSE:

See materials produced in response to the requests listed above.

40

49.     All documents regarding any investigation of the Second Premises that You, or anyone on Your behalf, conducted prior to the filing of this lawsuit that would not otherwise be privileged.

**OBJECTIONS**

Plaintiff objects to the extent the request is overbroad and vague in seeking a broad array of documents of any sort by use of the term "Any investigation". Plaintiff further objects to the extent the documents sought are already in the Defendants' possession.

Plaintiff objects to the extent the request would prematurely seek disclosure of expert witness information. Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege.

**RESPONSE:**

See materials produced in response to the requests listed above.

50.     All statutes, standards, ordinances, regulations, guidelines, publications, public or business records, reports, communications or other documents that You allege support any of Your allegations, contentions or claims with respect to Defendants or which You contend Defendants violated.

**OBJECTIONS**

Plaintiff objects to the extent the request is overbroad and vague. Plaintiff further objects to the extent the documents sought are already in the Defendants' possession. Plaintiff further objects to the extent the discovery request seeks information regarding a legal conclusion regarding the governing law.

Plaintiff objects to the extent the request would prematurely seek disclosure of expert witness information. Plaintiff objects to the extent that the scope of the request seeks documents

protected from disclosure by the attorney work product or attorney-client privilege.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive.

**RESPONSE:**

See materials produced in response to the requests listed above.

51.    All documents, presentations, statements, declarations or admissions made by Defendants (or which You attribute to Defendants), regarding the claims in the Complaint.

**OBJECTIONS**

Plaintiff objects to the extent the request is overbroad and vague by its terms "All documents" and "regarding" and are unduly burdensome. Plaintiff further objects to the extent the documents sought are already in the Defendants' possession.

Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege.  Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.

Plaintiff further objects to the extent that the scope of the request would implicate, for example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any presentations, statements, or attorney-client privileged communications.

**RESPONSE:**

See materials produced in response to the requests listed above.

42

52.     All documents You have obtained from persons other than Defendants (or your lawyers) concerning the subject matter of this case.

**OBJECTIONS**

Plaintiff objects to the extent the request is overbroad and vague regarding all documents "concerning" and is unduly burdensome.  Plaintiff further objects to the extent the documents sought are already in the Defendants' possession.  Plaintiff further objects to the extent the discovery request seeks information subject to attorney-client or work product privilege.  For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any photographs, or attorney-client privileged communications.

**RESPONSE:**

See materials produced in response to the requests listed above.

53.     All investigative reports made by You, or by anyone on Your behalf, which relate to the liability, injuries, or damages set forth in the Complaint.

**OBJECTIONS**

Plaintiff objects to the extent the request is overbroad and vague regarding all documents that "relate to."  Plaintiff further objects to the extent the discovery request seeks information subject to attorney-client or work product privilege. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any investigations or attorney-client privileged communications.

Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege.  Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.

43

**RESPONSE:**

Plaintiffs are producing all relevant, responsive, nonprivileged documents constituting investigative reports made by Plaintiff and/or investigative persons on Plaintiff's behalf that were located after a reasonable search was conducted.

54.    All witness statements of any person with relevant facts or discoverable information concerning this case.

**OBJECTIONS**

Plaintiff objects to the extent the documents sought are already in the Defendants' possession. Plaintiff further objects to the extent the discovery request seeks information subject to attorney-client or work product privilege. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any photographs, or attorney-client privileged communications.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff further objects to the extent the request would seek work product or privileged information. Plaintiff is informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group

with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.

### RESPONSE:

Plaintiffs do not at this time have any written witness statements.  Plaintiffs note that various individuals may have commented materially regarding the Fort Belvoir housing situation either before Congress, in the news media or at community or "town hall" meetings.

55.    All documents, including emails, social media posts, text messages, and letters regarding the claims and allegations set forth in the Complaint.

### OBJECTIONS

Plaintiff objects to the extent the request is overbroad and vague regarding all documents "regarding."  Plaintiff further objects to the extent the documents sought are already in the Defendants' possession.  Plaintiff further objects to the extent the discovery request seeks information subject to attorney-client or work product privilege.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified

45

or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.   Plaintiff further objects to the extent the request would seek work product or privileged information.  Plaintiff is informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

**RESPONSE:**

See materials produced in response to the requests listed above.

46

56. All documents, including emails, social media posts, text messages, and letters, to or from any family or individual who has, at any time, occupied the First Premises or any other residence located on base at Fort Belvoir related to the claims and allegations set forth in the Complaint.

## **OBJECTIONS**

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military or undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants. To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

Plaintiff further objects that the request is overly broad and unduly burdensome.

## **RESPONSE:**

Plaintiffs are producing all relevant, nonprivileged communications with any individuals or families that have occupied premises on base at Fort Belvoir.

57. All documents, including emails, social media posts, text messages, and letters, to or from any family or individual who has, at any time, occupied the Second Premises or any other

residence located on base at Fort Belvoir related to the claims and allegations set forth in the Complaint.

### **OBJECTIONS**

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

Plaintiff further objects that the request is overly broad and unduly burdensome.

### **RESPONSE:**

Plaintiffs are producing all relevant, nonprivileged communications with any individuals or families that have occupied premises on base at Fort Belvoir.

58.    The current resume or curriculum vitae, including bibliography and/or testifying history, for any testing expert or consulting expert whose mental impressions or opinions have been reviewed by any testifying expert.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery requests seeks premature disclosure of expert testimony and to the extent that it seeks information regarding experts or consultants exceeding the normal and customary scope of discovery regarding expert witnesses.

**RESPONSE:**

Plaintiffs have not yet chosen their experts. Plaintiffs reserve the right to supplement their response in due course.

59.    The complete file of any testing expert or consulting expert whose mental impressions or opinions have been reviewed by any testifying expert, including but not limited to all documents, correspondence, reports, draft reports, photographs, tangible things, models, literature, publications, treatises, standards, regulations, codes or data compilations that have been provided to, reviewed by or prepared by any testifying expert or for any consulting expert whose mental impressions or opinions have been reviewed by any testifying expert for in anticipation of testimony in this case.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery requests seeks premature disclosure of expert testimony and to the extent that it seeks information regarding experts or consultants exceeding the normal and customary scope of discovery regarding expert witnesses. Plaintiff objects to the extent it seeks documents protected by the attorney work product privilege.

**RESPONSE:**

Plaintiffs have not yet chosen their experts.

60.    Copies of all exhibits You plan to and/or may use at trial, including demonstrative.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery requests seeks premature disclosure of Plaintiff's trial exhibits when Plaintiff has not yet selected or determined Plaintiff's trial exhibits or experts. Plaintiff objects to the extent it seeks documents protected by the attorney work product privilege.

**RESPONSE:**

Plaintiffs have not yet chosen their exhibits.

61. All correspondence or documents sent to, provided to or received from any person You may call as a witness at the trial.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery requests seeks premature disclosure of Plaintiff's trial witnesses when Plaintiff has not yet selected or determined Plaintiff's trial witnesses or experts. Plaintiff further objects on privilege grounds to the extent the request seeks documents pertaining to attorney-client communications. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any photographs, or attorney-client privileged communications.

Plaintiff objects to the extent it seeks documents protected by the attorney work product privilege.

**RESPONSE:**

Plaintiffs have not yet chosen their trial witnesses.

62. All documents You, or anyone on Your behalf, obtained via subpoenas duces tecum.

**OBJECTIONS:**

50

Plaintiff objects to the extent that this request is not limited to this subpoena duces tecum issued under this case. Plaintiff objects that this request is overly broad, vague as to time, and unduly burdensome. Plaintiff objects to the extent tht it seeks documents protected by the attorney work product privilege.

**RESPONSE:**

Plaintiffs have not yet obtained documents by subpoena.

63.    All documents and communications supporting each and every allegation set forth in the Complaint.

**OBJECTIONS**

Plaintiff objects that this request is overly broad and unduly burdensome. Plaintiff objects to the extent that it seeks documents protected by the attorney work product privilege.

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any photographs, or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further objects on grounds of vagueness.

**RESPONSE:**

See documents produced in response to the requests listed above.

64.    All documents and communications supporting Your allegation that "Plaintiffs and class members were placed in homes with water intrusion, mold growth and pest infestations, among other conditions, and Defendants performed insufficient and untimely repairs and remediation," as alleged in Paragraph 2 of the Complaint.

## **OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff.  Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive.

Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.   Plaintiff further objects to the extent the request would seek work product or privileged information.  Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:**

See documents produced in response to the requests listed above.

65.    All documents and communications supporting Your allegation that "Plaintiffs and the class are entitled to a full refund of all their BAH payments," as alleged in Paragraph 2 of the Complaint.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive.

Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.    Plaintiff further objects to the extent the request would seek work product or privileged information. Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this

request.

**RESPONSE:**

See documents produced in response to the requests listed above.

66.    All documents and communications supporting Your allegation that "each Plaintiff and affected family in the class suffered a private nuisance: a substantial and unreasonable impairment of their ability to use and enjoy their property interest (a lessee occupancy interest) due to the wrongful conduct by the Defendants who misused their own property interest (owner/landlord)" as alleged in Paragraph 9 of the Complaint.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive.

Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.   Plaintiff further objects to the extent the request would seek work product or privileged information.  Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:**

See documents produced in response to the requests listed above.

