## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| Chief Petty Officer JOHN FISCHER and ASHLEY FISCHER, et al. | * * * |
| Plaintiffs | * * |
| v. | * Case No. 1:22-cv-00286 * |
| FORT BELVOIR RESIDENTIAL COMMUNITIES LLC, et al. | * * * |
| Defendants | * |

### DEFENDANTS' EXHIBT 5 IN SUPPORT OF MOTION TO COMPEL FURTHER DISCOVERY FROM PLAINTIFFS FISCHERS, ROMANS, AND LANES

A. **The Fischers**

   1. *Ashley Fischer Interrogatories*

| | |
|---|---|
| **ROG 16**: | Please Identify all other Fort Belvoir residents (former or current) with whom You have communicated regarding the conditions at issue, Your claims in this lawsuit, housing conditions at Fort Belvoir, the Defendants, Your advocacy efforts, and/or congressional hearings. |
| **ROG 16 Supplemental Response**: | See supplemental documents that are being produced. Plaintiff Ms. Fischer has communicated with many other affected servicemember families both at Fort Belvoir and elsewhere. Plaintiff is producing emails and social media that Plaintiffs were able to locate after performing a reasonable search, and which are being designated confidential because Plaintiffs do not want any of the families that relayed housing complaints to them to be in any danger of retaliation for sharing their concerns. These documents identify the names of relevant individuals. |
| **ROG 18**: | Please describe any and all of Your Internet or social media activity regarding Your health conditions, Your children's health conditions, the housing complaints at issue in this lawsuit, the lawsuit itself, Your advocacy efforts, the Defendants, and/or military housing at Fort Belvoir, including but not limited to, any Twitter, Instagram, LinkedIn, Facebook, Facebook messenger, and/or TikTok posts, or participation or conversation in any online public forums. |
| **ROG 18 Supplemental Response**: | See supplemental documents that are being produced and see supplemental response to interrogatory number 16. |

2. *John Fischer Interrogatories*

| **ROG 16**: | Identify each and every element of damages You seek in this Action and the amount of each element of damages. For expenses incurred, including but not limited to medical costs, medication costs, counseling services, and any related liens, please list the person or institution generating the bill, the amount paid, and the reason for the bill. For future medical expenses, please state the date you expect to incur the expense, a brief description of the goods or services that you claim will be required in the future, the expected amount of the expense, and the identities of those who indicated such expenses will be necessary. |
|---|---|
| **ROG 16 Supplemental Response**: | Plaintiffs will cooperate with Defendants in the event that Defendants desire to seek to obtain Plaintiffs' medical records and medical bills. Plaintiffs will produce medical records that are in their possession. Plaintiffs do not expect to be putting on expert medical testimony to the effect that exposure to the poor housing conditions caused a specific illness for a special Plaintiff. Accordingly, Plaintiffs believe medical-related discovery has limited relevance. Accordingly, during the meet and confer with Defendants, the parties agreed to a five (5) year period prior to the filing of the current complaint for discoverable medical records wherein the Plaintiffs with physical or mental injuries will produce the names of their respective medical providers. Plaintiffs will sign authorizations to allow for the release of records from medical providers so long as Defendants will provide Plaintiffs with copies of records they receive for purposes of facilitating appropriately limited medical records discovery as agreed. With regard to names of medical providers, Plaintiffs will provide that information if the Plaintiff Fishers have physical or mental injuries they will be presenting as damages. |

3. *Fischer Document Production*

| **RFP 55**: | All documents, including emails, social media posts, text messages, and letters regarding the claims and allegations set forth in the Complaint. |
|---|---|
| **RFP 55 Response**: | See materials produced in response to the requests listed above. |
| **RFP 56**: | All documents, including emails, social media posts, text messages, and letters, to or from any family or individual who has, at any time, occupied the First Premises or any other residence located on base at Fort Belvoir related to the claims and allegations set forth in the Complaint. |
| **RFP 56 Response**: | See public Facebook documents, produced. |
| **RFP 57**: | All documents, including emails, social media posts, text messages, and letters, to or from any family or individual who has, at any time, occupied the Second Premises or any other residence located on base at Fort Belvoir related to the claims and allegations set forth in the Complaint. |

