IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Chief Petty Officer JOHN FISCHER and ASHLEY FISCHER, et al. | *<br>*<br>* |
| Plaintiffs | *<br>* |
| v. | *   Case No. 1:22-cv-00286<br>* |
| FORT BELVOIR RESIDENTIAL COMMUNITIES LLC, et al. | *<br>*<br>* |
| Defendants | * |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' VCPA CLAIM OR, IN THE ALTERNATIVE, MOTION TO STRIKE PORTIONS OF PLAINTIFFS' THIRD AMENDED COMPLAINT**

**INTRODUCTION**

Plaintiffs' Opposition, which is largely a reformulation of their Reply in support of their Motion to Amend, fails to adequately counter Defendants' positions that (1) their VCPA claim lacks sufficient particularity and allegations of misrepresentation to state a cause of action under the VCPA, and (2) the VCPA is time-barred as to the class because nearly half the Plaintiffs are outside the statute of limitations.

Rather, Plaintiffs' Opposition mirrors their Third Amended Complaint ("TAC") by asserting conclusions without any factual basis. They also repeatedly misrepresent the pleading standard they must meet to state a claim under the VCPA to the point where virtually any allegation could amount to a misrepresentation under the VCPA.

As made explicitly clear by the Virginia Supreme Court, "a violation of the [VCPA] founded upon the nondisclosure of a material fact also requires evidence of a knowing and deliberate decision not to disclose the fact." *Lambert v. Downtown Garage*, 262 Va. 707, 714, 553 S.E.2d 714, 718 (2001). The TAC is void of such allegations.

Plaintiffs further argue that the fifteen Plaintiffs whose allegations pre-date the statute of limitations are within the time-frame because they did not discover any wrongdoing until "recently." But again, Plaintiffs are unable to point to any factual allegations in support of this contention. Plaintiffs also fail to address Defendants' position that because these Plaintiffs are time-barred, the entire class is prohibited from bringing this claim under Federal Rules of Civil Procedure, Rule 23.

Finally, Plaintiffs summarily conclude that there is no basis to strike Paragraph 696 from the TAC without addressing the prejudice it would wreak on Defendants, the potential relevance, or its confusing nature.

For these reasons, Defendants request the Court grant their Motion to Dismiss the VCPA claim and Strike Paragraph 696 in full.

## **ARGUMENT**

### *A. Plaintiffs' TAC fails to meet the requirements for a VCPA claim based on misrepresentation or fraudulent acts and their opposition fails to remedy this issue, making dismissal proper.*

While simultaneously arguing for a lower standard, Plaintiffs concede that the heightened pleading standard of Rule 9(b) is required to state their claim under the VCPA and that they must specifically allege facts supporting fraud or misrepresentation. However, they are unable to demonstrate how the TAC meets these requirements.

Instead, they rely on the same arguments from their previously filed Reply brief in support of amending their Complaint (ECF 51), which Defendants have already addressed in their Motion.

For instance, in the prior Reply, Plaintiffs relied on paragraphs 101-105, 113 (Fischers), 198-201 (Romans), 356 (Adams), and 459, 461, 467-485, 500-502 (Braggs) to demonstrate they pled sufficient facts of fraud and misrepresentation to meet the heightened standard. ECF 51, p. 7-9. Defendants' Motion addressed this, demonstrating how the select paragraphs failed to adequately support a claim under the VCPA. *See* ECF 62-1, p. 8-10. Defendants further noted that

it was telling Plaintiffs were unable to point to better examples. *Id*. at p. 10.

In their current Opposition , Plaintiffs again rely on these same paragraphs without any attempt to overcome Defendants' showing of inadequacy. *See* ECF 79, p. 18-20. In other words, given another opportunity, Plaintiffs are still unable to locate allegations in the TAC that are sufficient to state a claim for violation of the VCPA.

