## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| Chief Petty Officer JOHN FISCHER and ASHLEY FISCHER, et al. | * * * |
| Plaintiffs | * * |
| v. | * Case No. 1:22-cv-00286 |
| | * |
| FORT BELVOIR RESIDENTIAL COMMUNITIES LLC, et al. | * * * |
| Defendants | * |

### "ATTORNEYS' EYES ONLY" CONFIDENTIALITY AGREEEMENT

The parties hereby enter into this agreement to facilitate the production of certain documents marked "attorneys' eyes only." It is meant to supplement the Protective Order entered by the Court on November 18, 2022.

1. **"Attorneys' Eyes Only" information**

"Attorneys' Eyes Only" means any information of any type, kind, or character that is stamped and designated as "Attorneys' Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

2. **Qualified Persons**

"Qualified Persons" means for Attorneys' Eyes Only information:

    i. retained counsel for the parties in this litigation and their respective staff, as well as in-house counsel (inclusive of any attorneys employed or engaged by any Defendants or their insurance carrier(s));

    ii. actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or

1

    agents of parties or affiliates of parties) who, prior to any disclosure of Attorneys' Eyes Only Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person);

 iii. the court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

 iii. Such other person as the court may designate after notice and an opportunity to be heard.

3. **Designation Criteria**

*For Attorneys Only.* The designation "Attorneys' Eyes Only" shall be reserved only for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party, and which is reasonably believed by the producing party to be subject to a very high degree of confidentiality and whose production would be materially harmful to the producing party. It is envisioned that only select documents shall be designated "Attorneys' Eyes only." The producing party who provides the documents may designate the records as Attorney's Eyes Only.

4. **Use of Confidential Information**

All "Attorneys' Eyes Only" Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose and shall not be disclosed except in accordance with the terms hereof.

5. **Marking of Documents**

Documents provided in this litigation may be designated by the producing person or by any party as "Attorneys' Eyes Only" information by marking each page of the documents so designated with a stamp indicating that the information is "Attorneys' Eyes Only". In lieu of

marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

6. **Disclosure at Depositions**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as "Attorneys' Eyes Only" information by indicating on the record at the deposition that the testimony is Attorneys' Eyes Only and is subject to the provisions of this agreement.

To the extent possible, the court reporter shall mark on the transcripts information designated as "Attorneys' Eyes Only" information.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive "Attorneys' Eyes Only" information pursuant to this agreement, excluding parties, but such right of exclusion shall be applicable only during periods of examination or testimony during which "Attorneys' Eyes Only" information is being used or discussed. Specifically, if, during a deposition, a party intends to inquire about records that have been designated as Attorneys' Eyes Only, or information derived therefrom, the deponent and his/her counsel may designate that portion of the transcript as Attorneys' Eyes Only and exclude from the deposition all persons who are not authorized to receive Attorneys' Eyes Only information.

7. **Disclosure to Qualified Persons**

Information designated as Attorneys' Eyes Only shall be restricted in circulation to Qualified Persons described in paragraph 2.

Copies of information designated Attorneys' Eyes Only shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts, in the

offices of those experts. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing "Attorneys' Eyes Only" information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

8. **Documents Produced for Inspection Prior to Designation**

In the event documents are produced for inspection prior to designation, the documents shall be treated as Attorneys' Eyes Only during inspection. At the time of copying for the receiving parties, "Attorneys' Eyes Only" information shall be marked prominently "Attorneys' Eyes Only" by the producing party.

9. **Consent to Disclosure and Use in Examination**

Nothing in this Order shall prevent disclosure beyond the terms of this Order if each party designating the information as "Attorneys' Eyes Only" information consents to such disclosure or if the Court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this Order prevent any counsel of record from utilizing "Attorneys' Eyes Only" information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the "Attorneys' Eyes Only" information, irrespective of which party produced such information.

