IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| Chief Petty Officer JOHN FISCHER and ASHLEY FISCHER, *et al.* | * * * | |
| *Plaintiffs*, | * * | |
| v. | * * | Case No. 1:22-cv-00286 |
| FORT BELVOIR RESIDENTIAL COMMUNITIES LLC, *et al.* | * * * | |
| *Defendants.* | * | |

**UNOPPOSED JOINT MOTION FOR APPROVAL
OF GLOBAL SETTLEMENT**

COME NOW the Parties, jointly, by and through their respective undersigned counsel, pursuant to the applicable Federal Rules of Civil Procedure and Va. Code. Ann. §§ 8.01-424 and 8.01-606, and hereby request this Court enter an Order approving the global settlement and individual allocations to Plaintiffs' and Non-Party Claimants' minor children as detailed herein, finding that the settlement is fair and equitable and in the best interests of the minors involved, and in support thereof, state as follows:

1. This case involves a landlord-tenant dispute concerning allegations by Plaintiffs regarding their former military family housing located at the U.S. Army Garrison Fort Belvoir in Fairfax County, Virginia. On May 30, 2023, Plaintiffs filed a Motion for Class Certification, which the Court denied on February 16, 2024.

2. On February 20–21, 2024, the parties participated in a mediation with the Hon. Joanne F. Alper (Ret.) of the McCammon Group between 61 families (consisting of 17 Plaintiff families and 44 non-Plaintiff families ("Non-Party Claimants")) and the Defendants. By agreement of the parties, Judge Alper provided a mediator's proposal for the parties'

consideration in an effort to reach an agreement. All parties accepted the mediator's proposal on March 4, 2024, subject to the execution of a formal global settlement agreement to reflect the terms of the global settlement.

3. Plaintiffs, Non-Party Claimants and Defendants signed and executed the long-form Settlement Agreement and Release ("Settlement Agreement") with an effective date of May 21, 2024.

4. The terms of the Settlement Agreement, including the amount of the total settlement sum to be paid to Plaintiffs and Non-Party Claimants by the Defendants (the "Settlement Sum"), are confidential.

5. The settlement that the Parties have reached, subject to this Court's approval of minor settlement payments, involves a release and dismissal of all claims by Plaintiffs and Non-Party Claimants, including minor children, against all Defendants in exchange for the payment of the total settlement amount agreed upon.

6. Part of the final settlement required retired Judge Alper, acting as Settlement Master, to determine the allocation of the settlement amount to each Non-Party Claimant family, including amounts to be paid on behalf of minor children, from the amount of the Net Non-Party Claimants' Settlement Fund that was created as part of the final settlement.

7. Judge Alper has completed her work in this regard. *See* Exhibit A (Declaration of the Hon. Joanne F. Alper, dated June 13, 2024).

8. Due to the nature of the minors' claims, none of the minor children have been allocated an amount exceeding $50,000 each.

9. Pursuant to Va. Code. Ann. § 8.01-606, due to the amount of the settlement allocated to each individual minor, a guardian *ad litem* is not required to be appointed by the Court.

10. The Settlement Agreement is highly confidential and may not be attached as an

exhibit hereto without violating the terms of the Settlement Agreement and waiving confidentiality. The parties will be filing separately a Motion to Seal the Settlement Agreement, Judge Alper's allocation to the Non-Party Claimants' minor children, and the allocation to Plaintiffs' minor children to allow the Court to review the terms of the settlement and allocation of the amounts to be paid to the minor children.

11. The adult Plaintiffs and Non-Party Claimants signed the Settlement Agreement on their behalf and on behalf of their minor children, and have reviewed the allocations made to their minor children from the global settlement amount, finding the allocations to be fair and equitable compensation to resolve the claims and in the best interest of their minor children.

12. Plaintiffs and Non-Party Claimants alleged and pursued claims on behalf of minor children, and court approval of any settlement involving a child is required under Virginia law. The Court must resolve two issues to approve a settlement agreement concerning a minor's claim: (1) whether the appointment of a guardian *ad litem* is necessary to protect the minor's interests; and (2) whether the settlement agreement is in the best interests of the minor. *J.B. v. Berry*, 2019 U.S. Dist. LEXIS 74103 (W.D. Va.); *Thompson v. Gunther*, 2014 Va. Cir. LEXIS 283 (Cir. Ct. Montgomery County).