67.    All documents and communications supporting Your allegation that "FBRC either did not pertinently inspect units during the pertinent times, including the named Plaintiffs' units, or, conducted an inspection that deliberately did not include seeking to determine the root cause for chronic water moisture and mold conditions in the units" as alleged in Paragraph 23 of the Complaint.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff.  Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to

Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.   Plaintiff further objects to the extent the request would seek work product or privileged information.  Plaintiff is informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:**

See documents produced in response to the requests listed above.

68.    All documents and communications supporting Your allegation that the "Roman family experienced and noticed serious issues involving the safety, sanitation and condition of the property upon move-in" as alleged in Paragraph 85 of the Complaint.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff.  Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to

Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.   Plaintiff further objects to the extent the request would seek work product or privileged information.  Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:**

See documents produced in response to the requests listed above.

69.    All documents and communications supporting Your allegation that "Defendants were not providing the excellent housing product that they had promised to the Military in order to win this MHPI Project for which they were paid handsomely" as alleged in Paragraph 92 of the Complaint.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff.  Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the

public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.   Plaintiff further objects to the extent the request would seek work product or privileged information.  Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

### RESPONSE:

See documents produced in response to the requests listed above.

70.    All documents and communications supporting Your allegation that a "maintenance technician painted over the mold over the garage door and water intrusion stains on the wall" as alleged in Paragraph 98 of the Complaint.

### OBJECTIONS

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff.  Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.   Plaintiff further objects to the extent the request would seek work product or privileged information.  Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:**

See documents produced in response to the requests listed above.

71.    All documents and communications supporting Your allegation that "The Romans began to notice high levels of moisture in the kitchen and other areas which attracted a panoply of pests including slugs, silverfish, carpet beetles, and booklice" as alleged in Paragraph 113 of the Complaint.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants'

possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff further objects to the extent the request would seek work product or privileged information. Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:**

See documents produced in response to the requests listed above.

72.    All documents and communications supporting Your allegation that "Defendants knew that spraying for ants would not correct a problem whose root cause was really something like structural defects or improper gaps and openings" as alleged in Paragraph 121 of the Complaint.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.  Plaintiff further objects to the extent the request would seek work product or privileged information. Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:**

See documents produced in response to the requests listed above.

73.    All documents and communications supporting Your allegation that "During this time, under Defendants' intentional business model, they chose to periodically pay a pest person to come spray for bugs, over fixing the root cause. This was strictly a cost decision. Defendants knew young children lived in the unit and knew that all else being equal, it is more of a health risk to spray insecticides inside homes, than not to" as alleged in Paragraph 142 of the Complaint.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of

attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff further objects to the extent the request would seek work product or privileged information. Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:**

See documents produced in response to the requests listed above.

74.    All documents and communications supporting Your allegation that "On September 13, 2018, the day of the move, The Romans discovered mold had visibly spread throughout the entire home at 5200 Stable Court" as alleged in Paragraph 171 of the Complaint.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of

attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff further objects to the extent the request would seek work product or privileged information. Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:**

See documents produced in response to the requests listed above.

75.    All documents and communications supporting Your allegation that "On February 28, 2019, the Romans reported that the ducts were dirty, and giving off an odor so they requested a duct cleaning. Defendants sent Americlean to conduct a duct cleaning. The duct cleaning was inadequate. The HVAC/ductwork problem root cause remained unconfirmed" as alleged in Paragraph 196 of the Complaint.

**OBJECTIONS**

63

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.   Plaintiff further objects to the extent the request would seek work product or privileged information.  Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:**

See documents produced in response to the requests listed above.

76.     All documents and communications supporting Your allegations concerning pest and insect issues at the First and Second Premises, as set forth in the Complaint.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of

Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff further objects to the extent the request would seek work product or privileged information. Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

### RESPONSE:

See documents produced in response to the requests listed above.

77.     All documents and communications supporting Your allegations concerning mold and HVAC issues at the Jadwin Loop property, as set forth in the Complaint.

### OBJECTIONS

Plaintiff objects to the extent that the discovery request seeks premature disclosure of

Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff.  Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.   Plaintiff further objects to the extent the request would seek work product or privileged information.  Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:**

See documents produced in response to the requests listed above.

78.    All documents and communications supporting Your allegations concerning condensation issues as set forth in Paragraphs 203-206 of the Complaint.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of

Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.   Plaintiff further objects to the extent the request would seek work product or privileged information.  Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:**

See documents produced in response to the requests listed above.

79.    All documents and communications supporting Your allegations concerning water leaking from the range hood at the Jadwin Loop property, as set forth in Paragraphs 213-216 of the Complaint.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of

Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.   Plaintiff further objects to the extent the request would seek work product or privileged information.  Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:**

See documents produced in response to the requests listed above.

80.    All documents and communications supporting Your allegations in Paragraph 221 of the Complaint, including its subparts.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of

attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff further objects to the extent the request would seek work product or privileged information. Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:**

See documents produced in response to the requests listed above.

81.    All documents and communications supporting Your allegations that "As a result of their exposure to conditions in the two Fort Belvoir military housing units provided by Defendants, the two Roman daughters suffered from chronic coughs, chronic ear infections, bronchitis and pneumonia" as set forth in Paragraph 222 of the Complaint.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of

69

Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.   Plaintiff further objects to the extent the request would seek work product or privileged information.  Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.  Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects that Plaintiff is not claiming personal injury damages.  Rather, Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times.

Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery.  Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery.  However, broad medical discovery such as in a personal injury case is not appropriate herein.  Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:**

Plaintiffs will cooperate to allow production of relevant medical records.

82.    All documents and communications supporting Your allegations that "The youngest daughter, who is developmentally delayed and in special education classes in Fairfax County Public Schools, developed asthma. She requires ongoing therapy" as set forth in Paragraph 223 of the Complaint.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff.  Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the

public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.   Plaintiff further objects to the extent the request would seek work product or privileged information.  Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects that Plaintiff' is not claiming personal injury damages.  Rather, Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their

discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times. Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery. Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal and confidential matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery. However, broad medical discovery such as in a personal injury case is not appropriate herein. Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:**

Plaintiffs will cooperate to allow production of relevant medical records.

83.     Produce any and all documents which support Your claim for damages relating to property damage.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified

or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.  Plaintiff further objects to the extent the request would seek work product or privileged information.  Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects that Plaintiff' is not claiming personal injury damages.  Rather, Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times.

Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery. Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal and confidential matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery. However, broad medical discovery such as in a personal injury case is not appropriate herein. Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

Plaintiff further objects to the extent that the discovery request seeks damages calculations as it pertains to all class members when Plaintiff is under no obligation to determine total damages or calculate damages to be sought at trial at this time.

Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing. Plaintiff further objects to the extent that the request is premature and constitutes a contention interrogatory given the status of the action at the class action stage. Plaintiff further objects to the extent that the scope of the request would implicate, attorney work product or attorney-client privileged communications.

Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification. Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only

show a viable method is available to prove damages on a class-wide basis. The Plaintiff further

objects because the Plaintiff's class wide damages calculation are but one component of the

damage claims by all of the class representatives and punitive class members. The Plaintiff's claim

for the actual damages incurred may be calculated pro-rata based expert testimony which would

also include a claim for pro-rata nuisance damages which is turn is based on breach of quite

enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease.

In addition, based on the anticipated third amended complaint there may be pro rata damages for

each violation of the Virginia Consumer Protection Act.

**RESPONSE:**

See documents produced in response to the requests listed above.

84.    Produce any and all documents which support Your claim for damages relating to

personal injuries suffered by any member of the Roman Family.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of

Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of

attorney-client privileged information or attorney work product. For example, attorney work

product memos discussing statements made by clients, experts or representatives of Defendants

regarding any photographs, information, or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants'

possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further

objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the

public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified

or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.  Plaintiff further objects to the extent the request would seek work product or privileged information.  Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

Plaintiff further objects to the extent that the discovery request seeks damages calculations as it pertains to all class members when Plaintiff is under no obligation to determine total damages or calculate damages to be sought at trial at this time.

Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing. Plaintiff further objects to the extent that the request is premature and constitutes a contention interrogatory given the status of the action at the class action stage. Plaintiff further objects to the extent that the scope of the request would implicate, attorney work product or attorney-client privileged communications.

Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification. Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis. The Plaintiff further objects because the Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members. The Plaintiff's claim for the actual damages incurred may be calculated pro-rata based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based on breach of quite enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease. In addition, based on the anticipated third amended complaint there may be pro rata damages for each violation of the Virginia Consumer Protection Act.

Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor

is its discovery proportional to the needs of the case.

Plaintiff further objects that Plaintiff' is not claiming personal injury damages. Rather, Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times. Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery. Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery. However, broad medical discovery such as in a personal injury case is not appropriate herein. Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:**

See documents produced in response to the requests listed above. Plaintiffs will cooperate to allow production of relevant medical records.

85.    Produce any and all documents which support Your claim for damages relating to mental or emotional distress or anguish suffered by any member of the Roman Family.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any photographs, or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants'

possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff further objects to the extent the request would seek work product or privileged information. Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not

proportional to the needs of the case or will lead to admissible evidence.

Plaintiff further objects to the extent that the discovery request seeks damages calculations as it pertains to all class members when Plaintiff is under no obligation to determine total damages or calculate damages to be sought at trial at this time.

Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing. Plaintiff further objects to the extent that the request is premature and constitutes a contention interrogatory given the status of the action at the class action stage. Plaintiff further objects to the extent that the scope of the request would implicate, attorney work product or attorney-client privileged communications.

Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification. Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis. The Plaintiff further objects because the Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members. The Plaintiff's claim for the actual damages incurred may be calculated pro-rata based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based on breach of quite enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease.

In addition, based on the anticipated third amended complaint there may be pro rata damages for each violation of the Virginia Consumer Protection Act.

Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects that Plaintiff' is not claiming personal injury damages. Rather, Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times. Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery. Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery. However, broad medical discovery such as in a personal injury case is not appropriate herein. Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:**

See documents produced in response to the requests listed above. Plaintiffs will cooperate to allow production of relevant medical records.

86.    Produce any and all documents which support Your claim for damages relating to lost wages and/or lost professional opportunities.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production

of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further objects on grounds of vagueness.

Plaintiff further objects to the extent that the discovery request seeks damages calculations as it pertains to all class members when Plaintiff is under no obligation to determine total damages or calculate damages to be sought at trial at this time.

Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing. Plaintiff further objects to the extent that the request is premature and constitutes a contention interrogatory given the status of the action at the class action stage. Plaintiff further objects to the extent that the scope of the request would implicate, attorney work product or attorney-client privileged communications.

Plaintiff further objects that the Defendant is in possession of this information and/or is in the public domain. Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification. Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are

not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis. The Plaintiff further objects because Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members. The Plaintiff's claim for the actual damages incurred may be calculated pro-rata based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based on breach of quite enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease. In addition, based on the anticipated third amended complaint there may be pro rata damages for each violation of the Virginia Consumer Protection Act.

**RESPONSE:**

Plaintiffs are not seeking such damages at this time.

87.    Produce any and all documents which support Your claim for any damages not previously provided in response to other Requests.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any photographs, or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further objects on grounds of vagueness.

Plaintiff further objects to the extent that the discovery request seeks damages calculations

as it pertains to all class members when Plaintiff is under no obligation to determine total damages or calculate damages to be sought at trial at this time.

Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing. Plaintiff further objects to the extent that the request is premature and constitutes a contention interrogatory given the status of the action at the class action stage. Plaintiff further objects to the extent that the scope of the request would implicate, attorney work product or attorney-client privileged communications.

Plaintiff further objects that the Defendant is in possession of this information and/or is in the public domain. Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification. Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis. The Plaintiff further objects because the Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members. The Plaintiff's claim for the actual damages incurred may be calculated pro-rata based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based on breach of quite enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease.

In addition, based on the anticipated third amended complaint there may be pro rata damages for each violation of the Virginia Consumer Protection Act.

**RESPONSE:**

None in addition to what is being provided per the requests listed above.

88.    To the extent not otherwise provided in the above Requests, all documents identified, referenced or relied upon in Your discovery responses otherwise in this matter.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff.  Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.   Plaintiff further objects to the extent the request would seek work product or privileged information.  Plaintiff is informed and believes that Defendants possess

inspection, remediation, maintenance and/or repair records that are responsive to this request.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

Plaintiff further objects to the extent that the discovery request seeks damages calculations as it pertains to all class members when Plaintiff is under no obligation to determine total damages or calculate damages to be sought at trial at this time.

Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing. Plaintiff further objects to the extent that the request is premature and constitutes a contention interrogatory given the status of the action at the class action stage.  Plaintiff further objects to the extent that the scope of the request would implicate, attorney work product or attorney-client privileged communications.

Plaintiff further objects as such request is vague and overly broad as the information sought

includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification. Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis. The Plaintiff further objects because the Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members. The Plaintiff's claim for the actual damages incurred may be calculated pro-rata based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based on breach of quite enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease. In addition, based on the anticipated third amended complaint there may be pro rata damages for each violation of the Virginia Consumer Protection Act.

Plaintiff objects on the grounds that the request is overly broad, vague and ambiguous, and unduly burdensome.

Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects that Plaintiff is not claiming personal injury damages. Rather, Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times.

Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery.  Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery.  However, broad medical discovery such as in a personal injury case is not appropriate herein.  Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:**

None in addition to what is being provided per the requests listed above.

89.    Produce copies of all pleadings or claims filed by You, or on Your behalf, in the past ten (10) years in any state, federal or local court, or with any administrative or regulatory authority, including without limitation, workers compensation actions and personal injury actions.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks irrelevant information with no bearing on the case and the request is not proportional to the needs of the case. Plaintiff further objects to the extent the request is excessive in time scope and not limited in terms of the subject matter of any prior matters and not reasonably calculated to lead to admissible evidence.

**RESPONSE:**

Plaintiffs after conducting a reasonable search are not aware of such documents in their possession, custody or control.

90.    Please produce all of your Facebook messenger discussions with all individuals with whom you discussed regarding the claims in this lawsuit, Your claims for damages, Your

advocacy efforts, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant.

### **OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.

Plaintiff objects to the extent that the discovery requests seek to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seek to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants. To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects that the request is overly broad, ambiguous and unduly burdensome, and is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not

proportional to the needs of the case or will lead to admissible evidence.

**RESPONSE:**

Plaintiff refers Defendants to the social media communications and postings produced in response to Request No. 15.

91.    Please produce all of your Facebook posts regarding the claims in this lawsuit, Your claims for damages, Your advocacy efforts, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.

Plaintiff objects to the extent that the discovery requests seek to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seek to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants. To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the

information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects that the request is overly broad, ambiguous and unduly burdensome, and is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

**RESPONSE:**

Plaintiff refers Defendants to the social media communications and postings produced in response to Request No. 15.

92.    Please produce all of your comments to *other* users' Facebook posts regarding the claims in this lawsuit, Your claims for damages, Your advocacy efforts, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.

Plaintiff objects to the extent that the discovery requests seek to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of

the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seek to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants. To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects that the request is overly broad, ambiguous and unduly burdensome, and is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

**RESPONSE:**

Plaintiff refers Defendants to the social media communications and postings produced in response to Request No. 15.

93.   Please produce all social media posts and comments to social media posts, *other than Facebook*, regarding the claims in this lawsuit, Your claims for damages, Your advocacy efforts, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive.

93

Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seek to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants. To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects that the request is overly broad, ambiguous and unduly burdensome, and is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege. Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.

Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification. Therefore, such request is not relevant nor

94

reasonably calculated to lead to admissible evidence at the class certification hearing.

**RESPONSE:**

Plaintiff refers Defendants to the social media communications and postings produced in response to Request No. 15.

94.     Please produce all documents, communications, materials and online posts created, reviewed and/or received by You as part of your involvement with the Belvoir Housing Advocacy Group.

**OBJECTIONS**

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.

Plaintiff objects to the extent that the discovery requests seek to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seek to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants. To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the

information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects that the request is overly broad, ambiguous and unduly burdensome, and is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege.  Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.

Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification.  Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

**RESPONSE:**

Plaintiff refers Defendants to the social media communications and postings produced in response to Request No. 15.

Dated: November 23, 2022.

_____
David Hilton Wise, VA Bar No. 30828
Joseph M. Langone, VA Bar No. 43543
WISE LAW FIRM PLC
10640 Page Avenue, Suite 320
Fairfax, Virginia 22030
Phone: 703-934-6377
dwise@wiselaw.pro
jlangone@wiselaw.pro
Counsel for Plaintiffs

Joel R. Rhine, NC State Bar No. 16028
Martin A. Ramey, NC State Bar No. 33617
Ruth A. Sheehan, NC State Bar No. 48069
RHINE LAW FIRM, P.C.
1612 Military Cutoff Rd., Suite 300
Wilmington, NC 28403
Phone: 910-772-9960
jrr@rhinelawfirm.com
mjr@rhinelawfirm.com
RAS@rhinelawfirm.com
Counsel for Plaintiffs

Mona Lisa Wallace, NC Bar No. 009201
John Hughes, NC State Bar No. 22126
WALLACE AND GRAHAM, PA.
525 N. Main Street
Salisbury, NC 28144
Phone: 704-633-5244
mwallace@wallacegraham.com
jhughes@wallacegraham.com
Counsel for Plaintiffs

John A. Yanchunis, FL Bar No. 324681
Kenya Reddy, FL Bar No. 459933
MORGAN & MORGAN LAW FIRM
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Phone: 813-223-5505
JYanchunis@ForThePeople.com
KReddy@ForThePeople.com

Counsel for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 23rd day of November, 2022, a copy of the foregoing was served via e-mail on all counsel of record, including:

Kathryn E. Bonorchis #80007
Joseph Doukmetzian, 91685
Lewis, Brisbois, Bisgaard & Smith, LLP
100 Light Street, Suite 1300
Baltimore, Maryland, 21202
Kathryn.Bonorchis@lewisbrisbois.com
Joseph.Doukmetzian@lewisbrisbois.com

Richard G, Morgan, Admitted *Pro Hac Vice*
Tina Syring, Admitted *Pro Hac Vice*
Emily Suhr, Admitted *Pro Hac Vice*
Lewis, Brisbois, Bisgaard & Smith, LLP
Wells Fargo Center
90 South 7th Street, Suite 2800
Minneapolis, Minnesota 55402
Richard.Morgan@lewisbrisbois.com
Tina.Syring@lewisbrisbois.com
Emily.Suhr@lewisbrisbois.com

*Attorneys for Defendants*

Dated: November 23, 2022.