| **RFP 57 Response**: | See public Facebook documents, produced. |
|---|---|
| **RFP 80**: | Please produce all of your Facebook messenger discussions with all individuals with whom you discussed regarding the claims in this lawsuit, Your claims for damages, Your advocacy efforts, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant. |
| **RFP 80 Response**: | See public Facebook documents, produced. |
| **RFP 81**: | Please produce all of your Facebook posts regarding the claims in this lawsuit, Your claims for damages, Your advocacy efforts, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant. |
| **RFP 81 Response**: | See public Facebook documents, produced. |
| **RFP 82**: | Please produce all of your comments to *other* users' Facebook posts regarding the claims in this lawsuit, Your claims for damages, Your advocacy efforts, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant. |
| **RFP 82 Response**: | See public Facebook documents, produced. |
| **RFP 83**: | Please produce all social media posts and comments to social media posts, *other than Facebook*, regarding the claims in this lawsuit, Your claims for damages, Your advocacy efforts, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant. |
| **RFP 83 Response**: | See public Facebook documents, produced. |
| **RFP 84**: | Please produce all documents, communications, materials and online posts created, reviewed and/or received by You as part of your involvement with the Belvoir Housing Advocacy Group. |
| **RFP 84 Response** | See public Facebook documents, produced. |

B. *The Romans*

1. *Raven Roman Interrogatories*

| **ROG 2**: | Please describe in detail, with more particularity than provided in Your Complaint, the medical facts and circumstances that have lead You to believe that exposure to the real property located at 5200 Stable Court, caused the harm and injuries you allege. |
|---|---|
| **ROG 2 Supplemental Response**: | Plaintiffs are not making personal injury claims. They are making claims inter alia for rental refunds due to breach of contract and breach of landlord-tenant duties, and for private nuisance damages that are recoverable by a home occupant, i.e., discomfort, annoyance, irritation, aggravation, and loss of use and enjoyment of a homestead, which include physical and emotional injury and/or mental anguish which resulted from the nuisance because this |

| | |
|---|---|
| | nuisance has endangered her/his health. As such, Plaintiffs do not expect to be putting on expert medical testimony to the effect that exposure to the poor housing conditions caused a specific illness for a special Plaintiff. Accordingly, Plaintiffs believe medical-related discovery has limited relevance. Accordingly, during the meet and confer with Defendants, the parties agreed to a five (5) year period prior to the filing of the current complaint for discoverable medical records wherein the Plaintiffs with physical or mental injuries will produce the names of their respective medical providers. Plaintiffs will sign authorizations to allow for the release of records from medical providers so long as Defendants will provide Plaintiffs with copies of records they receive for purposes of facilitating appropriately limited medical records discovery as agreed. With regard to names of medical providers, Plaintiffs provide the following information:<br><br>The Romans are providing copies of medical records that they have. From these records can be determined the names of medical providers. If Defendants desire to use this information and these names to seek additional medical records, Plaintiffs will cooperate. |
| **ROG 3**: | Please describe in detail, with more particularity than provided in Your Complaint, the medical facts and circumstances that have lead You to believe that exposure to the real property located at 5493 Jadwin Loop, caused the harm and injuries you allege. |
| **ROG 3 Supplemental Response**: | See supplemental response to interrogatory number 2. And see supplemental documents that are being produced. |
| **ROG 4**: | State with precision the nature and symptoms of any physical, mental, and/or emotional injuries You allege any member of the Roman Family suffered as a result of Defendants' alleged wrongdoing and what, if any, medical and/or healthcare treatment each family member sought or received. |
| **ROG 4 Supplemental Response**: | See supplemental response to interrogatory number 2. And see supplemental documents that are being produced. The family members suffered from the discomfort, annoyance, aggravation and irritation caused by a chronically bad housing situation which include physical and emotional injury and/or mental anguish which resulted from the nuisance because this nuisance has endangered her/his health. This is detailed in great length in their voluminous documents, which are being supplemented herewith. . The Plaintiff's are not making a personal injury claim that will seek to prove by expert medical testimony that, for example, the water intrusion and mold conditions caused an illness to a family member. However, Plaintiffs are claiming that as a result of how Defendants misused their ownership and control over the communities under the 50 year ground lease, the Plaintiffs as home occupants were subjected to an unreasonable and substantial interference with their ability to use and enjoy their leased property. The letters, written complaints and social media of the Plaintiffs provide additional detail in this regard. See supplemental documents being produced. |