Plaintiffs point to two additional paragraphs not previously addressed, Paragraph 360[1] relating to the Adams' family, and paragraph 523 relating to the Hayward family. But these paragraphs do nothing to aid their argument.

Paragraph 360 asserts an alleged conversation with Zach Allen where Mr. Allen allegedly stated, without explanation, that Virginia statutes allow for other guidelines to be used in lieu of IICRC S520 and that TMO would not consider results from independent testing. Paragraph 523 alleges that TMO represented they cleaned and/or repaired the Hayward's HVAC system, but the family later found visible black fungal growth. Neither of these paragraphs "allege a fraudulent misrepresentation of fact" as required under the VCPA. *Hamilton v. Boddie-Noell Enters.*, 88 F. Supp. 3d 588, 591 (W.D. Va. 2015); *See also Allen v. FCA US LLC*, 2017 U.S. Dist. LEXIS 71603, at *6 (W.D. Va. May 10, 2017) (a VCPA plaintiff must allege Defendants' "statements or omissions were 'intentionally and knowingly' false at these relevant times.") (quoting *Branin v. TMC Enterprises, LLC*, 832 F. Supp. 2d 646, 652 (W.D. Va. 2011)).

Mr. Allen's alleged statement is, at best, an expression of his opinion that was made without knowing its alleged falsity. "Like a claim for common law fraud, for a misrepresentation to be actionable under the VCPA, that allegation 'must be of existing fact, not merely an opinion or an unfulfilled promise or statement to future events.'" *Harrell v. Deluca*, 2022 U.S. Dist. LEXIS

---

[1] The Opposition cites to ¶ 306, though the content it quotes is from ¶ 360.

203135, at *12 (E.D. Va. Nov. 7, 2022) (quoting *Marcus v. Dennis*, 2022 U.S. Dist. LEXIS 87149 at *23-24 (E.D. Va. May 13, 2022); *Tate v. Colony House Builders*, 257 Va. 78, 84, 508 S.E.2d 597, 600 (1999) ("commendatory statements, trade talk, or puffing, do not constitute fraud because statements of this nature are generally regarded as mere expressions of opinion which cannot rightfully be relied upon, at least where the parties deal on equal terms.").

Moreover, there are no allegations that the Adams family relied on these alleged statements. *Harrell*, 2022 U.S. Dist. LEXIS 203135, at *19 ("a Plaintiff must demonstrate that they reasonably relied on a misrepresentation made by the Defendant to support a claim made pursuant to the VCPA."). Rather, the Adams family went ahead and obtained independent testing and challenged Mr. Allen on his alleged contentions. ECF 56, ¶¶ 361 – 362.

Regarding the Haywards, they allege they found a substance in their HVAC after it had been cleaned but do not allege the HVAC was not actually cleaned, as represented. Tellingly, in ¶ 524, the Haywards allege they watched video of the maintenance contractors "during the cleaning and repairs" of the HVAC. That a new substance may have appeared does not make the prior statement about cleaning it false. Moreover, as Plaintiffs allege, when Defendants' employees became aware the contractors' work may not have been satisfactory, they hired another company to complete the work. ECF 56, ¶¶ 524-525.

Plaintiffs also spend considerable time reciting the general allegations from their TAC without any analysis as to how these paragraphs meet the standard to state a VCPA fraud claim. *See* Opposition, p. 11-18. The reason for such omission is obvious – these paragraphs do not state a claim for VCPA fraud.

For instance, ¶¶ 739 and 741 broadly and an in a conclusory manner allege misrepresentation through marketing, leasing, record keeping, and repair work. However, as

discussed above, none of the individual plaintiffs allege actual misrepresentation in any of these areas. Moreover, the TAC lacks any specific allegations that Defendants knew any of their marketing, leasing, record keeping, and repair work representations were allegedly false. "Without allegations that Defendant knew of the [alleged issues] prior to its advertisements or the consumer transaction in which Plaintiff [entered into the lease], there cannot be a claim for fraud under the VCPA." *Allen*, 2017 U.S. Dist. LEXIS 71603, at *7.