10. **Challenging the Designation**

A party shall not be obligated to challenge the propriety of a designation of "Attorneys' Eyes Only" information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as "Attorneys' Eyes Only" information, the parties shall first try to resolve the dispute in good faith on an informal

basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this agreement by objecting in writing to the party who designated the document or information as "Attorneys' Eyes Only" information. The designating party shall then have 14 calendar days to move the Court for an order preserving the designated status of the disputed information. Provided a timely motion is filed, the disputed information shall remain "Attorneys' Eyes Only" information until the court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as "Attorneys' Eyes Only" information.

11. **Manner of Use in Proceedings**

In the event a party wishes to use any "Attorneys' Eyes Only" information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; or (2) work cooperatively with the producing party to file such information under seal in accordance with the Local Rules.

12. **Return of Documents**

Not later than 120 calendar days after conclusion of this litigation and any appeal related to it, any "Attorneys' Eyes Only" information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified above shall be returned to the producing party or destroyed, except as the Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate

verbatim substantial portions of the text of any "Attorneys' Eyes Only" information.

**Stipulated to:**

Dated: February 7, 2023    /s/ David Hilton Wise
David Hilton Wise, VA Bar No. 30828
Joseph M. Langone, VA Bar No. 43543
WISE LAW FIRM PLC
10640 Page Avenue, Suite 320
Fairfax, Virginia 22030
Phone: 703-934-6377
dwise@wiselaw.pro
jlangone@wiselaw.pro
*Counsel for Plaintiffs*

Joel R. Rhine, NC State Bar No. 16028
Martin A. Ramey, NC State Bar No. 33617
Ruth A. Sheehan, NC State Bar No. 48069
RHINE LAW FIRM, P.C.
1612 Military Cutoff Rd., Suite 300
Wilmington, NC 28403
Phone: 910-772-9960
jrr@rhinelawfirm.com
mjr@rhinelawfirm.com
RAS@rhinelawfirm.com
*Counsel for Plaintiffs*

Mona Lisa Wallace, NC State Bar No. 009201
John Hughes, NC State Bar No. 22126
WALLACE AND GRAHAM, PA.
525 N. Main Street
Salisbury, NC 28144
Phone: 704-633-5244
mwallace@wallacegraham.com
jhughes@wallacegraham.com
*Counsel for Plaintiffs*

                                        John A. Yanchunis, FL Bar No. 324681
                                        Kenya Reddy, FL Bar No. 459933
                                        MORGAN & MORGAN LAW FIRM
                                        201 N. Franklin Street, 7th Floor
                                        Tampa, FL 33602
                                        Phone: 813-223-5505
                                        JYanchunis@ForThePeople.com
                                        KReddy@ForThePeople.com
                                        *Counsel for Plaintiffs*

Dated: February 7, 2023                By: /s/ *Kathryn E. Bonorchis*
                                        Kathryn Bonorchis, #80007
                                        Joseph Doukmetzian, #91685
                                        LEWIS BRISBOIS BISGAARD &
                                        SMITH LLP
                                        100 Light Street, Suite 1300
                                        Baltimore, MD 21202
                                        Kathryn.Bonorchis@lewisbrisbois.com
                                        Phone: 410.525.6409
                                        Fax: 410.779.3910
                                        *Attorneys for Defendants*

                                        Richard G. Morgan, *Pro Hac Vice*
                                        Tina Syring-Petrocchi, *Pro Hac Vice*
                                        LEWIS BRISBOIS BISGAARD &
                                        SMITH LLP
                                        Wells Fargo Center
                                        90 South 7th Street, Suite 2800
                                        Minneapolis, Minnesota 55402
                                        Phone: 612.428.5000
                                        Fax: 612.428.5001
                                        *Attorneys for Defendants*

IT IS SO ORDERED.

                                                              /s/ LRV
Dated: February 13, 2023                           Lindsey Robinson Vaala
                                               United States Magistrate Judge