13. If a settlement amount per minor-claimant is less than $50,000 – as is the situation here – the Court may enter an Order to "pay the fund to some other person who is considered competent to administer it, for the benefit of the person entitled to the fund, without the intervention of a fiduciary, whether the other person resides within or without this Commonwealth." Va. Code Ann. § 8.01-606(A). The Parties jointly request that the Court permit the net settlement amounts allocated to the minor children to be paid to their parent(s) or guardian(s), after payment of attorneys' fees and costs from the global settlement amount.

14. Plaintiffs and Non-Party Claimants have, among other things, considered the

strength of their claims, including the evidence of their claims and the defenses that have been asserted by the Defendants. This includes, among other things, the extensive Affirmative Defenses asserted by the Defendants during the course of this litigation, the Court's denial without prejudice of the Motion for Class Certification, and the Court's granting of Defendants' Motion for Summary Judgment based on federal enclave jurisdiction, which resulted in dismissal of Plaintiffs' claims under the Virginia Consumer Protection Act and Virginia Residential Landlord Tenant Act. Defendants contend that these factors and other defenses posed a significant risk to a successful prosecution of the litigation, and Plaintiffs' ability to obtain any recovery or judgment in this case. While Plaintiffs recognize that there are risks with any litigation, Plaintiffs agree that the terms of settlement for all Plaintiffs and Non-Party Plaintiffs, including the minor children, is fair and reasonable under the circumstances and posture of the case. For such reasons, courts widely recognize that settlements are "highly favored in the law" because "they are a means of amicably resolving doubts and uncertainties and preventing lawsuits." *In re Equifax Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1257 (11th Cir. 2021) (*quoting In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1105 (5th Cir. 1977)).

15.   As noted above, and after consultation with counsel, Plaintiffs and Non-Party Claimants believe the settlement and related allocations reflect a fair and equitable resolution and are in the best interests of their minor children covered by the settlement.

**WHEREFORE**, Plaintiffs and Non-Party Claimants, individually and on behalf of their minor children, hereby request this Court determine that the minor allocations are just and the settlement agreement is fair and thus approved, and that they be authorized and directed to settle the claims with Defendants on behalf of their minor children, as set forth above, and be further directed to execute all papers necessary to complete the compromise of settlement and to accept the proceeds of the compromise.

Dated: June 25, 2024

/s/ *Kathryn E. Bonorchis*
Kathryn E. Bonorchis #80007
LEWIS, BRISBOIS, BISGAARD & SMITH
100 Light Street, Suite 1300
Baltimore, Maryland, 21202
Telephone: 410-525-6409
Fax: 410-779-3910
Kathryn.Bonorchis@lewisbrisbois.com
*Counsel for Defendants*

Respectfully submitted,

/s/ David Hilton Wise
David Hilton Wise, VA Bar No. 30828
William N. Evans, VA Bar No. 87506
WISE LAW FIRM PLC
10640 Page Avenue, Suite 320
Fairfax, Virginia 22030
Phone: 703-934-6377
dwise@wiselaw.pro
wevans@wiselaw.pro


Joel R. Rhine, NC State Bar No. 16028
Ruth A. Sheehan, NC State Bar No. 48069
RHINE LAW FIRM, P.C.
1612 Military Cutoff Rd., Suite 300
Wilmington, NC 28403
Phone: 910-772-9960
jrr@rhinelawfirm.com
RAS@rhinelawfirm.com

Mona Lisa Wallace, NC State Bar No. 009201
John Hughes, NC State Bar No. 22126
WALLACE AND GRAHAM, PA.
525 N. Main Street
Salisbury, NC 28144
Phone: 704-633-5244
mwallace@wallacegraham.com
jhughes@wallacegraham.com

John A. Yanchunis, FL Bar No. 324681
Kenya Reddy, FL Bar No. 459933
MORGAN & MORGAN LAW FIRM
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Phone: 813-223-5505
JYanchunis@ForThePeople.com
KReddy@ForThePeople.com
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 25th day of June, 2024, I electronically filed the foregoing documents using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

                                  /s/ *Kathryn E. Bonorchis*
                                  Kathryn E. Bonorchis