_____
David Hilton Wise, VA Bar No. 30828
Joseph M. Langone, VA Bar No. 43543
WISE LAW FIRM PLC
10640 Page Avenue, Suite 320
Fairfax, Virginia 22030
Phone: 703-934-6377
dwise@wiselaw.pro
jlangone@wiselaw.pro
Counsel for Plaintiffs

98

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| Chief Petty Officer JOHN FISCHER and | * | |
| ASHLEY FISCHER, et al. | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Case No. 1:22-cv-00286 |
| | * | |
| FORT BELVOIR RESIDENTIAL | * | |
| COMMUNITIES LLC, et al. | * | |
| | * | |
| Defendants | * | |

**PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFF CASSANDRA LANE**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Civil Rule
26(C), Plaintiff Cassandra Lane hereby objects to the Requests for the Production of Documents
that were served by the Defendants, Fort Belvoir Residential Communities LLC ("FBRC") and
Michaels Management Services LLC ("MMS") on October 24, 2022.

**OBJECTIONS TO "INSTRUCTIONS AND DEFINITIONS"**

Plaintiff objects to Defendants' instructions and definitions to the extent that they would
purport to impose any duties exceeding Plaintiff's duties under the Federal Rules of Civil
Procedure and applicable case law controlling discovery.

1.      Plaintiff generally objects to Defendant's Requests for Production to the extent they
seek documents prepared in anticipation of litigation or trial, either by or for the Plaintiff and/or
the Plaintiff's representatives, on the grounds that any such information or documents are
privileged from discovery and Defendant has not made the requisite showings of "substantial
need" and "undue hardship."

1

2.      Plaintiff generally object to Defendant's Requests for Production to the extent they seek documents subject to the work-product doctrine, attorney-client privilege, or are otherwise privileged on the ground that such documents are not discoverable.  This objection includes, but is not limited to, information relating to mental impressions, conclusions, opinions or legal theories of Plaintiffs' counsel concerning this litigation, information that was obtained or prepared in anticipation of this litigation or trial preparation, and privileged information provided, obtained, or prepared since the commencement of this litigation concerning this litigation.

3.      These general objections apply to each document request. The inadvertent disclosure of privileged documents does not waive any privilege with respect to the inadvertently-produced document, or any other document. The following are the Plaintiff's specific objections in addition to these general objections. Documents will be produced within the time set forth in the Federal Rules of Civil Procedure.

4.      Plaintiff generally objects to Defendant's Requests for Production to the extent they seek information or documents not currently in his possession, custody or control, or in the possession, custody or control of someone else.  Plaintiff's Responses are based  on their reasonable search for presently-available documents.

5.      Plaintiff generally object to Defendant's Requests for Production to the extent they seek to impose obligations beyond those set forth in the Eastern District of Virginia Local Civil Rules.

6.      Plaintiff generally object to Defendant's Requests for Production to the extent they are not limited to a specific, relevant time period so, absent a particular showing of relevance, seek information that is irrelevant.

2

7.     The production of information and/or documents pursuant to these Responses is made without waiving: (a) these general objections; (b) the right to object on any grounds to the use of any information or documents produced or identified pursuant to these Responses in this or any other action or proceeding; (c) the right to object on any and all grounds, at any time, to other Requests or other discovery mechanisms or proceedings; and (d) the right at any time to revise, correct, or supplement these Responses.  In addition, the inadvertent disclosure of privileged information or release of privileged documents shall not constitute a waiver of any applicable privilege.

8.     The inadvertent disclosure of privileged documents does not waive any privilege with respect to the inadvertently-produced document, or any other document.

9.     Each of these General Objections is incorporated without further reference in each of the following specific responses made by Plaintiff.  In addition to the General Objections set forth above, Plaintiffs also states other specific objections where appropriate, including objections that are not generally applicable to every Request for Production.

## RESPONSES

1.     All documents identified or referenced in Your Answers to Interrogatories

**OBJECTIONS:**

Objection, said request seeks information that is prohibited under the attorney client privilege and the attorney work product doctrine. Plaintiff further objects to the extent that the interrogatory responses may reference documents of general availability to all parties.  Plaintiff further objects on vagueness grounds; in answering the discovery Plaintiff "relied" on the full gamut of their knowledge and experience and that of their legal team to the extent it is properly responsive.

Plaintiff further objects to the extent that the discovery request seeks information in the public domain which is as readily accessible to Defendants as it would be to Plaintiff.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

      2.      All documents identified or referenced in the Complaint.

**OBJECTIONS:**

Plaintiff objects to the extent that the discovery request seeks information in the public domain which is as readily accessible to Defendants as it would be to Plaintiff.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

      3.      Your lease for 9739 Barlow Road, Fort Belvoir, VA 22060.

**OBJECTIONS:**

Plaintiff objects to the extent that the discovery request seeks information in the public domain which is as readily accessible to Defendants as it would be to Plaintiff.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

      4.      All work orders or work order requests for 9739 Barlow Road, Fort Belvoir, VA 22060.

**OBJECTIONS:** Plaintiff objects to the extent that the discovery request seeks information which is as readily accessible to Defendants as it would be to Plaintiff or which is solely in Defendants' possession.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.


5.      All documents or communications You had with Senator Murkowski and/or her staff.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.


6.      All documents which You believe support Your claims against any Defendant.

**OBJECTIONS:** Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.   Plaintiff further objects to the extent the request would seek work product or privileged information.  Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.


7.      All statements given by parties, non-parties, or witnesses with respect to the subject matter of this litigation, whether written, oral, or stenographically documented.

**OBJECTIONS:** Plaintiff objects to the extent that extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive.  Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff further objects to the extent the request would seek work product or privileged information.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.


8.      All documents in any way related to the alleged existence of or Your alleged exposure to mold or excessive moisture conditions at the Premises.

**OBJECTIONS:** Plaintiff objects to the extent that the discovery request seeks information which is in the public domain or which is otherwise as readily accessible to Defendants as it would be to Plaintiff or which is solely in Defendants' possession which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be

responsive.   Plaintiff further objects to the extent the discovery request would implicate premature

disclosure of expert witness information.    Plaintiff further objects to the extent the request would

seek work product or privileged information.  Plaintiff further objects to the phrase "in any way

related" as it is vague, overly broad and renders the request unduly burdensome. Plaintiff is

informed and believes that Defendants possesses inspection, remediation, maintenance and/or

repair records that are responsive to this request.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was

conducted.


9.    All documents in any way related to Your exposure to allegedly hazardous levels

of mold at any location other than the Premises.

**OBJECTIONS:** Plaintiff objects to the extent that the discovery request seeks information

regarding locations having no bearing or relevance to the claims herein as the request is thereby

not proportional to the needs of the case or will lead to admissible evidence.  Plaintiff further

objects to the phrase "in any way related" as it is overly broad and ambiguous renders the request

unduly burdensome and term "hazardous" is undefined and renders the request overly vague.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was

conducted.

10.    All documents constituting or relating to Your communications with any Defendant regarding any work orders or work order requests for the Premises, including those related to mold or moisture conditions.

**OBJECTIONS:** Plaintiff objects to the extent that the discovery request seeks information which is as readily accessible to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive.    Plaintiff is informed and believes that Defendants possesses inspection, remediation, maintenance and/or repair records that are responsive to this request.  Plaintiff further objects to the phrase "relating to" as it is overly broad and ambiguous renders the request unduly burdensome.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

11.    All documents constituting or relating to Your communications with any non-party (other than your lawyers) regarding your alleged exposure to mold or the alleged existence of mold or moisture conditions at the Premises.

**OBJECTIONS:** Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative

Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants. To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff. Plaintiff further objects to the phrase "relating to" as it is overly broad and ambiguous renders the request unduly burdensome.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

12.    All documents constituting or relating to Your communications with any non-party regarding Your exposure to allegedly hazardous levels of mold at any location *other than* the Premises.

**OBJECTIONS:** Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects insofar as the request seeks information regarding a location or locations which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

Plaintiff further objects to the phrase "relating to" as it is overly broad and ambiguous renders the request unduly burdensome.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.


13.    Any and all reports, memoranda, correspondence, plans, proposals, estimates, opinions, or other documents pertaining to testing, investigation, repair, or remediation of alleged mold or excessive moisture conditions at the Premises.

**OBJECTIONS:** Plaintiff objects on the grounds that the request is overly broad, vague and ambiguous, and unduly burdensome in seeking a broad array of documents of any sort "Any and all" or "other documents"  "pertaining to" a position.  Plaintiff further objects to the extent that the scope of the request would implicate, for example, attorney work product memos discussing statements made by representatives of Defendants, or attorney-client privileged communications.

Plaintiff further objects to the extent that the information sought is readily available to the Defendants as it is to the Plaintiff, or it may reference documents already in Defendants' sole possession or outside of the Plaintiff's possession, custody or control and that would be responsive.

Plaintiff further objects to the extent the request would prematurely seek disclosure of expert opinion.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

14.     All documents upon which You rely in support of Your allegation that any Defendant or non-party breached any mold remediation standards relative to the Premises.