| **ROG 5**: | For each member of the Roman Family, identify all pre-existing physical, mental, and/or emotional conditions, problems or difficulties affected by the same physical, mental, and/or emotional injuries identified in response to Interrogatory No. 4. |
|---|---|
| **ROG 5 Supplemental Response**: | See supplemental response to interrogatory numbers 2 and 4. And see supplemental documents that are being produced. |
| **ROG 7**: | State whether any member of the Roman Family has been physically, mentally and/or emotionally injured in any way since January 1, 2017, as a result of any accident and/or occurrence unrelated to the allegations set forth in the Complaint. If so, please describe:<br>a. Who was injured;<br>b. The injury;<br>c. The date of injury;<br>d. The nature of the injury; and<br>e. How the individual incurred the injury. |
| **ROG 7 Supplemental Response**: | See supplemental response to interrogatory numbers 2 and 4. And see supplemental documents that are being produced. |
| **ROG 16**: | Please Identify all other Fort Belvoir residents (former or current) with whom You have communicated regarding the conditions at issue, Your claims in this lawsuit, housing conditions at Fort Belvoir, the Defendants, Your advocacy efforts, and/or congressional hearings. |
| **ROG 16 Supplemental Response**: | See supplemental documents that are being produced. Plaintiff Ms. Roman has communicated with many other affected servicemember families both at Fort Belvoir and elsewhere. Plaintiff is producing emails and social media that Plaintiffs were able to locate after performing a reasonable search.. These documents identify the names of relevant individuals. |
| **ROG 18**: | Please describe any and all of Your Internet or social media activity regarding Your health conditions, Your children's health conditions, the housing complaints at issue in this lawsuit, the lawsuit itself, Your advocacy efforts, the Defendants, and/or military housing at Fort Belvoir, including but not limited to, any Twitter, Instagram, LinkedIn, Facebook, Facebook messenger, and/or TikTok posts, or participation or conversation in any online public forums. |
| **ROG 18 Supplemental Response**: | See supplemental documents that are being produced and see supplemental response to interrogatory number 16. |

2. *Jorge Roman Interrogatories*

| **ROG 17**: | Please Identify all other Fort Belvoir residents (former or current) with whom You have communicated regarding the conditions at issue, Your claims in this lawsuit, housing conditions at Fort Belvoir, the Defendants, Your advocacy efforts, and/or congressional hearings. |
|---|---|

| | |
|---|---|
| **ROG 17 Supplemental Response**: | Plaintiffs will cooperate with Defendants in the event that Defendants desire to seek to obtain Plaintiffs' medical records and medical bills. Plaintiffs are producing medical records that are in their possession. Plaintiffs do not expect to be putting on expert medical testimony to the effect that exposure to the poor housing conditions caused a specific illness for a special Plaintiff. Accordingly, Plaintiffs believe medical-related discovery has limited relevance. Accordingly, during the meet and confer with Defendants, the parties agreed to a five (5) year period prior to the filing of the current complaint for discoverable medical records wherein the Plaintiffs with physical or mental injuries will produce the names of their respective medical providers. Plaintiffs will sign authorizations to allow for the release of records from medical providers so long as Defendants will provide Plaintiffs with copies of records they receive for purposes of facilitating appropriately limited medical records discovery as agreed. From these records can be determined the names of medical providers. If Defendants desire to use this information and these names to seek additional medical records, Plaintiffs will cooperate. |

3. ***Roman Document Production***

| | |
|---|---|
| **RFP 55**: | All documents, including emails, social media posts, text messages, and letters regarding the claims and allegations set forth in the Complaint. |
| **RFP 55 Response**: | See materials produced in response to the requests listed above. |
| **RFP 56**: | All documents, including emails, social media posts, text messages, and letters, to or from any family or individual who has, at any time, occupied the First Premises or any other residence located on base at Fort Belvoir related to the claims and allegations set forth in the Complaint. |
| **RFP 56 Response**: | Plaintiffs are producing all relevant, nonprivileged communications with any individuals or families that have occupied premises on base at Fort Belvoir. |
| **RFP 57**: | All documents, including emails, social media posts, text messages, and letters, to or from any family or individual who has, at any time, occupied the Second Premises or any other residence located on base at Fort Belvoir related to the claims and allegations set forth in the Complaint. |
| **RFP 57 Response**: | Plaintiffs are producing all relevant, nonprivileged communications with any individuals or families that have occupied premises on base at Fort Belvoir. |
| **RFP 90**: | Please produce all of your Facebook messenger discussions with all individuals with whom you discussed regarding the claims in this lawsuit, Your claims for damages, Your advocacy efforts, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant. |
| **RFP 90 Response**: | Plaintiff refers Defendants to the social media communications and postings produced in response to Request No. 15. |
| **RFP 91**: | Please produce all of your Facebook posts regarding the claims in this lawsuit, Your claims for damages, Your advocacy efforts, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant. |