In *Allen*, the plaintiff filed suit under the VCPA alleging that the defendant car manufacturer advertised a car as safe that in fact had safety defects. The court held that advertisements claiming the vehicle contained "advanced features designed to keep [the occupants] safe and secure" were "mere puffery and as such are not actionable." *Id.*; *See also Lambert*, 262 Va. at 713 ("Merely stating that property is in excellent condition, without more, is clearly a matter of opinion in the manner of puffing."); *Kelley v. Little Charle's Auto Sales*, 2006 U.S. Dist. LEXIS 22148, 2006 WL 1075025, at *3 (W.D. Va. Apr. 21, 2006); ("Defendant's statement of the used truck having 'low mileage' was mere puffery and not an expression of fact upon which Plaintiff could have relied."); *Tate*, 257 Va. at 84 ("Sagun's alleged statements that . . . 'the design and construction [of the dwelling were] of the highest quality' are more in the nature of puffing or opinion and cannot form the basis of an action for constructive fraud.").

The *Allen* court went on to find that even if the statements were not puffery, Plaintiff's lack of specificity showing the statements were false doomed their VCPA claim.

> Without alleging that any specific statements of Defendant were false, Plaintiff's claim that Defendant was 'fraudulently representing and misrepresenting to the public that the vehicle was safe for use' relies on the falsity of vague, generalized assertions by Defendant about the safety of the Vehicle that occurred at times and places that Plaintiff did not specify in her complaint…These allegations are insufficient to state a claim under the VCPA.

*Id.* at 8-9.

Here, likewise, Plaintiffs' allege nothing more than generalized assertions of habitability and repairs and puffery associated with marketing the homes at issue. As case law makes explicitly clear, these allegations are insufficient for a VCPA claim.

Finally, Plaintiffs point to allegations that Zach Allen allegedly threatened to charge some of the Plaintiffs double rent. *See* Opposition, p. 15. As with the other alleged statements and omissions discussed, even if true, this is not a false representation, made with the knowledge it was false, that was relied on by the Plaintiffs. It is merely an unfulfilled warning. Plaintiffs also fail to allege associated damages, i.e. that the Plaintiffs did in fact pay double rent as a result of Mr. Allen's alleged statements.

Plaintiffs rely on *Guy v. Tidewater Inv. Props.*, 41 Va. Cir. 218, 219 (Cir. Ct. 1996) to support their contentions that their allegations are sufficient to state a claim under the VCPA. However, *Guy* is readily distinguishable in that the plaintiff there, unlike here, specifically alleged Defendants made a knowingly false material omission:

> Before the execution of the May 1991 lease agreement, the defendants had received written notices on several occasions from the City of Norfolk, Department of Public Health, Bureau of Environmental Health Services, regarding various apartment units in the Ocean Air Apartments. These notices stated that paint containing high levels of lead had been detected in various specified apartment units, that high levels of lead constitute a health hazard to children and adults, and that this hazardous lead material was required to be removed or encapsulated. The plaintiff was not informed of these notices before the execution of the May 1991 lease agreement.

*Id.* at 219.

This particularity and demonstration of prior knowledge was vital to the *Guy* court's determination and is missing from Plaintiffs' TAC. As such, *Guy* does not aid their argument.

Plaintiffs are also unable to overcome the lack of allegations in the TAC regarding reliance and damages. They simply point to the same paragraphs Defendants already discussed in their Motion (i.e. 766, 771, and 778) without further analysis as to how these deficient paragraphs meet

the pleading standards for a VCPA claim. Opposition, p. 16-17.

As Plaintiffs' opposition fails to demonstrate that they sufficiently pled a cause of action under the VCPA, this claim must be dismissed.