**OBJECTIONS** Plaintiff objects to the extent that the scope of the request would implicate, for example, attorney work product memos discussing statements made by representatives of Defendants, or attorney-client privileged communications.  Plaintiff further objects to the extent that the information sought is readily available to the Defendants as it is to the Plaintiff, or it may reference documents already in Defendants' sole possession or outside of the Plaintiff's possession, custody or control and that would be responsive.

Plaintiff further objects to the extent the request would prematurely seek disclosure of expert opinion.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

15.     All documents upon which You rely in support of Your allegation that the damages You allege in this Action arise out of any Defendant's or non-party's breach of any trade standard, industry standard, construction standard, building code, safety standard, governmental regulation, or any other standard, code, or regulation.

**OBJECTIONS** Plaintiff objects to the extent that the scope of the request would implicate, for example, attorney work product memos discussing statements made by representatives of Defendants, or attorney-client privileged communications.  Plaintiff further objects to the extent that the information sought is readily available to the Defendants as it is to the Plaintiff, or it may reference documents already in Defendants' sole possession or outside of the Plaintiff's possession, custody or control and that would be responsive.

Plaintiff further objects to the extent the request would prematurely seek disclosure of expert opinion.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

16.    All documents related to Your purchase of mold remediation services relative to the Premises, including any agreements, estimates, appraisals, invoices, receipts, results, or reports.

**OBJECTIONS:** Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege.  Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

12

17.    All documents related to Your claim of out-of-pocket expenses related to Your alleged displacement from the Premises, including any agreements, estimates, appraisals, or receipts.

**OBJECTIONS:** Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege.  Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.

Plaintiff further objects to the extent that the discovery request seeks damages calculations when Plaintiff is under no obligation to determine total damages or calculate damages to be sought at trial at this time.

The Plaintiff further objects as damage calculations are premature at the class action stage because the information sought may include damages to be allocated to  each absent putative class who are not clients nor members of the class at this stage of the litigation.  Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis.  The

Plaintiff further objects because the Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members.  The Plaintiff's claim for the actual damages incurred may be calculated pro-rata based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based on breach of quite enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease. In addition, based on the anticipated third

amended complaint there may be pro rata damages for each violation of the Virginia

Consumer Protection Act.

Plaintiff further objects to the phrase "relating to" as it is overly broad and ambiguous renders the

request unduly burdensome.

**<u>RESPONSE:</u>**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was

conducted.


18.    All photographs and other visual or audio recordings relating to damages, liability,

or the investigation of the subject matter of this lawsuit.

**<u>OBJECTIONS:</u>** Plaintiff objects to the extent that the scope of the request seeks documents

protected from disclosure by the attorney work product or attorney-client privilege.  Plaintiff

objects to the extent the request would prematurely seek disclosure of expert opinion.

Plaintiff further objects to the extent that the discovery request seeks damages calculations as

it pertains to all class members when Plaintiff is under no obligation to determine total damages

or calculate damages to be sought at trial at this time.

Plaintiff further objects as said request seeks damages information that is not relevant to lead

to admissible evidence at the class action hearing. Plaintiff objects on the grounds that the

request is overly broad, vague and ambiguous, in seeking documents of "All" photographs or

audio records, documents in this matter.  Plaintiff further objects to the extent that the request is

premature and constitutes a contention interrogatory given the status of the action at the class

action stage.  Plaintiff further objects to the extent that the scope of the request would implicate,

attorney work product or attorney-client privileged communications.

Plaintiff further objects that the Defendant is in possession of this information and/or is in the public domain. Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification. Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis. The Plaintiff further objects because the Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members. The Plaintiff's claim for the actual damages incurred may be calculated pro-rata based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based on breach of quite enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease. In addition, based on the anticipated third amended complaint there may be pro rata damages for each violation of the Virginia Consumer Protection Act.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

19.     Any maps, plats, drawings, sketches, or other visual representations which have been created which refer to or in any way relate to Your claims in this lawsuit.

**OBJECTIONS:** Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege.  Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.

Plaintiff objects on the grounds that the request is overly broad, vague and ambiguous, and unduly burdensome in seeking a broad array of documents which "refer to" or "any way relate" your claims in this lawsuit.  Plaintiff further objects to the extent that the scope of the request would implicate, for example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any photographs, or attorney-client privileged communications.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.


20.     All medical records that evidence, show or document physical, emotional and/or psychological injuries to any member of the Lane Family for which You seek recovery in this lawsuit.

**OBJECTIONS:** Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.  Plaintiff further objects to the extent that medical evidence is confidential and such proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case or lead to admissible evidence.

16

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

    21.    All medical records of any treatment or examination any member of the Lane Family received from any hospital, physician, or healthcare institution who has treated or examined You or any member of the Lane Family for any reason in the past ten (10) years.

**OBJECTIONS:** Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.  Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case.  Plaintiff further objects that the ten-year time term and "any treatment" scope render the request overly broad.

    Plaintiff further objects that Plaintiff' is not claiming personal injury damages.  Rather, Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times. Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery.   Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters.

    Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery.  However, broad medical discovery such as in a personal injury case is not appropriate herein.  Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.


22.    All medical records of any treatment or examination any member of the Lane Family received from any counselor, therapist, or mental health professional who has treated or examined any member of the Lane Family for any reason in the past ten (10) years.

**OBJECTIONS** Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.  Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case.  Plaintiff further objects that the ten-year time term and "any treatment" scope render the request overly broad.

Plaintiff further objects that Plaintiff' is not claiming personal injury damages.  Rather, Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times. Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery.   Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery.  However, broad medical discovery such as in a personal injury case is not appropriate herein.  Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

 

23.     All medical records of any examinations any member of the Lane Family received from any hospital, physician, healthcare institution, counselor, therapist, mental health professional or person who has treated or examined any member of the Lane Family for any mental or physical injuries for which You seek to recover in this lawsuit.

**OBJECTIONS:** Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.  Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects that Plaintiff' is not claiming personal injury damages.  Rather, Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times.  Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery.   Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery.  However, broad medical discovery such as in a personal injury case is not appropriate herein.  Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

24.     All medical records of any diagnoses any member of the Lane Family received from any hospital, physician, health-care institution, counselor, therapist, mental health professional or person who has treated or examined any member of the Lane Family for any mental or physical injuries for which You seek recovery in this litigation.

**OBJECTIONS:** Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.  Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects that Plaintiff' is not claiming personal injury damages.  Rather, Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times. Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery.   Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery.  However, broad medical discovery such as in a personal injury case is not appropriate herein.  Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

25.    All medical records of any treatment, medication or prescription any member of the Lane Family received from any hospital, physician, health-care institution, counselor, therapist, mental health professional or person who has treated or examined any member of the Lane Family for any mental or physical injuries for which You seek recovery in this litigation.

**OBJECTIONS:** Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.  Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects that Plaintiff' is not claiming personal injury damages.  Rather, Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times. Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery.   Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery.  However, broad medical discovery such as in a personal injury case is not appropriate herein.  Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

26.    All documents or records that evidence, show or set forth the nature, extent and/or amount of any expenses paid by You for which You seek recovery for in this litigation.

**OBJECTIONS:** Plaintiff objects to the extent the request would prematurely seek disclosure of expert witness information.  Plaintiff further objects to the extent that information regarding rental or "BAH" payments is already in Defendant's possession.

Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege.

Plaintiff further objects to the extent that the discovery request seeks damages calculations as it pertains to all class members when Plaintiff is under no obligation to determine total damages or calculate damages to be sought at trial at this time.

Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing.

Plaintiff further objects that the Defendant is in possession of this information and/or is in the public domain. Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification.  Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis.

The Plaintiff further objects because the Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members. The Plaintiff's claim for the actual damages incurred may be calculated pro-rata based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based on breach of quite enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease. In addition, based on the anticipated third amended complaint there may be pro rata damages for each violation of the Virginia Consumer Protection Act.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.


27.    All documents, including but not limited to medical bills and payroll records, evidencing any damages for which You seek recovery in this case.

**OBJECTIONS:** Plaintiff objects to the extent the request would prematurely seek disclosure of expert witness information. Plaintiff further objects to the extent that information regarding rental or "BAH" payments is already in Defendant's possession.

Plaintiff further objects to the extent that medical evidence is confidential and such proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence

is not relevant nor is its discovery proportional to the needs of the case or lead to admissible evidence.

Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege.

Plaintiff further objects to the extent that the discovery request seeks damages calculations as it pertains to all class members when Plaintiff is under no obligation to determine total damages or calculate damages to be sought at trial at this time.

Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing.

Plaintiff further objects that the Defendant is in possession of this information and/or is in the public domain. Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification. Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis.

The Plaintiff further objects because the Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members. The Plaintiff's claim for the actual damages incurred may be calculated pro-rata

based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based on breach of quite enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease. In addition, based on the anticipated third amended complaint there may be pro rata damages for each violation of the Virginia Consumer Protection Act.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

28.     All documents evidencing any insurance benefits and/or proceeds You have received as a result of the damages and/or losses alleged in the Complaint against Defendants.

**OBJECTIONS:** Plaintiff objects to the extent the request would seek information which has no bearing or relevance to this matter and is not proportional to the needs of the case or leads to admissible evidence.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

29.     A copy of any check(s) or other document(s) reflecting any payments to You by anyone related to the claims or allegations in set forth in the Complaint against Defendants.