| **RFP 91 Response**: | Plaintiff refers Defendants to the social media communications and postings produced in response to Request No. 15. |
|---|---|
| **RFP 92**: | Please produce all of your comments to *other* users' Facebook posts regarding the claims in this lawsuit, Your claims for damages, Your advocacy efforts, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant. |
| **RFP 92 Response**: | Plaintiff refers Defendants to the social media communications and postings produced in response to Request No. 15. |
| **RFP 93**: | Please produce all social media posts and comments to social media posts, *other than Facebook*, regarding the claims in this lawsuit, Your claims for damages, Your advocacy efforts, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant. |
| **RFP 93 Response**: | Plaintiff refers Defendants to the social media communications and postings produced in response to Request No. 15. |
| **RFP 94**: | Please produce all documents, communications, materials and online posts created, reviewed and/or received by You as part of your involvement with the Belvoir Housing Advocacy Group. |
| **RFP 94 Response** | Plaintiff refers Defendants to the social media communications and postings produced in response to Request No. 15. |

C. The Lanes

1. *Cassandra Lane Interrogatories*

| **ROG 2**: | Please describe in detail, with more particularity than provided in Your Complaint, the medical facts and circumstances that have lead You to believe that exposure to the real property located at 9739 Barlow Road, caused the harm and injuries you allege. |
|---|---|
| **ROG 2 Supplemental Response**: | Plaintiffs are not making personal injury claims. They are making claims inter alia for rental refunds due to breach of contract and breach of landlord-tenant duties, and for private nuisance damages that are recoverable by a home occupant, i.e., discomfort, annoyance, irritation, aggravation, and loss of use and enjoyment of a homestead, which include physical and emotional injury and/or mental anguish which resulted from the nuisance because this nuisance has endangered her/his health As such, Plaintiffs do not expect to be putting on expert medical testimony to the effect that exposure to the poor housing conditions caused a specific illness for a special Plaintiff. Accordingly, Plaintiffs believe medical-related discovery has limited relevance. Accordingly, during the meet and confer with Defendants, the parties agreed to a five (5) year period prior to the filing of the current complaint for discoverable medical records wherein the Plaintiffs with physical or mental injuries will produce the names of their respective medical providers. Plaintiffs will sign authorizations to allow for the release of records from medical providers so long as Defendants will provide Plaintiffs with copies of records they receive for purposes of facilitating appropriately |

| | |
|---|---|
| | limited medical records discovery as agreed. With regard to names of medical providers the Lane Plaintiffs have secured copies of pertinent medical records, the providers names contained therein and will cooperate if additional providers are requested. These medical recorders are provided here pursuant to confidentiality protective order.<br><br>Plaintiffs are also producing additional emails, social media entries, and documents related to their residency at Barlow Road. These documents include information on the details of the family's complaints regarding the housing conditions and the property management services and the discomfort, irritation and annoyance the family suffered and speak for themselves. |
| **ROG 3**: | State with precision the nature and symptoms of any physical, mental, and/or emotional injuries You allege any member of the Lane family suffered as a result of Defendants' alleged wrongdoing and what, if any, medical and/or healthcare treatment each family member sought or received. |
| **ROG 3 Supplemental Response**: | See amended and supplemental responses to interrogatory number 2. And see supplemental documents that are being produced. The family members suffered from the discomfort, annoyance, aggravation and irritation caused by a chronically bad housing situation. This is detailed in prior discovery as well as supplemented discovery here. -P The Plaintiffs are not making a personal injury claim.. However, Plaintiffs are claiming that as a result of how Defendants misused their ownership and control over the communities under the 50-year ground lease, the Plaintiffs as home occupants were subjected to an unreasonable and substantial interference with their ability to use and enjoy their leased property, which includes physical and emotional injury and/or mental anguish which resulted from the nuisance because this nuisance has endangered her/his health. The emails, complaints and social media of the Plaintiffs provide additional detail. |
| **ROG 4**: | For each member of the Lane Family, identify all pre-existing physical, mental, and/or emotional conditions, problems or difficulties affected by the same physical, mental, and/or emotional injuries identified in response to Interrogatory No. 3. |
| **ROG 4 Supplemental Response**: | See supplemental responses to interrogatory numbers 2 and 3. And see supplemental documents that are being produced. |
| **ROG 5**: | State whether any member of the Lane family has been physically, mentally and/or emotionally injured in any way since April 2015, as a result of any accident and/or occurrence unrelated to the allegations set forth in the Complaint. If so, please describe:<br>a. Who was injured;<br>b. The injury;<br>c. The date of injury;<br>d. The nature of the injury; and<br>e. How the individual incurred the injury. |
| **ROG 5 Supplemental** | See supplemental response to interrogatory numbers 2 and 3. And see supplemental documents that are being produced. |