### B. *Because Plaintiffs' Claims Under the VCPA Are Time Barred as to nearly half the Plaintiffs it is time-bared as to all the Plaintiffs*

Regarding the statute of limitations, Plaintiffs argue (1) that the fifteen Plaintiffs identified in Defendants motion are not time-barred because they did not discover the alleged misrepresentations until "recently," and (2) seventeen plaintiffs are within the statute. Neither of these arguments has any merit.

First, Plaintiffs make no attempt to demonstrate that the 15 time-barred Plaintiffs, utilizing due diligence, did not and could not have discovered the alleged misrepresentations earlier. Their entire argument is conclusory and unsupported. The only related allegations in the TAC are found in paragraphs 774 and 775, which state the statute should be tolled due to the unspecified "concealed aspects of certain of Defendants' fraudulent practice" and because Plaintiffs "only recently discovered Defendants fraudulent practices, misrepresentations, and violations of the VCPA." But there are no facts to support such conclusions. Rather, the individual allegations make clear Plaintiffs believed misrepresentations had been made well before March 2020.

For instance, the Fischers allege that in 2019, Defendants represented that the issues they had with the HVAC were normal and of no concern, but then the Fischers discovered mold in the HVAC. ECF 56, ¶¶ 101-102, 104, 106. Also in 2019, they had the alleged mold tested and believed at that time it was a health concern to their family. *Id*. at ¶¶ 107-108. As such, it is unclear what information the Fischers may have discovered "recently" that was not previously discoverable to them.

Likewise, the Romans allege they moved off base in 2019 while Mr. Roman was still

stationed at Fort Belvoir because of the issues they were experiencing, including heath concerns they associated with alleged mold and Defendants' alleged handling of their concerns. ECF 56, ¶¶ 293-296. Again, Plaintiffs give no indication of how this does not constitute discovery for purposes of the statute.

As already detailed in Defendants' motion, the same is true for the Lanes, Coccos, Hunts, Armstrong, Wardens, and Wayenbergs. At the very least, these fifteen Plaintiffs are time-barred from bringing a claim under the VCPA.

Second, Plaintiffs' argument that the remaining Plaintiffs' allegations fall within the statute of limitations misses the point. Defendants do not contend that these remaining Plaintiffs are time-barred as their allegations fall within two years. Defendants' argument is that because nearly half the Plaintiffs *are* time-barred, the VCPA claim fails as a whole for the class. Case law is clear that a class claim must be dismissed where Plaintiffs are incapable of being class members due to a missed statute of limitations. *See* Motion, p. 12. Moreover, because nearly half the Plaintiffs are time-barred, the VCPA claim presents neither a common question of law nor claims and defenses typical to the class. *See* Motion, p. 13; Fed. R. Civ P. 23(a). These issues prevent the class as a whole from stating a VCPA claim.

Plaintiffs assist Defendants in making this point by their assertion that Defendants will need to prove the individual Plaintiffs did not meet the statute of limitations. Opposition, p. 28. Class actions may only be maintained where "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of

separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action." Fed. R. Civ P. 23(b)(3).

Here, Plaintiffs seek to create a class claim in which issues affecting the individual members—whether they meet the statute of limitations—will predominate over issues common to the class. *Folks v. State Farm Mut. Auto. Ins. Co.,* 281 F.R.D. 608, 620 (D. Colo. 2012) (denying class certification where common issues with defendant existed but "individualized determinations of the effective date of reformation will be required as to each class member").

As such, Plaintiffs' claims as a whole are time-barred.

### C. Paragraph 696 should be stricken as it is irrelevant, prejudicial, and likely to confuse the jury

Plaintiffs argue that Paragraph 696 is appropriately included in the TAC because it relates to Clark Realty, who "acted as FBRC's property manager at Fort Belvoir," making their conduct the same as the current property managers. Opposition, p. 29. In other words, Plaintiffs argue that the named Defendants are responsible for conduct of a non-party. This is precisely the type of prejudicial, immaterial, and likely to confuse allegation that Rule 12(f) was intended to strike. *See Resol. Tr. Corp. v. Schonacher*, 844 F. Supp. 689, 691 (D. Kan. 1994) (explaining that the "purpose of the rule is to minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial").