**OBJECTIONS:** Plaintiff objects to the extent the request would seek information which has no bearing or relevance to this matter and is not proportional to the needs of the case or lead to

admissible evidence. Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

30.    Any and all documents regarding any claims or suits (other than this present lawsuit) brought by any member of the Lane Family, or on behalf of any member of the Lane Family, against any person or entity arising out the claims or allegations in this case.

**OBJECTIONS:**  Plaintiff objects to the extent the request would seek information which is subject to attorney client or work product privilege.    Plaintiff objects to the extent the request would seek information which has no bearing or relevance to this matter and is not proportional to the needs of the case or lead to admissible evidence.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

31.    All documents reflecting or pertaining to any settlement, agreement, understanding or compromise between You and any other person or entity in connection with the claims and damages alleged in the Complaint, including any covenants not to sue.

**OBJECTIONS:** Plaintiff objects to the extent the request would seek information which is subject to attorney client or work product privilege.    Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing.

Plaintiff further objects that the Defendant is in possession of this information and/or is in the public domain. Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification. Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

32. All demand letters, claims, notice letters and other writings reflecting requests made by You upon any person, insurance company, corporation, organization or governmental entity for claims, payments or benefits of any kind or character sought in connection with or as a result of the alleged damages set forth in the Complaint.

**OBJECTIONS:** Plaintiff objects to the extent the request would seek information which is subject to attorney client or work product privilege. Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing.

Plaintiff further objects that the Defendant is in possession of this information and/or is in the public domain. Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification. Therefore, such request is

27

not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

33.    Any and all documents, which show the date, location, amount or by whom any medical or other liens resulting from the claims or allegations in this case have been filed or notice provided.

**OBJECTIONS:** Plaintiff objects to the extent the request seeks information on medical or other liens where such lien information has no relevance or bearing on the issues in the case nor is the request proportional to the needs of the case or will lead to admissible evidence.

Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion. Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects that Plaintiff' is not claiming personal injury damages.  Rather, Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times. Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery.   Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery. However, broad medical discovery such as in a personal injury case is not appropriate herein. Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

34.    A copy of any and all medical insurance cards (front and back) the Lane Family have used in the last ten (10) years.

**OBJECTIONS:** Plaintiff objects to the extent the request seeks information on medical insurance or other liens where such lien information has no relevance or bearing on the issues in the case nor is the request proportional to the needs of the case. Plaintiff further objects that the ten-year time scope is overbroad.

Plaintiff further objects as said request seeks information that is not relevant to lead to admissible evidence at the class action hearing.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

35.    Any diaries, journals, letters, notes, emails, social networking postings or other documents that You have kept regarding the allegations and claims in this lawsuit, or the alleged injuries to the Lane Family and/or damages You claim in this lawsuit.

**OBJECTIONS:** Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military or undo command influence.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects insofar as the request seeks information regarding a location or locations which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

Plaintiff further objects to the phrase "other documents" as it is overly broad and ambiguous renders the request unduly burdensome.

**RESPONSE:**
Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

36.    All documents, photographs, films, videotapes, models, diagrams, surveys, plans, plats, charts, or computer simulations/animations depicting or purporting to portray or depict the Premises.

**OBJECTIONS:** Plaintiff objects to the extent the request seeks production of trial exhibits or demonstratives as the Plaintiff has not yet determined Plaintiff's exhibits for trial.  The request is premature.  Plaintiff further objects to the extent that the request seeks work product information. Plaintiff further objects to the extent the documents sought are already in the Defendants' possession.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

37.    All documents regarding any investigation of the Premises that You, or anyone on Your behalf, conducted prior to the filing of this lawsuit that would not otherwise be privileged.

**OBJECTIONS:** Plaintiff objects to the extent the request is overbroad and vague in seeking a broad array of documents of any sort by use of the term "Any investigation".  Plaintiff further objects to the extent the documents sought are already in the Defendants' possession.

Plaintiff objects to the extent the request would prematurely seek disclosure of expert witness information.  Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

38.    All statutes, standards, ordinances, regulations, guidelines, publications, public or business records, reports, communications or other documents that You allege support any of Your allegations, contentions or claims with respect to Defendants or which You contend Defendants violated.

**OBJECTIONS:** Plaintiff objects to the extent the request is overbroad and vague. Plaintiff further objects to the extent the documents sought are already in the Defendants' possession. Plaintiff further objects to the extent the discovery request seeks information regarding a legal conclusion regarding the governing law.

Plaintiff objects to the extent the request would prematurely seek disclosure of expert witness information. Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

39.    All documents, presentations, statements, declarations or admissions made by Defendants (or which You attribute to Defendants), regarding the claims in the Complaint.

**OBJECTIONS:** Plaintiff objects to the extent the request is overbroad and vague by its terms "All documents" and "regarding" and are unduly burdensome. Plaintiff further objects to the extent the documents sought are already in the Defendants' possession.

Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege. Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.

Plaintiff further objects to the extent that the scope of the request would implicate, for example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any presentations, statements, or attorney-client privileged communications.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.


40.    All documents You have obtained from persons other than Defendants (or your lawyers) concerning the subject matter of this case.

**OBJECTIONS** Plaintiff objects to the extent the request is overbroad and vague regarding all documents "concerning" and is unduly burdensome. Plaintiff further objects to the extent the documents sought are already in the Defendants' possession. Plaintiff further objects to the extent the discovery request seeks information subject to attorney-client or work product privilege. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any photographs, or attorney-client privileged communications.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

 

      41.     All investigative reports made by You, or by anyone on Your behalf, which relate to the liability, injuries, or damages set forth in the Complaint.

**OBJECTIONS:** Plaintiff objects to the extent the request is overbroad and vague regarding all documents that "relate to." Plaintiff further objects to the extent the discovery request seeks information subject to attorney-client or work product privilege. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any investigations or attorney-client privileged communications.

    Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege. Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

 

      42.     All witness statements of any person with relevant facts or discoverable information concerning this case.

**OBJECTIONS:** Plaintiff objects to the extent the documents sought are already in the Defendants' possession. Plaintiff further objects to the extent the discovery request seeks information subject to attorney-client or work product privilege. For example, attorney work

product memos discussing statements made by clients, experts or representatives of Defendants regarding any photographs, or attorney-client privileged communications.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff further objects to the extent the request would seek work product or privileged information. Plaintiff is informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

43.     All documents, including emails, social media posts, text messages, and letters regarding the claims and allegations set forth in the Complaint.

**OBJECTIONS:** Plaintiff objects to the extent the request is overbroad and vague regarding all documents "regarding."  Plaintiff further objects to the extent the documents sought are already in the Defendants' possession.  Plaintiff further objects to the extent the discovery request seeks information subject to attorney-client or work product privilege.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive.  Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.     Plaintiff further objects to the extent the request would seek work product or privileged information.  Plaintiff is informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private

communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.


44.    All documents, including emails, social media posts, text messages, and letters, to or from any family or individual who has, at any time, occupied the Premises or any other residence located on base at Fort Belvoir related to the claims and allegations set forth in the Complaint.

**OBJECTIONS** Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military or undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants. To the extent

that the discovery request seeks public social media information, Plaintiff objects to the extent that

the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects insofar as the request seeks information which has or have no bearing

or relevance to the instant matter and accordingly the request is overly broad and is not proportional

to the needs of the case or will lead to admissible evidence.

Plaintiff further objects that the request is overly broad and unduly burdensome.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was

conducted.


45.    The current resume or curriculum vitae, including bibliography and/or testifying

history, for any testing expert or consulting expert whose mental impressions or opinions have

been reviewed by any testifying expert.

**OBJECTIONS:** Plaintiff objects to the extent that the discovery requests seeks premature

disclosure of expert testimony and to the extent that it seeks information regarding experts or

consultants exceeding the normal and customary scope of discovery regarding expert witnesses.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was

conducted.


46.    The complete file of any testing expert or consulting expert whose mental

impressions or opinions have been reviewed by any testifying expert, including but not limited to

all documents, correspondence, reports, draft reports, photographs, tangible things, models,

literature, publications, treatises, standards, regulations, codes or data compilations that have been provided to, reviewed by or prepared by any testifying expert or for any consulting expert whose mental impressions or opinions have been reviewed by any testifying expert for in anticipation of testimony in this case.

**OBJECTIONS:** Plaintiff objects to the extent that the discovery requests seeks premature disclosure of expert testimony and to the extent that it seeks information regarding experts or consultants exceeding the normal and customary scope of discovery regarding expert witnesses. Plaintiff objects to the extent it seeks documents protected by the attorney work product privilege.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

47.    Copies of all exhibits You plan to and/or may use at trial, including demonstrative.

**OBJECTIONS:** Plaintiff objects to the extent that the discovery requests seeks premature disclosure of Plaintiff's trial exhibits when Plaintiff has not yet selected or determined Plaintiff's trial exhibits or experts.  Plaintiff objects to the extent it seeks documents protected by the attorney work product privilege.

**RESPONSE**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

48.    All correspondence or documents sent to, provided to or received from any person You may call as a witness at the trial.

**OBJECTIONS:** Plaintiff objects to the extent that the discovery requests seeks premature disclosure of Plaintiff's trial witnesses when Plaintiff has not yet selected or determined Plaintiff's trial witnesses or experts.   Plaintiff further objects on privilege grounds to the extent the request seeks documents pertaining to attorney-client communications.  For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any photographs, or attorney-client privileged communications.