| | |
|---|---|
| **Response**: | |
| **ROG 14**: | Please Identify all other Fort Belvoir residents (former or current) with whom You have communicated regarding the conditions at issue, Your claims in this lawsuit, housing conditions at Fort Belvoir, the Defendants, Your advocacy efforts, and/or congressional hearings. |
| **ROG 14 Supplemental Response**: | See supplemental documents that are being produced. Plaintiff is producing social media entries that Plaintiffs were able to locate after performing a reasonable search.. |
| **ROG 16**: | Please describe any and all of Your Internet or social media activity regarding Your health conditions, Your children's health conditions, the housing complaints at issue in this lawsuit, the lawsuit itself, Your advocacy efforts, the Defendants, and/or military housing at Fort Belvoir, including but not limited to, any Twitter, Instagram, LinkedIn, Facebook, Facebook messenger, and/or TikTok posts, or participation or conversation in any online public forums. |
| **ROG 16 Supplemental Response**: | See supplemental documents that are being produced. |

2. *John Lane Interrogatories*

| | |
|---|---|
| **ROG 16**: | Please describe any and all of Your Internet or social media activity regarding Your health conditions, Your children's health conditions, the housing complaints at issue in this lawsuit, the lawsuit itself, Your advocacy efforts, the Defendants, and/or military housing at Fort Belvoir, including but not limited to, any Twitter, Instagram, LinkedIn, Facebook, Facebook messenger, and/or TikTok posts, or participation or conversation in any online public forums. |
| **ROG 16 Supplemental Response**: | Plaintiffs are not making personal injury claims. They are making claims inter alia for rental refunds due to breach of contract and breach of landlord-tenant duties, and for private nuisance damages that are recoverable by a home occupant, i.e., discomfort, annoyance, irritation, aggravation, and loss of use and enjoyment of a homestead, which include physical and emotional injury and/or mental anguish which resulted from the nuisance because this nuisance has endangered her/his health. As such, Plaintiffs do not expect to be putting on expert medical testimony to the effect that exposure to the poor housing conditions caused a specific illness for a special Plaintiff. Accordingly, Plaintiffs believe medical-related discovery has limited relevance. Accordingly, during the meet and confer with Defendants, the parties agreed to a five (5) year period prior to the filing of the current complaint for discoverable medical records wherein the Plaintiffs with physical or mental injuries will produce the names of their respective medical providers. The Lane Plaintiffs have gathered pertinent medical records here. They are also willing to sign authorizations to allow for the release of records from medical providers so long as Defendants will provide Plaintiffs with |

| | copies of records they receive for purposes of facilitating appropriately limited medical records discovery as agreed. |
|---|---|

3. **Lane Document Production**

| **RFP 43**: | All documents, including emails, social media posts, text messages, and letters regarding the claims and allegations set forth in the Complaint. |
|---|---|
| **RFP 43 Response**: | Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted. |
| **RFP 44**: | All documents, including emails, social media posts, text messages, and letters, to or from any family or individual who has, at any time, occupied the Premises or any other residence located on base at Fort Belvoir related to the claims and allegations set forth in the Complaint. |
| **RFP 44 Response**: | Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted. |
| **RFP 65**: | Please produce all of your Facebook messenger discussions with all individuals with whom you discussed regarding the claims in this lawsuit, Your claims for damages, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant. |
| **RFP 65 Response**: | Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted. |
| **RFP 66**: | Please produce all of your Facebook posts regarding the claims in this lawsuit, Your claims for damages, Your advocacy efforts, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant. |
| **RFP66 Response** : | Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted. |
| **RFP 67**: | Please produce all of your comments to *other* users' Facebook posts regarding the claims in this lawsuit, Your claims for damages, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant. |
| **RFP 67 Response**: | Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted. |
| **RFP 68**: | Please produce all social media posts and comments to social media posts, *other than Facebook*, regarding the claims in this lawsuit, Your claims for damages, housing at Fort Belvoir, property management at Fort Belvoir, and/or any Defendant. |
| **RFP 68 Response**: | Plaintiffs will produce relevant responsive documents obtained after a reasonable search was conducted. |