Moreover, the allegation is irrelevant to Plaintiffs' claims. It alleges that Clark Realty declined to participate at a Congressional hearing, which is not at issue here. The obvious purpose

of including this paragraph is to confuse the jury and prejudice Defendants by suggesting that Defendants declined the invitation and otherwise, "drew the ire of top committee members." Further, Plaintiffs already agreed to strike that Paragraph and then snuck it back in when they filed the TAC.

Paragraph 696 should be stricken.

## CONCLUSION

For the foregoing reasons and those set forth in Defendants' Motion, Defendants respectfully request that this Court grant their Motion to Dismiss Plaintiffs' VCPA Claim and dismiss the First Claim for Relief. Defendants also respectfully request that this Court grant their Motion to Strike and strike Paragraph 696 from the Third Amended Complaint.

Respectfully submitted,

  */s/ Kathryn E. Bonorchis*
Kathryn E. Bonorchis #80007
Joseph Doukmetzian, #91685
Carly Chick, Admitted *Pro Hac Vice*
LEWIS BRISBOIS BISGAARD & SMITH LLP
100 Light Street, Suite 1300
Baltimore, Maryland, 21202
Telephone: 410-525-6409
Fax: 410-779-3910
Kathryn.Bonorchis@lewisbrisbois.com
Joseph.Doukmetzian@lewisbrisbois.com
Carly.Chick@lewisbrisbois.com
*Attorneys for Defendants*

Richard G. Morgan, Admitted *Pro Hac Vice*
Tina Syring-Petrocchi, Admitted *Pro Hac Vice*
Emily Suhr, Admitted *Pro Hac Vice*
LEWIS BRISBOIS BISGAARD & SMITH LLP
Wells Fargo Center
90 South 7th Street, Suite 2800
Minneapolis, Minnesota 55402
Phone: 612.428.5000
Fax: 612.428.5001
Richard.Morgan@lewisbrisbois.com
Tina.Syring@lewisbrisbois.com
Emily.Suhr@lewisbrisbois.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 19th day of January, 2023, a copy of the foregoing Reply Memorandum in Support of Motion to Dismiss VCPA Claim was served electronically through CM/ECF to counsel for Plaintiffs:

David Hilton Wise, VA Bar No. 30828
Joseph M. Langone, VA Bar No. 43543
WISE LAW FIRM PLC
10640 Page Avenue, Suite 320
Fairfax, Virginia 22030
Phone: 703-934-6377
dwise@wiselaw.pro
jlangone@wiselaw.pro

Joel R. Rhine, NC State Bar No. 16028
Martin A. Ramey, NC State Bar No. 33617
Ruth A. Sheehan, NC State Bar No. 48069
RHINE LAW FIRM, P.C.
1612 Military Cutoff Rd., Suite 300
Wilmington, NC 28403
Phone: 910-772-9960
jrr@rhinelawfirm.com
mjr@rhinelawfirm.com
RAS@rhinelawfirm.com

Mona Lisa Wallace, NC Bar No. 009201
John Hughes, NC State Bar No. 22126
WALLACE AND GRAHAM, PA.
525 N. Main Street
Salisbury, NC 28144
Phone: 704-633-5244
mwallace@wallacegraham.com
jhughes@wallacegraham.com

John A. Yanchunis, FL Bar No. 324681
Kenya Reddy, FL Bar No. 459933
MORGAN & MORGAN LAW FIRM
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Phone: 813-223-5505
JYanchunis@ForThePeople.com
KReddy@ForThePeople.com

                                                      /s/ *Kathryn E. Bonorchis*
                                                      Kathryn E. Bonorchis