Plaintiff objects to the extent it seeks documents protected by the attorney work product privilege.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.


49.    All documents You, or anyone on Your behalf, obtained via subpoenas duces tecum.

**OBJECTIONS:** Plaintiff objects to the extent that this request is not limited to this subpoena duces tecum issued under this case.  Plaintiff objects that this request is overly broad, vague as to time, and unduly burdensome.  Plaintiff objects to the extent tht it seeks documents protected by the attorney work product privilege.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

50.     All documents and communications supporting each and every allegation set forth in the Complaint.

**OBJECTIONS:** Plaintiff objects that this request is overly broad and unduly burdensome. Plaintiff objects to the extent that it seeks documents protected by the attorney work product privilege.

Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any photographs, or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff.  Plaintiff further objects on grounds of vagueness.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.


51.     All documents and communications supporting Your allegation that "Plaintiffs and class members were placed in homes with water intrusion, mold growth and pest infestations, among other conditions, and Defendants performed insufficient and untimely repairs and remediation," as alleged in Paragraph 2 of the Complaint.

**OBJECTIONS:** Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks

production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.    Plaintiff further objects to the extent the request would seek work product or privileged information. Plaintiff is informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.


52.     All documents and communications supporting Your allegation that "Plaintiffs and the class are entitled to a full refund of all their BAH payments," as alleged in Paragraph 2 of the Complaint.

42

**OBJECTIONS:**   Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff.  Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive.  Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.     Plaintiff further objects to the extent the request would seek work product or privileged information.  Plaintiff is informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

53.     All documents and communications supporting Your allegation that "each Plaintiff and affected family in the class suffered a private nuisance: a substantial and unreasonable impairment of their ability to use and enjoy their property interest (a lessee occupancy interest) due to the wrongful conduct by the Defendants who misused their own property interest (owner/landlord)" as alleged in Paragraph 9 of the Complaint.

**OBJECTIONS:** Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff.  Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive.  Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.    Plaintiff further objects to the extent the request would seek work product or privileged information.  Plaintiff is informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

54.    All documents and communications supporting Your allegation that "FBRC either did not pertinently inspect units during the pertinent times, including the named Plaintiffs' units, or, conducted an inspection that deliberately did not include seeking to determine the root cause for chronic water moisture and mold conditions in the units" as alleged in Paragraph 23 of the Complaint.

**OBJECTIONS:** Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further

objects to the extent the discovery request would implicate premature disclosure of expert witness information.    Plaintiff further objects to the extent the request would seek work product or privileged information.  Plaintiff is informed and believe that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

 

     55.     All documents and communications supporting Your allegations of mold, mildew and odor issues alleged in Paragraphs 227-235 of the Complaint.

**OBJECTIONS** Plaintiff objects to the extent that the discovery request seeks information already in the possession of the Defendants and/or can be obtained from some other source that is more convenient, less burdensome, or less expensive. The burden of providing information sought by this interrogatory is substantially the same or less for Defendant as for Plaintiff. Plaintiff further objects that the request is unduly burdensome in so far as it seeks Plaintiff to recall each and every date.

     Plaintiff further objects to the extent the discovery request would purport to require premature disclosure of expert opinion.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

56.    All documents and communications supporting Your allegation that "Since the time that the family first moved into the military housing unit at Fort Belvoir, the Lane family has had health problems that can be associated with exposure to mold. These have included sinus problems; aggravated autoimmune problems; respiratory issues; sickness in the children; neurological issues with the children; and other adverse health effects" as alleged in Paragraph 238 of the Complaint.

**OBJECTIONS** Plaintiff objects to the extent that the discovery request implicates expert testimony given as the deadline for disclosing experts has not yet arrived.  Plaintiff further objects to the extent the discovery request implies or suggests that only by putting on medical expert testimony can legally cognizable injuries or damages be proven in this case.

Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects that she/he is not claiming personal injury damages.  Rather, Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for her/his discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times.  Accordingly, Plaintiff should not be obligated to cooperate with intrusive medical discovery.   Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery.  However, broad medical discovery such as in a personal injury case is not appropriate herein.  Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

57.     All documents and communications supporting Your allegation that "On one occasion, a landlord representative told the Lanes they could 'just use vinegar' to deal with the mold. Another time, one of the landlord representatives claimed that this was the first the landlord had ever heard of a mold issue. The Lanes find this not credible" as alleged in Paragraph 240 of the Complaint.

**OBJECTIONS:**    Plaintiff objects to the extent that the discovery request seeks information already in the possession of the Defendants.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

58.     Produce any and all documents which support Your claim for damages relating to property damage.

**OBJECTIONS** Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any privileged information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff further objects to the extent the request would seek work product or privileged information. Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

49

Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects that Plaintiff' is not claiming personal injury damages. Rather, Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times. Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery. Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal and confidential matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery. However, broad medical discovery such as in a personal injury case is not appropriate herein. Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

Plaintiff further objects to the extent that the discovery request seeks damages calculations as it pertains to all class members when Plaintiff is under no obligation to determine total damages or calculate damages to be sought at trial at this time.

Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing. Plaintiff further objects to the extent that the request is premature and constitutes a contention interrogatory given the status of the action at the class action stage. Plaintiff further objects to the extent that the scope of the request would implicate, attorney work product or attorney-client privileged communications.

Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this

stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification.  Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis.  The Plaintiff further objects because the Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members.  The Plaintiff's claim for the actual damages incurred may be calculated pro-rata based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based on breach of quite enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease. In addition, based on the anticipated third amended complaint there may be pro rata damages for each violation of the Virginia Consumer Protection Act.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

59.    Produce any and all documents which support Your claim for damages relating to personal injuries suffered by any member of the Lane Family.

**OBJECTIONS** Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product.  For example,

attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any photographs, information, or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff further objects to the extent the request would seek work product or privileged information. Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

Plaintiff further objects to the extent that the discovery request seeks damages calculations as it pertains to all class members when Plaintiff is under no obligation to determine total damages or calculate damages to be sought at trial at this time.

Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing. Plaintiff further objects to the extent that the request is premature and constitutes a contention interrogatory given the status of the action at the class action stage.  Plaintiff further objects to the extent that the scope of the request would implicate, attorney work product or attorney-client privileged communications.

Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification.  Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis.  The Plaintiff further objects

because the Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members. The Plaintiff's claim for the actual damages incurred may be calculated pro-rata based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based on breach of quite enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease. In addition, based on the anticipated third amended complaint there may be pro rata damages for each violation of the Virginia Consumer Protection Act.

Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects that Plaintiff' is not claiming personal injury damages. Rather, Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times. Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery. Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery. However, broad medical discovery such as in a personal injury case is not appropriate herein. Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

60.    Produce any and all documents which support Your claim for damages relating to mental or emotional distress or anguish suffered by any member of the Lane Family.

**OBJECTIONS** Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product.  For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any photographs, or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff.  Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive.  Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.    Plaintiff further objects to the extent the request would seek work product or privileged information.  Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects

55

to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

Plaintiff further objects to the extent that the discovery request seeks damages calculations as it pertains to all class members when Plaintiff is under no obligation to determine total damages or calculate damages to be sought at trial at this time.

Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing. Plaintiff further objects to the extent that the request is premature and constitutes a contention interrogatory given the status of the action at the class action stage. Plaintiff further objects to the extent that the scope of the request would implicate, attorney work product or attorney-client privileged communications.

Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification.  Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis. The Plaintiff further objects because the Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members. The Plaintiff's claim for the actual damages incurred may be calculated pro-rata based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based on breach of quite enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease. In addition, based on the anticipated third amended complaint there may be pro rata damages for each violation of the Virginia Consumer Protection Act.

Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects that Plaintiff is not claiming personal injury damages. Rather, Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times. Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery. Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery. However, broad medical discovery such as in a personal injury

case is not appropriate herein.  Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

61.    Produce any and all documents which support Your claim for damages relating to lost wages and/or lost professional opportunities.

**OBJECTIONS:** Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding information  or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff.  Plaintiff further objects on grounds of vagueness.

Plaintiff further objects to the extent that the discovery request seeks damages calculations as it pertains to all class members when Plaintiff is under no obligation to determine total damages or calculate damages to be sought at trial at this time.

Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing. Plaintiff further objects to the extent that the request is premature and constitutes a contention interrogatory given the status of the action at the

class action stage.  Plaintiff further objects to the extent that the scope of the request would implicate, attorney work product or attorney-client privileged communications.

Plaintiff further objects that the Defendant is in possession of this information and/or is in the public domain. Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification.  Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis.  The Plaintiff further objects because the Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members.  The Plaintiff's claim for the actual damages incurred may be calculated pro-rata based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based on breach of quite enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease. In addition, based on the anticipated third amended complaint there may be pro rata damages for each violation of the Virginia Consumer Protection Act.

**<u>RESPONSE:</u>**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

62.    Produce any and all documents which support Your claim for any damages not previously provided in response to other Requests.

**OBJECTIONS** Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example, attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding any photographs, or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further objects on grounds of vagueness.

Plaintiff further objects to the extent that the discovery request seeks damages calculations as it pertains to all class members when Plaintiff is under no obligation to determine total damages or calculate damages to be sought at trial at this time.

Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing. Plaintiff further objects to the extent that the request is premature and constitutes a contention interrogatory given the status of the action at the class action stage. Plaintiff further objects to the extent that the scope of the request would implicate, attorney work product or attorney-client privileged communications.

Plaintiff further objects that the Defendant is in possession of this information and/or is in the public domain. Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to

class representatives, and merit issues to determine class certification.  Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis.  The Plaintiff further objects because the Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members.  The Plaintiff's claim for the actual damages incurred may be calculated pro-rata based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based on breach of quite enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease. In addition, based on the anticipated third amended complaint there may be pro rata damages for each violation of the Virginia Consumer Protection Act.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.


63.    To the extent not otherwise provided in the above Requests, all documents identified, referenced or relied upon in Your discovery responses otherwise in this matter.

**OBJECTIONS** Plaintiff objects to the extent that the discovery request seeks premature disclosure of Plaintiff's trial exhibits or expert witness information and to the extent that it seeks production of attorney-client privileged information or attorney work product. For example,

attorney work product memos discussing statements made by clients, experts or representatives of Defendants regarding information or attorney-client privileged communications.

Plaintiff further objects to the extent the request seeks documents already in Defendants' possession or as readily accessible to the Defendants as they are to the Plaintiff. Plaintiff further objects on grounds of vagueness.

Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information. Plaintiff further objects to the extent the request would seek work product or privileged information. Plaintiff is informed and believes that Defendants possess inspection, remediation, maintenance and/or repair records that are responsive to this request.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants.

To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

Plaintiff further objects to the extent that the discovery request seeks damages calculations as it pertains to all class members when Plaintiff is under no obligation to determine total damages or calculate damages to be sought at trial at this time.

Plaintiff further objects as said request seeks damages information that is not relevant to lead to admissible evidence at the class action hearing. Plaintiff further objects to the extent that the request is premature and constitutes a contention interrogatory given the status of the action at the class action stage.  Plaintiff further objects to the extent that the scope of the request would implicate, attorney work product or attorney-client privileged communications.

Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification. Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

Plaintiff further objects as such a calculation is premature as the Plaintiff's burden at the class certification stage is only to prove that damages are calculable on a class wide basis and are not obligated to drill down and estimate each individual class member's damages and need only show a viable method is available to prove damages on a class-wide basis.  The Plaintiff further objects

because the Plaintiff's class wide damages calculation are but one component of the damage claims by all of the class representatives and punitive class members. The Plaintiff's claim for the actual damages incurred may be calculated pro-rata based expert testimony which would also include a claim for pro-rata nuisance damages which is turn is based on breach of quite enjoyment which too may be calculated on a pro-rata calculation on the tenant's term of the lease. In addition, based on the anticipated third amended complaint there may be pro rata damages for each violation of the Virginia Consumer Protection Act.

Plaintiff objects on the grounds that the request is overly broad, vague and ambiguous, and unduly burdensome.

Plaintiff further objects to the extent that medical evidence or proof is not necessary for one or more of Plaintiff's claims herein and therefore medical records evidence is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects that Plaintiff is not claiming personal injury damages. Rather, Plaintiff is seeking, inter alia, allowable damages for private nuisance, including for their discomfort, annoyance and loss of use and enjoyment of their home during the pertinent times. Accordingly, Plaintiff should not be obligated to cooperate with intrusive and confidential medical discovery. Accordingly, Plaintiff objects on the grounds that the request is overly broad, unduly burdensome, harassing and intrusive into personal matters.

Plaintiff is willing to meet and confer with Defendants for purposes of facilitating appropriately limited medical records discovery. However, broad medical discovery such as in a personal injury case is not appropriate herein. Further, any medical records that are produced may require appropriate protection under a confidentiality protective order.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

64.    Produce copies of all pleadings or claims filed by You, or on Your behalf, in the past ten (10) years in any state, federal or local court, or with any administrative or regulatory authority, including without limitation, workers compensation actions and personal injury actions.

**OBJECTIONS:** Plaintiff objects to the extent that the discovery request seeks irrelevant information with no bearing on the case and the request is not proportional to the needs of the case. Plaintiff further objects to the extent the request is excessive in time scope and not limited in terms of the subject matter of any prior matters and not reasonably calculated to lead to admissible evidence.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

65.    Please produce all of your Facebook messenger discussions with all individuals with whom you discussed regarding the claims in this lawsuit, Your claims for damages, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant.

**OBJECTIONS:** Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive.

Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants. To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects that the request is overly broad, ambiguous and unduly burdensome, and is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

66.    Please produce all of your Facebook posts regarding the claims in this lawsuit, Your claims for damages, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant.

**OBJECTIONS** Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants. To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects that the request is overly broad, ambiguous and unduly burdensome, and is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

**RESPONSE:**

67

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.


67.    Please produce all of your comments to *other* users' Facebook posts regarding the claims in this lawsuit, Your claims for damages, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant.

**OBJECTIONS:** Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants. To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects that the request is overly broad, ambiguous and unduly burdensome, and is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

**RESPONSE:**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

68.     Please produce all social media posts and comments to social media posts, *other than Facebook*, regarding the claims in this lawsuit, Your claims for damages, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant.

**OBJECTIONS** Plaintiff objects to the extent that the discovery request seeks information which is in the public domain and/or Plaintiff further objects to the extent that Plaintiff has adequately identified or linked to public record documents in a manner that makes them as readily available to Defendants as it would be to Plaintiff, or which is solely in Defendants' possession, custody and control or outside the Plaintiff's possession, custody or control and that would be responsive. Plaintiff further objects to the extent the discovery request would implicate premature disclosure of expert witness information.

Plaintiff objects to the extent that the discovery requests seeks to intrude upon confidential and private communications that were shared on a private Facebook or other social media group with an expectation of privacy by individuals who feared, and still fear, retaliation at the hands of the Defendants and via their influence over the military and undo command influence. Plaintiff objects

69

to the extent that the discovery requests seeks to intrude upon confidential and private communications that are protected under the Military Housing Privatization Initiative Tenant Bill of Rights paragraph seven (7) which has been adopted by Defendants. To the extent that the discovery request seeks public social media information, Plaintiff objects to the extent that the information sought is as readily available to the Defendants as it is to the Plaintiff.

Plaintiff further objects that the request is overly broad, ambiguous and unduly burdensome, and is not relevant nor is its discovery proportional to the needs of the case.

Plaintiff further objects insofar as the request seeks information which has or have no bearing or relevance to the instant matter and accordingly the request is overly broad and is not proportional to the needs of the case or will lead to admissible evidence.

Plaintiff objects to the extent that the scope of the request seeks documents protected from disclosure by the attorney work product or attorney-client privilege. Plaintiff objects to the extent the request would prematurely seek disclosure of expert opinion.

Plaintiff further objects as such request is vague and overly broad as the information sought includes each absent putative class member who are not clients nor members of the class at this stage of the litigation, as opposed to seeking relevant information relating to class representatives, and merit issues to determine class certification. Therefore, such request is not relevant nor reasonably calculated to lead to admissible evidence at the class certification hearing.

**RESPONSE**

Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted.

Dated: November 23, 2022.

David Hilton Wise, VA Bar No. 30828
Joseph M. Langone, VA Bar No. 43543
WISE LAW FIRM PLC
10640 Page Avenue, Suite 320
Fairfax, Virginia 22030
Phone: 703-934-6377
dwise@wiselaw.pro
jlangone@wiselaw.pro
*Counsel for Plaintiffs*

Joel R. Rhine, NC State Bar No. 16028
Martin A. Ramey, NC State Bar No. 33617
Ruth A. Sheehan, NC State Bar No. 48069
RHINE LAW FIRM, P.C.
1612 Military Cutoff Rd., Suite 300
Wilmington, NC 28403
Phone: 910-772-9960
jrr@rhinelawfirm.com
mjr@rhinelawfirm.com
RAS@rhinelawfirm.com
*Counsel for Plaintiffs*

Mona Lisa Wallace, NC Bar No. 009201
John Hughes, NC State Bar No. 22126
WALLACE AND GRAHAM, PA.
525 N. Main Street
Salisbury, NC 28144
Phone: 704-633-5244
mwallace@wallacegraham.com
jhughes@wallacegraham.com
*Counsel for Plaintiffs*

John A. Yanchunis, FL Bar No. 324681
Kenya Reddy, FL Bar No. 459933
MORGAN & MORGAN LAW FIRM
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Phone: 813-223-5505
JYanchunis@ForThePeople.com
KReddy@ForThePeople.com
*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 23rd day of November, 2022, a copy of the foregoing was served via e-mail on all counsel of record, including:

Kathryn E. Bonorchis #80007
Joseph Doukmetzian, 91685
Lewis, Brisbois, Bisgaard & Smith, LLP
100 Light Street, Suite 1300
Baltimore, Maryland, 21202
Kathryn.Bonorchis@lewisbrisbois.com
Joseph.Doukmetzian@lewisbrisbois.com

Richard G, Morgan, Admitted *Pro Hac Vice*
Tina Syring, Admitted *Pro Hac Vice*
Emily Suhr, Admitted *Pro Hac Vice*
Lewis, Brisbois, Bisgaard & Smith, LLP
Wells Fargo Center
90 South 7th Street, Suite 2800
Minneapolis, Minnesota 55402
Richard.Morgan@lewisbrisbois.com
Tina.Syring@lewisbrisbois.com
Emily.Suhr@lewisbrisbois.com
*Attorneys for Defendants*

Joseph Langone

73